# EXHIBIT 8



Fred Norton
fnorton@nortonlaw.com
510-906-4901

October 4, 2024

**VIA E-MAIL:** steven.wilker@tonkon.com

Steven M. Wilker
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, Oregon 97204
Ph: 503.802.2040

　　*Re:  Holbrook Holdings*

Mr. Wilker,

　　I write in response to your letter of September 27, 2024.

　　As you know, there has been ample discussion on X (formerly Twitter) about potentially fraudulent transactions involving B. Riley since at least November 2023, when SEC and DOJ charging documents revealed that B. Riley was doing significant business with Bian Kahn, an unindicted co-conspirator in a massive Ponzi scheme.  Your client injected itself into that conversation in December 2023, coming to B. Riley's defense and criticizing B. Riley's skeptics, Mr. Cohodes among them.  Given Holbrook's concentrated position in B. Riley and its related securities, your client's defense of B. Riley was unsurprising.

　　Suffice it to say, the news has only gotten worse for B. Riley (and Holbrook's investors) over the last ten months.  B. Riley could not even report its second quarter financial results, instead filing an NT 10-Q announcing a massive write down of Kahn-affiliated assets of up to $370 million.  The write down was no surprise to anyone paying attention.

　　As it has become increasingly obvious that investing in B. Riley and its related securities is (charitably) a bad idea, users on X have asked why a mutual fund like Holbrook would make such bad investments.  There are at least three competing opinions: Holbrook is (1) stupid, (2) incompetent, or (3) corrupt.

　　Mr. Cohodes settled on option three.  A glance at the broader online discussion of B. Riley quickly confirms that the basis for Mr. Cohodes's opinion is no secret.  A year's worth of damning revelations about B. Riley's financial health.  Holbrook's concentrated position in B. Riley—including holding 35% of B. Riley's outstanding baby bonds.  The discrepancy between what Holbrook says in its SEC filings about its B. Riley holdings and what basic research shows Holbrook actually holds.  Mr. Cohodes did the math, and it did not add up to stupidity or incompetence.

October 4, 2024
Page 2

    With this context, it should be evident that none of the tweets you identify is defamatory. Mr. Cohodes expressed his opinions as to why Holbrook would invest in and defend B. Riley and through his posts, individually and in aggregate, provided the basis for his thesis. But we can examine the tweets one by one:



That Holbrook is "tied at the HIP" to B. Riley is a statement of opinion, expressed in colloquial terms. The factual basis for the opinion—Holbrook's concentrated position in B. Riley and its related securities—is disclosed. When an investor and a company have aligned their interests as significantly as Holbrook and B. Riley have—so much so that Holbrook felt compelled to start Twitter fights with B. Riley critics to defend the failing company—it is entirely defensible to say they are "tied at the hip."



That Holbrook is an "idiot" attracted to a "fraud" like B. Riley is a statement of opinion. Your letter suggests that the tweet accused your clients of committing fraud, but that is clearly not

what Mr. Cohodes said.  B. Riley is the fraud and Holbrook is the "idiot" attracted to the fraud.  The basis for Mr. Cohodes's opinion that B. Riley is a fraud has been amply disclosed online and in the financial media.  It is hardly a logical leap to conclude that heavy investment in a company obviously tainted by fraud makes the investor an "idiot."  Mr. Cohodes's opinion that Holbrook was an "idiot" is not defamatory and in any event is now outdated.  Mr. Cohodes no longer opines that Holbrook's position is idiotic; he opines that the position must be corrupt.



In response to others' speculation as to "why Holbrook would do this," Mr. Cohodes "bet" that Holbrook was corrupt—an explicit statement of opinion.  As discussed above, the basis for this opinion has been disclosed.  B. Riley's assets are tainted by fraud (and now even B. Riley admits significant impairment); Holbrook is concentrated in B. Riley (including holding 35% of Riley's outstanding baby bonds); and Holbrook has misrepresented the size of its B. Riley position in SEC filings.  Mr. Cohodes is of the opinion that if it looks like a duck, swims like a duck, and quacks like a duck, then it probably is a duck.



Again, Mr. Cohodes opines that Holbrook's large concentration in B. Riley is suspicious, and the basis for that suspicion is fully disclosed. See above discussion about the duck. Moreover, your response appears to be that Holbrook's prospectus allows it to hold non-investment grade securities, not that Mr. Cohodes was incorrect in pointing out that B. Riley was doing so—and doing so heavily.



Again, Mr. Cohodes opines (much like "I bet …," "I am sure …" is a classic expression of an opinion) that Holbrook is corrupt; the basis for the opinion is disclosed in Mr. Cohodes's tweets. The "Lord Weary" tweet provides helpful context for the broader discussion of Holbrook's investment decisions, including the process of elimination in assessing Holbrook's investment thesis—stupidity, incompetence, or corruption.



Again, the tweet reflects Mr. Cohodes's opinion that Holbrook's concentration in B Riley and its related securities indicates the corruption of its leadership, not its incompetence or stupidity. The basis for the opinion is fully disclosed in Mr. Cohodes's tweets.



Here, Mr. Cohodes reposted another user's tweet that engaged with the debate of whether Holbrook is corrupt, incompetent, or stupid. Sheida Rasooli offers another possibility: lazy.

    To reiterate, Mr. Cohodes has formed the opinion, based on the evidence available to him and shared with others on Twitter, that Holbrook's investment in B. Riley reflects neither stupidity nor incompetence: it reflects malfeasance. In response, you make self-serving denials on behalf of Holbrook (narrowly tailored), state Holbrook is "transparent about its rationale in investing in B. Riley bonds" (rationale forthcoming), and note that Holbrook discloses to

investors that it may invest in non-investment grade securities (a non sequitur at best). Nowhere do you suggest that the concentrated investment in B. Riley, and Holbrook's vigorous defense of that position, was anything other than a terrible decision for Holbrook's investors. In other words, Holbrook's defense is that its lousy investment decision was not corrupt, as it appears, but merely stupid or incompetent.

Mr. Cohodes is open to learning more about Holbrook's investment strategy, and if you provide evidence to back up your assertions, he is open to changing his mind. Until then, he stands behind his expressed opinions.

Very truly yours,

Fred Norton
THE NORTON LAW FIRM, P.C.