Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| HOLBROOK HOLDINGS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARC COHODES,<br><br>　　　　　　Defendant. | Civil Action No. CV-24-175-BU-JTJ<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY OPPOSING DEFENDANT'S MOTION TO STRIKE/ANTI-SLAPP MOTION PURSUANT TO O.C.G.A. § 9-11-11.1** |

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................. iii

**INTRODUCTION** ..................................................................................................1

**BACKGROUND** ....................................................................................................1

**ARGUMENT** ..........................................................................................................4

**CONCLUSION**.......................................................................................................5

**CERTIFICATE OF SERVICE** ..............................................................................7

**CERTIFICATE OF COMPLIANCE** .....................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Alliance for the Wild Rockies v. Austin*,
   55 F. Supp. 3d 1294 (D. Mont. 2014) .................................................................4

*Glass v. AsicNorth, Inc.*,
   848 Fed. App'x 255 (9th Cir. 2021) ....................................................................4

*Montana Fair Hous., Inc. v. City of Bozeman*,
   854 F. Supp. 2d 832 (D. Mont. 2012) .................................................................4

*Rose-Diaz v. Butler*,
   No. CV-13-77-BU-DLC-CSO, 2014 WL 12591836 (D. Mont. July 25, 2014) ....4

*Rios-Diaz v. Butler*,
   No. CV-13-77-BU-DLC-CSO, 2014 WL 12591682 (D. Mont. Apr. 1, 2014) ....4

*Spencer v. Sharp*,
   487 Fed. App'x 424 (9th Cir. 2012) ....................................................................5

**Statutes**

O.C.G.A. § 9-11-11.1................................................................................................2

## INTRODUCTION

Plaintiff Holbrook Holdings brought this action against Defendant Marc Cohodes to hold Cohodes responsible for a defamatory smear campaign he waged against Holbrook. Cohodes then filed a "special motion to strike," purportedly under Georgia's anti-SLAPP statute, seeking dismissal of Holbrook's defamation claims. Cohodes's primary argument was that statements at issue constitute nonactionable opinion and thus are entirely incapable of being proven true or false. After Holbrook filed its opposition, Cohodes filed a reply in support of his motion in which he argued, for the first time, that even if that statements are capable of conveying defamatory facts—and thus not protected opinion—Holbrook has not presented evidence that they are false. Because Holbrook has not had a fair opportunity to respond to this newly raised argument, Holbrook seeks leave to file the short surreply attached hereto as Exhibit A. Cohodes has consented to this motion.

## BACKGROUND

Holbrook filed the instant defamation action against Defendant Marc Cohodes after Cohodes published a series of statements on Twitter (now "X") repeatedly leveling the false and wholly fabricated allegation that Holbrook and its principals were engaged in securities fraud and an unlawful "kickback" scheme with an investment bank called B. Riley. (Compl. ¶¶ 5-11 [Dkt. 1].) On February 25, 2025, Cohodes filed a "Special Motion to Strike/Anti-Slapp Motion Pursuant to O.C.G.A.

1

§ 9-11-11.1" [Dkt. 18] (hereinafter, "Motion to Strike"). In his accompanying Brief in Support of Special Motion to Strike/Anti-SLAPP Motion Pursuant to O.C.G.A. § 9-11-11.1 (Feb. 25, 2025) [Dkt. 19] (hereinafter, "Brief" or "Br."), Cohodes argued that Georgia's anti-SLAPP statute should apply to Holbrook's claims, and that the Court should strike Holbrook's claims pursuant to Georgia's anti-SLAPP statute. (Br. at 4-10.)

Cohodes's Brief then identified just three bases for striking Holbrook's claims. Cohodes primarily argued that Holbrook's claims are deficient, and subject to being stricken, because "the speech which Holbrook basis [sic] its claims for libel per se upon were opinions rendered by Cohodes." (*Id*. at 15.) Additionally, in intermingled, drive-by arguments that amounted to no more than three total sentences, Cohodes also suggested that the statements at issue are not about (or "of and concerning") Holbrook, and that "Holbrook has no evidence that Cohodes acted with actual malice." (Br. at 16, 17.) Because Cohodes primarily based his argument on the premise that the statements at issue are nonactionable opinions—which, by definition, are non-factual statements incapable of being proven true or false—he never remotely contended that the statements are in fact true or that Holbrook would be incapable of proving that they are false. (*See generally* Br.)

Holbrook's Opposition to Defendant's Motion to Strike/Anti-SLAPP Motion Pursuant to O.C.G.A. § 9-11-11.1 (Mar. 21, 2025) [Dkt. 28] (hereinafter,

2

"Opposition" or "Opp'n") addressed all the arguments that Cohodes actually raised in his Brief. Holbrook first argued that Cohodes's choice-of-law analysis is misguided, and that Georgia's anti-SLAPP law does not apply to this action. (Opp'n at 6-15). Holbrook then argued that, regardless of whether the anti-SLAPP law applies, Holbrook's Complaint is not subject to being stricken because (1) the statements at issue are plainly of and concerning Holbrook (Opp'n at 16-22); (2) the statements at issue are not nonactionable statements of opinion (Opp'n at 22-29); and (3) Holbrook has ample evidence of actual malice, which in any event is not a basis for granting a motion to strike under Georgia's anti-SLAPP law unless and until a court has first allowed discovery on that issue (Opp'n at 29-32).

Cohodes's Reply Brief in Support of Special Motion to Strike/Anti-SLAPP Motion Pursuant to O.C.G.A. § 9-11-11.1 (Apr. 21, 2025) (Dkt. 37) ("Reply") responded to Holbrook's Opposition to the arguments raised in Cohodes's Motion to Strike. Additionally, however, in Cohodes asserted in his Reply Brief that "Holbrook has not even contended in its Opposition that the statements made by Cohodes that are at issue in this litigation are false – only that they *could* be proven false," and that "Holbrook offers no evidence that Cohodes' statements are false." (Reply at 9, 15 (emphasis in original).) This despite the fact that Cohodes's Brief never contended that the statements at issue are true or that Holbrook could not show they are false, and so Holbrook never addressed the issue in its Opposition.

3

## ARGUMENT

Holbrook should be granted leave to file the attached proposed surreply in order to respond to the falsity argument that Cohodes raised for the first time in his Reply. Where, as here, a party raises a legal issue for the first time in a reply brief, the argument is generally deemed waived, and the Court need not even consider it. *See, e.g.*, *Alliance for the Wild Rockies v. Austin*, 55 F. Supp. 3d 1294, 1318 (D. Mont. 2014) ("Legal issues raised for the first time in reply briefs are waived."); *Rios-Diaz v. Butler*, No. CV-13-77-BU-DLC-CSO, 2014 WL 12591682, at *7 (D. Mont. Apr. 1, 2014) (collecting cases and noting, "[c]ourts decline to consider arguments that are raised for the first time in reply"), *report and recommendation adopted*, No. CV-13-77-BU-DLC-CSO, 2014 WL 12591836 (D. Mont. July 25, 2014); *Montana Fair Hous., Inc. v. City of Bozeman*, 854 F. Supp. 2d 832, 846 (D. Mont. 2012) ("Because Bozeman has not had an opportunity to respond [to] this specific argument, raised for the first time on reply, the Court declines to address it here.").

At a minimum, however, fairness dictates that if the Court is going to consider Cohodes's belatedly raised falsity argument, Holbrook should be given an opportunity to respond to it. *See, e.g., Glass v. AsicNorth, Inc.*, 848 Fed. App'x 255, 257 (9th Cir. 2021) (district court was within its discretion to consider an argument raised for the first time on reply where the court granted the nonmoving party leave

to file a surreply); *Spencer v. Sharp*, 487 Fed. App'x 424, 425 (9th Cir. 2012) (same). Here, whether the Court declines to consider Cohodes's new argument or grants Holbrook an opportunity to respond to it, the end result will be the same for the purposes of evaluating Cohodes's Motion to Strike. As demonstrated conclusively by evidence accompanying Holbrook's Opposition, and by the declaration of Holbrook's Founder, CEO, and Portfolio Manager attached to Holbrook's proposed surreply, Cohodes's defamatory statements accusing Holbrook of conspiring to engage in securities fraud and of engaging in a fraudulent kickback scheme are completely false and indeed were fabricated out of whole cloth.

## **CONCLUSION**

The Court should grant Holbrook leave to file the proposed surreply attached hereto as Exhibit A.


Dated: April 28, 2025

                                          */s/ Matthew J. Kelly*
Matthew J. Kelly
TARLOW STONECIPHER WEAMER
& KELLY, PLLC
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)

5

                                                  MEIER WATKINS PHILLIPS PUSCH LLP
                                                  919 18th Street NW, Suite 650
                                                  Washington, DC 20006
                                                  (202) 318-3655
                                                  andy.phillips@mwpp.com
                                                  mark.thomson@mwpp.com
                                                  shannon.timmann@mwpp.com
                                                  hannah.menchel@mwpp.com

                                                  *Counsel for Plaintiff Holbrook Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Matthew J. Kelly*
Matthew J. Kelly

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), I certify that the foregoing document was prepared using Times New Roman 14-point typeface, contains 1,074 words, which is under the 3,250 word page maximum count pursuant to Local Rule 7.1(d)(2)(E). This certificate was prepared in reliance on the word-count function of Microsoft Word.

>                                  */s/ Matthew J. Kelly*
>                                  Matthew J. Kelly