Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARC COHODES, <br><br> Defendant. | Civil Action No. CV-24-175-BU-JTJ <br><br> **SURREPLY OPPOSING DEFENDANT'S MOTION TO STRIKE/ANTI-SLAPP MOTION PURSUANT TO O.C.G.A. § 9-11-11.1** |

1

In his brief in support of his special motion to strike, Defendant Marc Cohodes argued that his defamatory allegations about Plaintiff Holbrook Holdings were nonactionable opinions, rather than verifiable factual assertions. (Def.'s Br. in Supp. of Special Mot. to Strike [Dkt. 19] at 16.) In his Reply brief, however, for the first time, Cohodes argues that his defamatory allegations may have been true—or at least that there is nothing in the record indicating they are false. (Def.'s Reply Br. in Supp. of Special Mot. to Strike [Dkt. 37] at 9, 15.) By failing to press that argument about falsity in his opening brief, Cohodes forfeited it. *Alliance for the Wild Rockies v. Austin*, 55 F. Supp. 3d 1294, 1318 (D. Mont. 2014). Regardless, there is no serious question that the allegations underlying this litigation are false.

Holbrook's Opposition to Cohodes's Motion offered ample evidence of falsity. Most notably, it included a letter Holbrook sent Cohodes flatly denying Cohodes's allegations and explaining why each of them was false. (Decl. of A. Phillips, Ex. 7 [Dkt. 29-7].) The Opposition itself highlighted a number of points made in the letter. For example, it pointed out that Cohodes's allegation of a kickback scheme—involving Holbrook and the investment bank B. Riley—was demonstrably false because, as Cohodes knows, "Holbrook has no selling agreement with B. Riley that would allow B. Riley's financial advisors to recommend or sell Holbrook's funds to B. Riley's clients." (Pl.'s Opp'n to Def.'s Mot. to Strike [Dkt. 28] at 31.)

If Cohodes wants still more evidence of falsity, however, the attached Declaration of Scott Carmack, Holbrook's founder and CEO, supplies it. (*See* Ex. 1) In the declaration, Carmack expressly and emphatically denies each of the allegations underlying this litigation. That evidence, based on Carmack's personal knowledge of Holbrook's operations, is independently sufficient to meet Cohodes's falsity arguments, especially at this early stage of proceedings. *E.g.*, *J.K. Harris & Co., LLC v. Kassel*, 253 F. Supp. 2d 1120, 1129 n.7 (N.D. Cal. 2003) (declaration was independently sufficient to create a fact issue on falsity).

Cohodes's belated argument about falsity provides no basis for granting his anti-SLAPP Motion [Dkt. 18]. The Court should deny the motion and require Cohodes to file an answer within 21 days.

Dated: May 2, 2025

/s/ *Matthew J. Kelly*
Matthew J. Kelly
TARLOW STONECIPHER WEAMER
& KELLY, PLLC
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650

Washington, DC 20006
(202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

*Counsel for Plaintiff Holbrook Holdings, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

*/s/ Matthew J. Kelly*
Matthew J. Kelly

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that the foregoing document was prepared using Times New Roman 14-point typeface, contains 375 words, which is under the 6,500 word page maximum count pursuant to Local Rule 7.1(d)(2)(E). This certificate was prepared in reliance on the word-count function of Microsoft Word.

*/s/ Matthew J. Kelly*
Matthew J. Kelly
