Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406)259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| HOLBROOK HOLDINGS, INC. | CAUSE NO.: CV-24-175-BU-JTJ |
| Plaintiff, | Judge John Johnston |
| v. | **DEFENDANT MARC COHODES' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF SPECIAL MOTION TO STRIKE/ANTI-SLAPP MOTION PURSUANT TO O.C.G.A., § 9-11-11.1** |
| MARC COHODES, | |
| Defendant. | |

Defendant Marc Cohodes ("Cohodes"), by and through his counsel of record, pursuant to Local Rule 7.4, hereby submits this Notice of Supplemental Authority.

On May 1, 2025, Montana Governor Greg Gianforte signed into effect House Bill 292, which may be cited as the Uniform Public Expression Protection Act.

Montana's new Uniform Public Expression Protection Act was not cited by either party in the briefing on Defendant's Special Motion to Strike/Anti-SLAPP

1

motion as it was not signed into effect until May 1, 2025, after the briefing on the Motion was completed. Neither party suggests to this Court that the Act is retroactive; Defendant simply provides notice to this Court of its existence as it may be relevant to the following pages of the parties' briefs:

- Plaintiff's Opposition to Special Motion to Strike, page 10;
- Defendant's Reply Brief in Support of Special Motion to Strike, page 5

A copy of the Uniform Public Expression Act is attached as Exhibit 1 for this Court's convenience.

DATED this 14th day of May, 2025.

STACEY & FUNYAK

By: /s/Morgan M. Sorena
Morgan M. Sorena
Calvin J. Stacey
Stacey & Funyak
100 N. 27th Street, Suite 700
Billings, MT  59101
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

*Counsel for Defendant Marc Cohodes*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2025, a copy of the foregoing *Defendant Marc Cohodes' Notice of Supplemental Authority in Support of Motion to Strike/Anti-SLAPP Motion Pursuant to O.C.G.A. § 9-11-11.1* was served upon the following counsel of record by the following means:

| | |
|---|---|
| 1,2,3 | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |

1. Clerk of Court

2. Matthew J. Kelly
   Tarlow Stonecipher Weamer & Kelly, PLLC
   1705 West College Street
   Bozeman, MT 59715
   mkelly@lawmt.com

3. Andrew C. Phillips (*Pro Hac Vice*)
   Shannon B. Timmann (*Pro Hac Vice*)
   Hannah Menchel (*Pro Hac Vice*)
   MEIER WATKINS PHILLIPS PUSCH LLP
   919 18th Street NW, Suite 650
   Washington, DC 20006
   Email: andy.phillips@mwpp.com
   Email: shannon.timmann@mwpp.com
   Email: hannah.menchel@mwpp.com

By: /s/Morgan M. Sorena



AN ACT ESTABLISHING THE UNIFORM PUBLIC EXPRESSION PROTECTION ACT; PROVIDING PROTECTIONS FOR CERTAIN ACTIONS INVOLVING FREEDOM OF SPEECH AND FREEDOM OF ASSEMBLY; PROVIDING FOR EXPEDITED RELIEF; PROVIDING FOR AN AWARD OF ATTORNEY FEES; PROVIDING DEFINITIONS; AND PROVIDING AN <u>IMMEDIATE</u> <u>EFFECTIVE DATE AND AN</u> APPLICABILITY DATE."

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MONTANA:

**Section 1. Short title.** [Sections 1 through 12] may be cited as the "Uniform Public Expression Protection Act".

**Section 2. Scope -- definitions.** (1) Except as otherwise provided in subsection (2), [sections 1 through 12] apply to a claim for relief asserted in a civil action against a person based on the person's:

(a) communication in a legislative, executive, judicial, administrative, or other governmental proceeding;

(b) communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding; or

(c) exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of the association, guaranteed by the United States constitution or the Montana constitution, on a matter of public concern.

(2) [Sections 1 through 12] do not apply to a claim for relief asserted:

(a) against a governmental unit or an employee or agent of a governmental unit acting or purporting to act in an official capacity;

(b) by a governmental unit or an employee or agent of a governmental unit acting in an official




- 1 -

*Authorized Print Version* – HB 292

**ENROLLED BILL**

capacity to enforce a law to protect against an imminent threat to public health or safety; or

(c) against a person primarily engaged in the business of selling or leasing goods or services if the claim for relief arises out of a communication related to the person's sale or lease of the goods or services.

(3) As used in this section, the following definitions apply:

(a) "Goods or services" does not include the creation, dissemination, exhibition, or advertisement or similar promotion of a dramatic, literary, musical, political, journalistic, or artistic work.

(b) "Governmental unit" means a public corporation or government or governmental subdivision, agency, or instrumentality.

(c) "Person" means an individual, estate, trust, partnership, business or nonprofit entity, governmental unit, or other legal entity.

**Section 3.  Special motion for expedited relief.** Not later than 60 days after a party is served with a complaint, crossclaim, counterclaim, third-party complaint, or other pleading that asserts a civil action to which [sections 1 through 12] applies, or at a later time on a showing of good cause, the party may file a special motion for expedited relief to dismiss the civil action or part of the civil action.

**Section 4.  Stay.** (1) Except as otherwise provided in subsections (4) through ~~(7)~~ (8), on the filing of a motion under [section 3]:

(a) all other proceedings between the moving party and responding party, including discovery and a pending hearing or motion, are stayed; and

(b) on motion by the moving party, the court may stay a hearing or motion involving another party, or discovery by another party, if the hearing or ruling on the motion would adjudicate, or the discovery would relate to, an issue material to the motion under [section 3].

(2) A stay under subsection (1) remains in effect until entry of an order ruling on the motion under [section 3] and expiration of the time under [section 9] for the moving party to appeal the order.

(3) Except as otherwise provided in subsections (5) through (7), if a party appeals from an order ruling on a motion under [section 3], all proceedings between all parties in the action are stayed. The stay remains in effect until the conclusion of the appeal.



(4)     During a stay under subsection (1), the court may allow limited discovery if a party shows that specific information is necessary to establish whether a party has satisfied or failed to satisfy a burden under [section 7(1)] and the information is not reasonably available unless discovery is allowed.

(5)     A motion under [section 10] for costs, attorney fees, and expenses is not subject to a stay under this section.

(6)     A stay under this section does not affect a party's ability voluntarily to dismiss a civil action or part of a civil action or move to sever a civil action.

(7)     During a stay under this section, the court for good cause may hear and rule on:

(a)     a motion unrelated to the motion under [section 3]; and

(b)     a motion seeking a special or preliminary injunction to protect against an imminent threat to public health or safety.

(8)     The stay provided for in this section does not apply to actions for a temporary or permanent order of protection as set forth in Title 40, chapter 15.


Section 5.   Hearing. (1) The court shall hear a motion under [section 3] not later than 60 days after filing of the motion unless the court orders a later hearing:

(a)     to allow discovery under [section 4(4)]; or

(b)     for other good cause.

(2)     If the court orders a later hearing under subsection (1)(a), the court shall hear the motion under [section 3] not later than 60 days after the court order allowing the discovery, unless the court orders a later hearing under subsection (1)(b).


Section 6.   Proof. In ruling on a motion under [section 3], the court shall consider the pleadings, the motion, any reply or response to the motion, and any evidence that could be considered in ruling on a motion for summary judgment under Rule 56 of the Montana Rules of Civil Procedure.


Section 7.   Dismissal of cause of action in whole or in part. (1) In ruling on a motion under [section 3], the court shall dismiss with prejudice a civil action, or part of a civil action, if:



 (a) the moving party establishes under [section 2(1)] that the act applies;

 (b) the responding party fails to establish under [section 2(2)] that [sections 1 through 12] do not apply; and

 (c) either:

 (i) the responding party fails to establish a prima facie case as to each essential element of the civil action; or

 (ii) the moving party establishes that:

 (A) the responding party failed to state a claim upon which relief can be granted; or

 (B) there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the civil action or part of the civil action.

 (2) A voluntary dismissal without prejudice of a responding party's civil action, or part of a civil action, that is the subject of a motion under [section 3] does not affect a moving party's right to obtain a ruling on the motion and seek costs, attorney fees, and expenses under [section 10].

 (3) A voluntary dismissal with prejudice of a responding party's cause of action, or part of a cause of action, that is the subject of a motion under [section 3] establishes for the purpose of [section 10] that the moving party prevailed on the motion.

**Section 8. Ruling.** The court shall rule on a motion under [section 3] not later than 60 days after a hearing under [section 5].

**Section 9. Appeal.** A moving party may appeal as a matter of right from an order denying, in whole or in part, a motion under [section 3]. The appeal must be filed not later than 30 days after entry of the order in a civil action between private parties, and not later than 60 days after entry of the order in a civil action to which the United States or the state of Montana or a political subdivision is a party.

**Section 10. Costs, attorney fees, and expenses.** On a motion under [section 3], the court shall award court costs, reasonable attorney fees, and reasonable litigation expenses related to the motion:

 (1) to the moving party if the moving party prevails on the motion; or



  (2) to the responding party if the responding party prevails on the motion and the court finds that the motion was frivolous or filed solely with intent to delay the proceeding.

  **Section 11. Construction.** [Sections 1 through 12] must be broadly construed and applied to protect the exercise of the right of freedom of speech and of the press, the right to assemble and petition, and the right of association guaranteed by the United States constitution or the Montana constitution.

  **Section 12. Uniformity of application and construction.** In applying and construing this uniform act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it.

  **Section 13. Codification instruction.** [Sections 1 through 12] are intended to be codified as an integral part of Title 27, and the provisions of Title 27 apply to [sections 1 through 12].

  **Section 14. Saving clause.** [This act] does not affect a cause of action asserted before [the effective date of this act] in a civil action.

  **Section 15. Severability.** If a part of [this act] is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of [this act] is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications.

  **Section 16. Effective date.** [This act] is effective on passage and approval.

  **Section 17. Applicability.** [This act] applies to a civil action filed or cause of action asserted in a civil action on or after [the effective date of this act].

- END -



I hereby certify that the within bill,

HB 292, originated in the House.

_____

Chief Clerk of the House

_____

Speaker of the House

Signed this _____day

of_____, 2025.

_____

President of the Senate

Signed this _____day
of_____, 2025.

HOUSE BILL NO. 292

INTRODUCED BY T. MILLETT, J. REAVIS

AN ACT ESTABLISHING THE UNIFORM PUBLIC EXPRESSION PROTECTION ACT; PROVIDING PROTECTIONS FOR CERTAIN ACTIONS INVOLVING FREEDOM OF SPEECH AND FREEDOM OF ASSEMBLY; PROVIDING FOR EXPEDITED RELIEF; PROVIDING FOR AN AWARD OF ATTORNEY FEES; PROVIDING DEFINITIONS; AND PROVIDING AN IMMEDIATE EFFECTIVE DATE AND AN APPLICABILITY DATE."