Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406)259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

_____

| | |
|---|---|
| HOLBROOK HOLDINGS, INC. | CAUSE NO.: CV-24-175-BU-JTJ |
| Plaintiff, | Judge John Johnston |
| v. | **DEFENDANT'S ANSWER AND JURY TRIAL DEMAND** |
| MARC COHODES, | |
| Defendant. | |

_____

Defendant Marc Cohodes ("Cohodes"), by and through his counsel of record, for his Answer to Plaintiff's Complaint, admits, denies and alleges as follows subject to the following qualifications:

> The Complaint filed in this matter and many of the allegations found in paragraphs 1-83 do not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and specifically the requirement of plaintiff to state, in short and plain terms, a claim showing an entitlement to relief. As a consequence, the allegations found in many

1

of those paragraphs of the Complaint make it difficult for Cohodes to fully and completely respond to each and every factual and nonfactual allegation and to that extent, Cohodes, by way of his Answer, will attempt in good faith to respond to the extent possible at this time subject to later amendment. Many allegations are nothing more than statements of opinions rather than factual allegations. (e.g. ¶¶1-4).

1. Denies the allegations in paragraph 1.

2. Answering paragraph 2, defendant admits that he is an investor, however, all other allegations found within this paragraph are denied.

3. Answering paragraph 3, admits that defendant is an investor, however, all other allegations found within this paragraph are denied.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Answering paragraph 5, admits the first sentence of the paragraph, however, denies the second sentence of the paragraph.

6. Answering paragraph 6, upon information and belief, admits that plaintiff may hold some P. Riley corporate bonds, however, all other remaining allegations found within this paragraph are denied.

7. Denies the allegations found in paragraph 7.

8. Answering paragraph 8, upon information and belief, admits that plaintiff deleted the tweet, however, all remaining allegations found within this paragraph are denied.

9. Denies the allegations found in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Answering paragraph 15, based solely information and belief, admits that plaintiff is incorporated in Oregon with its principal place of business in Atlanta, Georgia, however, is without sufficient knowledge or information to form a belief as to the remaining allegations and therefore must deny the same.

16. Answering paragraph 16, admits the plaintiff is an investor residing in Manhattan, Montana and all other allegations found within this paragraph are denied or alternatively call for a legal conclusion thus no response is deemed required.

17. Answering paragraph 17, no response is deemed required as a determination of jurisdiction is to be decided by the Court, not the parties.

18. Answering paragraph 18, no response is deemed required as a determination of jurisdiction is to be decided by the Court, not the parties.

19. Answering paragraph 19, admits that venue is proper, however, all remaining allegations are denied as they either call for a legal conclusion or are

denied in respect to the facts alleged.

20. Answering paragraph 20, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

21. Answering paragraph 21, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

22. Answering paragraph 22, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

23. Answering paragraph 23, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

24. Answering paragraph 24, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

25. Answering paragraph 25, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

26. Answering paragraph 26, defendant is without sufficient knowledge or information to form a belief as to the truth of the company and therefore must deny the same.

27. Answering paragraph 27, admits that defendant is an investor, however, all other allegations are denied.

28. Admits the allegations in paragraph 28.

29. Answering paragraph 29, admits the allegations in the first sentence of the paragraph, however, denies the second sentence of the paragraph.

30. Denies the allegations in paragraph 30.

31. Answering paragraph 31, admits that in 2005 a lawsuit was filed Overstock.com, however, all remaining allegations are denied except the last sentence of the paragraph is admitted.

32. Admits the allegations of paragraph 32.

33. Answering paragraph 33, admits that Copper River closed in 2009, however, all remaining allegations within this paragraph are denied.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Admits the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Answering paragraph 41, admits that any and all documents referred to in this paragraph speak for themselves and to the extent that any allegations is contrary to the documents, those allegations are denied.

42. Denies the allegations found in paragraph 42.

43. Answering paragraph 43, admits the first sentence of the paragraph, however, all remaining allegations are denied.

44. Denies the allegations in paragraph 44.

45. Answering paragraph 45, denies the allegations as they are taken out of context.

46. Answering paragraph 46, denies the allegations as they are taken out of context.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 and therefore, must deny the same.

50. Based upon information and belief, admits the allegations found in paragraph 50.

51. Answering paragraph 51, admits the allegations in the first sentence of the paragraph, however, all other allegations are denied.

52. Answering paragraph 52, admits that he investigated matters related to B. Riley, however, all other allegations found within this paragraph are denied.

53. Answering paragraph 53, denies the allegations found in the first sentence of the paragraph and is without sufficient knowledge or information to form a belief as to the remaining allegations and therefore must deny the same subject to amendment as discovery is commenced and completed in this matter.

54. Answering paragraph 54, admits that all tweets speak for themselves, however, all other allegations found within this paragraph are denied.

55. Answering paragraph 55, admits that all tweets speak for themselves, however, all other allegations found within this paragraph are denied.

56. Answering paragraph 56, defendant is without sufficient knowledge or information to form a belief concerning the allegation that the tweet was taken down within 48 hours and therefore must deny the same and in respect to all remaining allegations, they are denied.

57. Denies the allegations found in paragraph 57.

58. Answering paragraph 58, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

59. Answering paragraph 59, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

60. Denies the allegations found in paragraph 60.

61. Answering paragraph 61, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

62. Denies the allegations found in paragraph 62.

63. Denies the allegations found in paragraph 63.

64. Answering paragraph 64, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

68. Answering paragraph 68, the tweet speaks for itself and any allegation

to the contrary is denied and all other allegations found within this paragraph are denied.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70.

71. Answering paragraph 71, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

72. Answering paragraph 72, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

73. Denies the allegations in paragraph 73.

74. Denies the allegations in paragraph 74.

75. Denies the allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Denies the allegations in paragraph 77.

78. Answering paragraph 78, the tweet speaks for itself and any allegation to the contrary is denied and all other allegations found within this paragraph are denied.

79. Denies the allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Denies the allegations in paragraph 83.

84. Answering paragraph 84, defendant realleges and incorporates by this reference each and every answer to each and every paragraph of the Complaint.

85. Answering paragraph 85, the post speaks for itself and any allegation to the contrary is denied.

86. Answering paragraph 86, the post speaks for itself and any allegation to the contrary is denied.

87. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and therefore must deny the same.

88. Answering paragraph 88, the post speaks for itself and any allegation to the contrary is denied.

89. Denies the allegations in paragraph 89.

90. Denies the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.

92. Denies the allegations in paragraph 92.

93. Denies the allegations in paragraph 93.

94. Denies the allegations in paragraph 94.

95. Answering paragraph 95, defendant realleges and incorporates by this reference each and every response to each and every paragraph of the Complaint.

96. Answering paragraph 96, admits that the post speaks for itself and any allegations to the contrary is denied.

97. Answering paragraph 97, admits that the post speaks for itself and any allegation to the contrary is denied.

98. Answering paragraph 98, admits that the post speaks for itself and any allegation to the contrary is denied.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101. Denies the allegations in paragraph 101.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103.

104. Denies the allegations in paragraph 104.

105. Denies the allegations in paragraph 105.

106. Answering paragraph 106, defendant realleges and incorporates by this reference each and every response to each and every paragraph of the Complaint.

107. Answering paragraph 107, admits that the post speaks for itself, however, any allegation to the contrary is denied.

108. Answering paragraph 108, admits that the post speaks for itself, however, any allegation to the contrary is denied.

109. Answering paragraph 109, admits that the post speaks for itself, however, any allegation to the contrary is denied.

110. Denies the allegations in paragraph 110.

111. Denies the allegations found in paragraph 111.

112. Denies the allegations in paragraph 112.

113. Denies the allegations in paragraph 113.

114. Denies the allegations in paragraph 114.

115. Denies the allegations in paragraph 115.

116. Denies the allegations in paragraph 116.

117. Denies the allegations in paragraph 117.

118. Denies the allegations in paragraph 118.

119. As the allegations in paragraph 119 do not demand a response, no response is deemed required, however, defendant denies any and all claims made against him that would allow any relief to be awarded by the jury or the Court.

**FIRST AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because the alleged statements and/or alleged implications are not false.

**SECOND AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because the alleged statements and/or alleged implications do not assert verifiably false facts.

**THIRD AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because to the extent that any statements and/or implications could be interpreted as asserting verifiable facts, those facts are substantially true.

**FOURTH AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, as it does not expose Plaintiff to hatred, contempt, ridicule or obloquy or causes Plaintiff to be shunned or avoided or that has a tendency to injure Plaintiff and Plaintiff's occupation.

**FIFTH AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, as the alleged language although may be considered unpleasant or annoying it does not constitute libel.

**SIXTH AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because some or all of the alleged statements and/or implications are not reasonably susceptible of defamatory meaning.

**SEVENTH AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because Holbrook is a public figure for the purposes of all matters alleged in the Complaint, and Holbrook cannot prove that Cohodes published any statement or implications about Holbrook with actual malice.

**EIGHTH AFFIRMATIVE DEFENSE**

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, as any alleged libelous statements are nothing more than expressions of opinions thus are not actionable.

## NINTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because Holbrook's reputation in the community was not changed by acts or omissions by Cohodes thus he could not be the cause of any damage to Holbrook's reputation.

## TENTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because Holbrook has not suffered any actual damages caused by the statements identified in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because any injuries or damages allegedly suffered by Holbrook were not proximately caused by any acts or omissions of Cohodes.

## TWELFTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because Holbrook's damages, if any, are vague, uncertain, and speculative.

## THIRTEENTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff is not entitled to punitive damages from Cohodes because Cohodes's alleged conduct does not rise to the requisite level of culpability to justify an award of such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, Plaintiff's Complaint fails, in whole or in part, because Cohodes's conduct was legally justified and/or privileged and cannot give rise to any liability on his part.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of its Complaint and same be dismissed with prejudice and for such other relief as the Court deems proper under the circumstances.

**DATED** this 30th day of December, 2025.

                                        STACEY & FUNYAK

                                        By:   /s/Calvin J. Stacey
                                                    Calvin J. Stacey
                                                      *Counsel for Defendant Marc Cohodes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2025, a copy of the foregoing ***Defendant's Answer and Jury Trial Demand*** was served upon the following counsel of record by the following means:

<u>  1,2,3  </u>    CM/ECF
<u>          </u>    Hand Delivery
<u>          </u>    U.S. Mail

1.  Clerk of Court

2.  Matthew J. Kelly
    Tarlow Stonecipher Weamer & Kelly, PLLC
    1705 West College Street
    Bozeman, MT   59715
    mkelly@lawmt.com

3.  Andrew C. Phillips (*Pro Hac Vice*)
    Shannon B. Timmann (*Pro Hac Vice*)
    Hannah Menchel (*Pro Hac Vice*)
    MEIER WATKINS PHILLIPS PUSCH LLP
    919 18th Street NW, Suite 650
    Washington, DC 20006
    Email: andy.phillips@mwpp.com
    Email: shannon.timmann@mwpp.com
    Email: hannah.menchel@mwpp.com

By:  <u>/s/Calvin J. Stacey    </u>