Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| HOLBROOK HOLDINGS, INC. ) | Case No.: . 2:24-cv-00175-DLC |
| ) | |
| Plaintiff, ) | Judge Dana L. Christensen |
| ) | |
| v. ) | **DEFENDANT'S PRELIMINARY** |
| ) | **PRETRIAL STATEMENT** |
| MARC COHODES, ) | |
| ) | |
| Defendant. ) | |

Defendant Marc Cohodes ("Cohodes"), by and through his counsel of record, and pursuant to the Court's Order (Doc. 45) and L. R. 16.2(1), hereby respectfully submits his Preliminary Pretrial Statement.

## 1.    BRIEF FACTUAL OUTLINE OF THE CASE

Plaintiff Holbrook Holdings, Inc. ("Holbrook"), by way of its "Complaint" (Doc. 1) alleges that Cohodes defamed it through X posts dated December 17, 2023,

February 29, 2024 and August 13, 2024. Holbrook contends that the X posts constitute libel *per se*. Each X post referred to in Holbrook's Complaint are found in Holbrook's 1st, 2nd and 3rd Claims for relief. Holbrook contends that the X posts are not only false and defamatory but have caused Holbrook harm including injury to its reputation and economic damages in amounts to be determined at the time of trial but at least $5 million in reputational harm, loss of revenue in the amount of nearly $5 million and at least $4 million in damages to Holbrook's enterprise value. (Doc. 1; ¶¶80-82).

Cohodes denies each and every allegation made by Holbrook and has raised a number of affirmative defenses including but not limited to the contention that any and all X posts are not defamatory, are true and not false and at a minimum, Holbrook cannot establish damages as alleged by way of its Complaint.

## 2.   BASIS FOR FEDERAL JURISDICTION AND VENUE

Holbrook's Complaint alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 excluding interest. (Doc. 1; ¶17). Holbrook further contends that this Court has personal jurisdiction over Cohodes because he is a citizen of the State of Montana and resides in Bozeman, Montana. (Doc 1; ¶18). Holbrook contends that venue is proper in the Butte Division of the United States District Court for the District of

Montana because Cohodes resides in that District and is subject to personal jurisdiction.

Cohodes resides in Manhattan, not Bozeman, Montana and may dispute the allegation that a substantial part of the events or omissions giving rise to Holbrook's claims occurred in this District.   Venue is proper however the remaining allegations of Holbrook are denied. (Doc. 46; ¶19).

## 3.    FACTUAL AND LEGAL BASIS UNDERLYING EACH DEFENSE

Cohodes, by way of his Answer, has raised a number of affirmative defenses, all of which have been raised "subject to amendment and in order not to waive" them.   As the case progresses forward through discovery as well as the filing of any and all pretrial motions by the parties, any affirmative defense that is not applicable will be withdrawn and not included in the Final Pretrial Order submitted to the Court prior to trial. Also, to the extent that any affirmative defenses may be determined to be redundant, Cohodes will dismiss those which are fully and completely covered through other affirmative defenses. With that understanding, the following provides both the factual and legal basis for each affirmative defense:

### A.    FIRST AFFIRMATIVE DEFENSE

Cohodes' First Affirmative Defense alleges that Holbrook's Complaint fails, in whole or in part, because the alleged statements and/or alleged implications from the statements are not false.

3

Cohodes contends that any alleged statements and/or alleged implications are not false thus Holbrook fails in proving on a more likely than not basis and as a matter of law the elements of libel found at §27-1-802, MCA.

### B.    SECOND AFFIRMATIVE DEFENSE

Cohodes has alleged that Holbrook's Complaint fails in whole or in part, because the alleged statements and/or alleged implications do not assert verifiably false facts.

Holbrook must establish that any statements made by Cohodes were false. Cohodes contends that Holbrook cannot meet that burden, either as a matter of law or at the time of trial, based upon the evidence that will be produced in discovery. Holbrook cannot prove libel as defined at §27-1-802, MCA.

### C.    THIRD AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint, fails in whole or in part, because any alleged statements and/or implications could be interpreted as asserting verifiable facts which are substantially true.

Cohodes will rely upon documents and evidence produced in the course of discovery to establish that any and all posts by Cohodes were substantially true and not false thus Holbrook cannot meet its burden of proof in establishing libel as defined at §27-1-802, MCA.

### D.    FOURTH AFFIRMATIVE DEFENSE

4

Cohodes contends that Holbrook has not been exposed to hatred, contempt, ridicule or obloquy or has in any way been shunned or avoided or any tendency to injure Holbrook or Holbrook's occupation.

Libel is defined at §27-1-802, MCA as not only including a false statement or representation but it must also expose Holbrook to hatred, contempt, ridicule or obloquy or causing Holbrook to be shunned or avoided or has a tendency to injure Holbrook in Holbrook's occupation. Cohodes contends that there are no facts to support any of these allegations thus Holbrook's libel claim fails as a matter of law. Cohodes further contends that Holbrook cannot establish any damages as a result of any allegations made and found in Holbrook's Complaint concerning statements found in the first three counts or theories of recovery alleged in Holbrook's Complaint.

### E.    FIFTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, as any of the statements or language claimed by Holbrook by way of its Complaint are nothing other than unpleasant or annoying statements and do not meet the requirements of libel as defined at §27-1-802, MCA as well as interpreted by the Courts.

### F.    SIXTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part,

because contrary to Holbrook's contention, any and all alleged statements at issue in this case are not reasonably susceptible of a defamatory meaning or implications.

Cohodes contends that the facts established in the course of discovery will establish that as a matter of law, no statements can be reasonably considered to be defamatory in their meaning as they are nothing more than expressions of opinions that are not actionable.

### G.    SEVENTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because Holbrook is a public figure and as a consequence, Holbrook cannot prove that Cohodes published any statement or implications about Holbrook with actual malice.

Facts will be developed during the course of discovery to establish that Holbrook, admittedly a financial advisory firm incorporated in the State of Oregon with its principal place of business in Atlanta, Georga meets the definition of a public figure thus requiring Holbrook to establish actual malice. Cohodes contends that the evidence produced in the course of discovery will support this affirmative defense.

### H.    EIGHTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, as any alleged libelous statements are nothing more than expressions of opinion thus are not actionable.

Evidence produced in the course of discovery will establish that the allegations found in Holbrook's Complaint and specifically related to alleged statements made by Cohodes are opinions thus any libel claim fails as a matter of law. Cohodes contends that facts will be established during the course of discovery that any statements made against a public figure such as Holbrook were not made with any knowledge that they may be false or with a reckless disregard for the truth.

### H.    NINTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because Holbrook's reputation in the community has not been changed by acts or omissions by Cohodes thus Holbrook has not suffered any damages including damages to its reputation.

Cohodes will rely upon testimony and evidence produced and established during the course of discovery to establish a lack of any damages that can be claimed by Holbrook allegedly caused by Cohodes.

### I.    TENTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because Holbrook has not suffered any actual damages caused by any acts or omissions including statements made by Cohodes. Cohodes will rely upon testimony and evidence to establish the lack of any damages and secondly, any damage claim made by Holbrook cannot be proven to have been caused by the acts or omissions

7

or statements of Cohodes.

### J.    ELEVENTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because any injuries or damages alleged by Holbrook were not proximately caused by any acts or omissions of Cohodes. Cohodes will rely upon testimony and evidence obtained during the course of discovery to contest the causation element of Holbrook's libel/defamation causes of action and specifically contends that Holbrook will be unable to establish any damages that can be proven at the time of trial

### K.    TWELFTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because Holbrook's alleged damages are vague, uncertain, and speculative. Consistent with other affirmative defenses, Cohodes contends not only are Holbrook's alleged damages not provable and cannot be established to have been caused by anything that Cohodes did or did not do, as a matter of law Cohodes contends that evidence will establish that Holbrook's claim for damages are speculative in nature and cannot be established at the time of trial.

### L.    THIRTEENTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook is not entitled to seek punitive damages because any alleged conduct on the part of Cohodes cannot be considered sufficient

enough to justify an award of punitive damages as required under Montana law.

### M.    FOURTEENTH AFFIRMATIVE DEFENSE

Cohodes contends that Holbrook's Complaint fails, in whole or in part, because Cohodes's conduct was legally justified and privileged to the extent allowed under Montana law and specifically §27-1-802, MCA and §27-1-804(3), MCA.

### 4.    COMPUTATION OF DAMAGES

Cohodes is not at this time claiming to have sustained any damages in connection with this matter however reserves the right to seek any and all appropriate damages based upon the evidence that may be developed in this litigation. It should be noted that Holbrook, by way of its "Prayer for Relief," alleges that damages include "reasonable attorney's fees and costs." To the extent that attorney's fees are recoverable in this action, Cohodes will seek reasonable attorney's fees as well as reimbursement of all applicable costs.

### 5.    PENDENCY OF DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION

There appears to be litigation in other jurisdictions that may involve to some extent some of the individuals that have been identified as witnesses in this matter and to that extent, it is unknown at this time whether or not these other litigated matters will be relevant to this lawsuit.

Related federal litigation in respect to insurance coverage matters affecting both Cohodes and Holbrook can be found in Civil Action No. CV-25-41-BU-JTJ

filed in the United States District Court, District of Montana, Butte Division entitled *State Farm Fire and Casualty Company v. Marc Cohodes and Holbrook Holdings, Inc.*

## 6.    PROPOSED ADDITIONAL STIPULATIONS OF FACT AND APPLICABLE LAW

The parties have submitted a Joint Statement of Stipulated Facts. At this time Cohodes is unaware of any other facts that may be stipulated to by the parties however as discovery is conducted, Cohodes remains open to entering into any stipulation of fact not in dispute.

## 7.    PROPOSED DEADLINES RELATED TO JOINDER OR AMENDMENT

Cohodes is willing to consider any appropriate deadline related to the joinder or amendment of pleadings in this matter.

## 8.    IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

Cohodes, at this point in the proceedings, is unaware of any and all issues of law suitable for pretrial disposition however as discovery continues, it is anticipated that the evidence may justify the filing of pretrial motions seeking partial or full summary judgment in this matter based upon the evidence obtained as of that date in support of the affirmative defenses raised by way of Cohodes' Answer.

## 9.    NAMES, CITY/STATE AND OTHER CONTACT INFORMATION FOR WITNESSES AND SUMMARY OF INFORMATION

Cohodes believes that the following individuals may have information

relevant to this case:

1. Mark Cohodes
   c/o Stacey & Funyak
   100 N. 27th Street, Suite 700
   Billings, MT   59101
   406-259-4545

   Mr. Cohodes has knowledge concerning the allegations found in Holbrook's Complaint as well as all defenses available in this matter.

2. Scott Carmack
   c/o Andrew Phillips
   Meier Watkins Phillips Pusch LLP
   1120 20th St. NW, Suite 550
   Washington, DC   20036
   847-951-7093

   It is believed that Mr. Carmack has knowledge concerning the allegations in Holbrook's Complaint and apparently is the Founder, Chief Executive Officer and Portfolio Manager of Holbrook.

3. Michael Burns
   c/o Andrew Phillips
   Meier Watkins Phillips Pusch LLP
   1120 20th St. NW, Suite 550
   Washington, DC   20036
   847-951-7093

   It is believed that Mr. Burns is the Chief Operating Officer of Holbrook and has knowledge concerning the allegations found in Holbrook's Complaint.

4. Ethan Lai
   c/o Andrew Phillips
   Meier Watkins Phillips Pusch LLP
   1120 20th St. NW, Suite 550
   Washington, DC   20036
   847-951-7093

It is believed that Mr. Lai is a Portfolio Manager for Holbrook having knowledge concerning the allegations found in Holbrook's Complaint.

5. Bryant Riley
   B. Riley Financial
   11100 Santa Monica Boulevard
   Los Angeles, CA   90025

   It is believed that Mr. Riley was affiliated with B. Riley Financial and has knowledge concerning the facts surround B. Riley Financial and certain allegations found in Holbrook's Complaint.

6. Nathan Koppikar
   Orso Partners, LP
   395 Oyster Point, Suite 511
   South San Francisco, CA   94080
   925-216-6175

   It is believed that Mr. Koppikar has knowledge concerning the allegations found in Holbrook's Complaint.

7. Brian Kahn
   Current Address Unknown

   It is believed that Mr. Kahn has knowledge concerning allegations found in Holbrook's Complaint relevant to the claims of Holbrook in respect to their libel/defamation claims against Cohodes.

8. James Gibson
   Address currently unknown.
   612-481-0707

   It is believed that Mr. Gibson has knowledge concerning the allegations found in Holbrook's Complaint in respect to the libel/defamation claims of Holbrook.

9. Prem Nalnani
   Address currently unknown.
   214-756-6088

12

It is believed that Mr. Nalnani may have knowledge concerning the allegations found in Holbrook's Complaint.

10. Fred Norton
    The Norton Law Firm
    300 Frank H. Ogawa Plaza, Suite 450
    Oakland, CA   94612
    510-906-4919

    Mr. Norton is counsel for Cohodes and has knowledge concerning matters found in Holbrook's Complaint including allegations found in §74 of Holbrook's Complaint. All testimony, if admissible in this matter will be subject to the attorney-client privilege.

11. Leah Judge
    The Norton Law Firm
    300 Frank H. Ogawa Plaza, Suite 450
    Oakland, CA   94612
    510-906-4919

    Ms. Judge is counsel for Cohodes and has knowledge concerning matters found in Holbrook's Complaint including allegations found in §74 of Holbrook's Complaint. All testimony, if admissible in this matter will be subject to the attorney-client privilege.

12. Steven M. Wilker
    Tonkon Torp LLP
    888 SW 5th Avenue, Suite 1600
    Portland OR   97204
    503-802-2040

    Mr. Wilker is an attorney representing Holbrook. Mr. Wilker has knowledge concerning letters and communications referred to in Holbrook's Complaint including but not limited to §74 of the Complaint.

13. Jennifer Calabrese
    Attorney for SEC
    323-965-3998

    Ms. Calabrese is an attorney for the SEC and may have knowledge

13

concerning matters referred to in Holbrook's Complaint.

## 10. SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT

Cohodes is insured with State Farm Fire and Casualty Company.    State Farm Fire and Casualty Company has filed a Complaint seeking a declaratory judgment in respect to insurance coverage issues, Civil Action No. CV-25-41-BU-JTJ filed in the United States District Court, District of Montana, Butte Division entitled *State Farm Fire and Casualty Company v. Marc Cohodes and Holbrook Holdings, Inc.*

## 11. STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE

There have been no settlement discussions as of this date. It is unknown as to whether or not a settlement can be reached.

## 12. SUITABILITY OF SPECIAL PROCEEDINGS

At this time, Cohodes is not aware of any special procedures or proceedings.

**DATED** this 21st day of January, 2026.

STACEY & FUNYAK

By:    /s/Calvin J. Stacey_____
       Calvin J. Stacey
       *Counsel for Defendant Marc Cohodes*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of January, 2026, a copy of the foregoing ***Defendant's Preliminary Pretrial Statement*** was served upon the following counsel of record by the following means:

| 1,2,3 | CM/ECF |
|-------|--------|
| _____ | Hand Delivery |
| _____ | U.S. Mail |

1.  Clerk of Court

2.  Matthew J. Kelly
    Tarlow Stonecipher Weamer & Kelly, PLLC
    1705 West College Street
    Bozeman, MT   59715
    mkelly@lawmt.com

3.  Andrew C. Phillips (*Pro Hac Vice*)
    Shannon B. Timmann (*Pro Hac Vice*)
    Hannah Menchel (*Pro Hac Vice*)
    MEIER WATKINS PHILLIPS PUSCH LLP
    919 18th Street NW, Suite 650
    Washington, DC 20006
    Email: andy.phillips@mwpp.com
    Email: shannon.timmann@mwpp.com
    Email: hannah.menchel@mwpp.com

                                    By:    /s/Calvin J. Stacey