Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| HOLBROOK HOLDINGS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>MARC COHODES,<br><br>            Defendant. | Civil Action No. CV-24-175-BU-JTJ<br><br>**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |

1

Plaintiff Holbrook Holdings, Inc. submits this Preliminary Pretrial Statement pursuant to Local Rule 16.2(b)(1).

A.     **Brief factual outline of the case.**

Plaintiff Holbrook Holdings, Inc.—an award-winning financial advisory firm—filed this defamation suit after becoming ensnarled in a short-selling scheme run by Defendant Marc Cohodes, in which Holbrook was just an observer.

Cohodes is a well-known short seller. Short selling is an investment strategy that typically involves borrowing stock, selling it, and then repurchasing it at a lower price. The nature of this strategy means that short sellers profit when companies they bet against lose value. When Cohodes takes short positions, he is not content to sit back and hope that market forces or business decisions reduce the value of companies he shorts. He aggressively and publicly accuses those companies of fraud and criminality, hoping that negative publicity will cause the stock prices to drop, allowing Cohodes to realize the desired profits.

In 2023, Cohodes set his sights on financial services company B. Riley. Taking a short position in B. Riley stock, Cohoes began publicly accusing the company of involvement in various illegal and fraudulent schemes. Holbrook took issue with those spurious claims, and its founder and CEO, Scott Carmack, stepped to the defense of B. Riley. (One of Holbrook's mutual funds holds B. Riley corporate bonds.) In December 2023, Carmack used Holbrook's X account to

2

publish a mildly critical—but factual—post about how Cohodes ran his now-shuttered hedge fund. Holbrook quickly deleted the post, not because it was unfair or inaccurate, but because it was flooded with abusive messages from Cohodes's followers. While Holbrook's own post was deleted within 48 hours, the thin-skinned Cohodes launched a crusade against Holbrook that continues today, publishing dozens of posts disparaging Holbrook, many of which are false and defamatory.

Cohodes began targeting Holbrook on December 17, 2023, publishing no less than 18 X posts about Holbrook that day. In one of them, Cohodes charged Holbrook with holding non-investment grade securities in B. Riley, even though nothing about those holdings, nor any of Holbrook's investment activities, violated SEC rules. Soon afterwards, Cohodes began another line of attack, accusing Holbrook of steering investors to B. Riley in exchange for undisclosed kickbacks, again in violation of SEC rules. Nothing of the sort ever happened. Holbrook has never engaged in an unlawful kickback scheme or otherwise conspired with B. Riley to flout SEC rules or other law. But that reality did not stop from Cohodes from spreading the kickback theory in X posts on February 29, 2024 and August 13, 2024. Cohodes repeated variants of these false charges in many other tweets, most of them laced with profanities and insults.

Holbrook tried ending the matter without court involvement. On September 16, 2024, Holbrook, through counsel, asked Cohodes to retract his statements about

3

Holbrook and acknowledge their falsity.  Holbrook did not ask for money.  Even so, Cohodes doubled down rather than walk away.  Soon after the retraction request, Cohodes publicly bragged about his attacks on Holbrook and tacitly acknowledged they were fabricated.

Holbrook estimates that it has already lost $5 million in revenue and $4 million in enterprise value as a direct result of Cohodes's defamation campaign. Holbrook brings this action to recoup those losses (plus other amounts that Cohodes's ongoing attacks may cause) and vindicate its good name.

**B.     Basis for federal jurisdiction and for venue in the division.**

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Cohodes, a Montana resident, and Holbrook, an Oregon corporation headquartered in Georgia.

Venue is proper under 28 U.S.C. § 1391(b) and Local Rule 3.2(b) because Cohodes resides in Gallatin County, which falls this Court's Butte division.

**C.     Factual basis of each claim advanced by Plaintiff.**

Holbrook has sued on the following three X Posts, which defamed the company:

- On December 17, 2023, around 4:31 PM EST, Cohodes used the @AlderLaneEggs account to post the following reply to an X Post from @FriendlyBearSA:



- On February 29, 2024, around 11:17 PM EST, Cohodes used the @AlderLaneEggs account to reply to a post about Holbrook with the following:



- On August 13, 2024, around 12:54 PM, Cohodes used the @AlderLaneEggs account to post the following reply to an X Post from @67585891sd:



The gist of these false statements is that Holbrook's investment strategy violated SEC rules, that Holbrook engaged in an illegal kickback scheme with B. Riley, and that Holbrook was otherwise involved in fraudulent conduct or unlawful conspiracies with B. Riley.

None of this has any basis in fact. Neither Holbrook nor any of its officers,

directors, or non-clerical employees has ever been found to have violated any SEC of other federal regulations or statutes. They have also never been the subject of a disciplinary order by the SEC of any state regulatory agency. Holbrook has never engaged in an unlawful conspiracy with B. Riley, or anyone else, and is unaware of any fraudulent business practices on the independent part of B. Riley.

On September 16, 2024, counsel for Holbrook sent Cohodes a letter demanding he retract certain accusations about the company and acknowledge their falsity. Cohodes refused to retract any of his statements about Holbrook.

Moreover, Cohodes has effectively admitted that there was no factual basis to the claims, which were fabricated whole cloth. During an October 8, 2024, interview on the "Hedgeye Investing Summit," Cohodes discussed his tweets about Holbrook and stated that: "I don't even know who Holbrook is or what they do" but since Holbrook chose to "pick a fight" with him, he would "end the fight" and "skate them into the concrete."

### D. The legal theory underlying each claim, including, where necessary to a reasonable understanding of the claim or defense, citations to authority.

Holbrook seeks recovery for libel *per se*. The legal basis for this claim is that Cohodes published false and defamatory statements about Holbrook, which exposed Holbrook to contempt, ridicule, and obloquy, tended to affect Holbrook in its trade and business, and accused Holbrook of unlawful conduct. Cohodes made those

6

statements with reckless disregard for the truth because he knew the statements were false or else had a high degree of awareness that the statements were probably false. The statements are not privileged or subject to any valid legal defense.

### E.     Computation of damages.

Holbrook estimates that Cohodes's false statements have caused $9 million in damages to date. But Cohodes's defamatory campaign persists to this day, resulting in continuing loss.

### F.     Pendency or disposition of any related litigation.

State Farm Fire and Casualty Company ("State Farm") has filed a declaratory judgment action in this Court (Civil Action No. CV-25-41-BU-JTJ) against Cohodes and Holbrook, alleging that Cohodes is the named insured on a homeowner's policy and an umbrella policy. State Farm seeks a judicial declaration that the policies do not require it to defend Cohodes or indemnify Cohodes or Holbrook relative to the defamation claims in this matter. The declaratory judgment action was filed on or about April 14, 2025 and remains pending.

### G.     Proposed stipulations of fact not included in the Statement of Stipulated facts, see L.R. 16.2(b)(3), and the parties' understanding as to what law applies.

The parties have separately submitted their Statement of Stipulated facts and have not agreed to any further stipulations.

Holbrook contends that Montana law governs any defenses Cohodes may raise in this case.

7

**H.     Proposed deadlines relating to joinder of parties or amendment of the pleadings.**

Holbrook proposes that the deadline to join parties or amend pleadings be set for 90 days after Cohodes answers the complaint.

**I.     Identification of controlling issues of law suitable for pretrial disposition.**

Cohodes's pending anti-SLAPP motion raised choice-of-law issues that are suitable for pretrial disposition and have already been briefed. Montana law should govern the availability of defenses in this action, except its new anti-SLAPP law cannot apply because the legislature expressly intended it to apply prospectively, not retroactively. *See* H.B. 292, 69th Leg. § 17 (Mont. 2025).

**J.     Name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claim or defenses, and a summary of that information.**

| *Witness* | *Location* | *Information.* |
|---|---|---|
| Mark Cohodes | Gallatin County, MT | Actual malice, publication. |
| Scott Carmack | c/o Plaintiff's counsel | Falsehood, damages, actual malice. |
| Michael Burns | c/o Plaintiff's counsel | Falsehood, damages, actual malice. |
| Ethan Lai | c/o Plaintiff's counsel | Falsehood. |
| Bryant Riley | B. Riley Financial<br>11100 Santa Monica Boulevard<br>Los Angeles, CA 90025 | Falsehood. |

**K.   Substance of any insurance agreement that may cover the resulting judgment.**

According to State Farm's complaint in the related declaratory judgment action (Civil Action No. CV-25-41-BU-JTJ), Cohodes is the named insured on a homeowner's policy and an umbrella policy. On information and belief, the umbrella policy may cover a judgment in this case because it insures loss arising from defamation, but the issue is contested.

**L.   Status of any settlement discussions and prospects for compromise of the case.**

The parties have not engaged in settlement discussions since Holbrook asked Cohodes to retract his statements before filing suit.

**M.   Suitability of special procedures.**

Holbrook does not currently request any special procedures.

Dated: January 21, 2026.　　　　　/s/ Matthew J. Kelly
　　　　　　　　　　　　　　　　　Matthew J. Kelly
　　　　　　　　　　　　　　　　　TARLOW STONECIPHER WEAMER
　　　　　　　　　　　　　　　　　& KELLY, PLLC
　　　　　　　　　　　　　　　　　1705 West College Street
　　　　　　　　　　　　　　　　　Bozeman, MT 59715
　　　　　　　　　　　　　　　　　(406) 586-9714
　　　　　　　　　　　　　　　　　mkelly@lawmt.com

　　　　　　　　　　　　　　　　　Andrew C. Phillips (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　Mark Thomson (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　Shannon B. Timmann (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　Hannah Menchel (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　MEIER WATKINS PHILLIPS PUSCH LLP
　　　　　　　　　　　　　　　　　1120 20th St NW, Suite 550
　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　(202) 318-3655
　　　　　　　　　　　　　　　　　andy.phillips@mwpp.com
　　　　　　　　　　　　　　　　　mark.thomson@mwpp.com
　　　　　　　　　　　　　　　　　shannon.timmann@mwpp.com
　　　　　　　　　　　　　　　　　hannah.menchel@mwpp.com

　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Holbrook Holdings, Inc.*