# Exhibit 1

Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street NW, Suite 550
Washington, DC 20036
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARC COHODES, <br><br> Defendant. | Civil Action No. CV-24-175-BU-JTJ <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARC COHODES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.3,

Plaintiff hereby submits its First Set of Interrogatories to Defendant Marc Cohodes, to be answered

1

separately, fully, in writing, and under oath by Defendant within thirty (30) days of service.  These Interrogatories shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.

## DEFINITIONS

1. "You," your," and "yours" refers to Defendant Marc Cohodes.

2. "Plaintiff" or "Holbrook" refers to Holbrook Holdings, Inc.

3. The "December 17, 2023 X Post" means the December 17, 2023 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit A to the Complaint in the above-captioned action.

4. The "February 29, 2024 X Post" means the February 29, 2024 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit B to the Complaint in the above-captioned action.

5. The "August 13, 2024 X Post" means the August 13, 2024 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit C to the Complaint in the above-captioned action.

6. "Communication(s)" means the transmittal of information in any form, including, without limitation, emails, attachments, text messages (SMS messages and MMS messages), instant messages (such as Signal, Kik, BBM, Gchat, Slack, and similar types of messages, including on social media platforms), social media posts, social media comments, voice mails, and letters.

7. "Social media" means any website, platform, or service that enables users to create, post, share, comment on, or react to content, including, without limitation, X (formerly Twitter), Facebook, Instagram, YouTube, TikTok, Reddit, Discord, Telegram, Substack, etc.

8. "Concerning" means relating to, referring to, reflecting, in connection with, describing, evidencing, indicating, supporting, refuting, constituting, or relating to in whole or in part.

9. The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

10. "Person" means any natural person, any sole proprietorship, partnership, limited partnership, firm, joint venture, corporation, company, limited liability company, limited liability partnership, trust, or association, or any business, legal, or governmental entity or association.

11. When referring to a person, to "identify" means to state, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and, if a natural person, the present or last known place of employment.

12. When referring to a document, to "identify" means to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) date you received the document; and (v) author(s), addressee(s), and recipient(s).

### INSTRUCTIONS

1. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the singular shall include the plural and vice versa; (b) the masculine, feminine, or neuter pronoun shall not exclude other genders; (c) the connectives "and" and "or" shall be read either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside their scope; (d) the terms "any," "all," or "each" shall be read to mean including without limitation; (f) the present tense shall be construed

3

to include the past tense and vice versa; and (g) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

2.     You must answer each Interrogatory fully, completely, in writing, and under oath. Your responses shall include all information known to you or otherwise in your possession, custody, or control, regardless of location, including in the possession, custody, or control of any current or former attorneys, consultants, experts, agents, or editors.

3.     If you object to any part of an Interrogatory, you must set forth your basis for the objection and respond to all parts of the Interrogatory to which you do not object.

4.     If, in the course of responding to these Interrogatories, you encounter any ambiguity in the Interrogatories, in a definition, or in an instruction relevant to the Interrogatories, explain what you find to be ambiguous and what construction you used in providing your answer.

5.     If you object to any Interrogatory on the grounds that responding is unduly burdensome, you must describe and explain the nature of the undue burden.

6.     If any information called for by any Interrogatory is withheld because you claim that such information is protected from discovery by the attorney-client privilege, the work product doctrine, or by any other privilege or protection from disclosure, provide a description of the basis of the claimed privilege and all information for the Court and Plaintiff to assess the claim of privilege in accordance with applicable federal and local rules, including: (a) applicable subject matter; (b) the applicable date; and (c) the identity of any Person or Persons who authored, made, received, or otherwise learned of the communication or information.

7.     These Interrogatories are continuing in nature, up to and during the course of trial. In the event that you obtain additional information that is responsive to these Interrogatories, you shall promptly supplement your response to each such Interrogatory.

8.    No paragraph of these Interrogatories shall be construed with reference to any other paragraph for purpose of limitation.

## INTERROGATORIES

**Interrogatory No. 1.**

Describe each instance in which you communicated about Holbrook or any of its principals (Scott Carmack Michal Burns, and Brian Zeck) since January 1, 2022, including:

   a.  The parties to the communication(s);

   b.  The substance of the communication(s);

   c.  The date(s) of the communication(s); and

   d.  The manner of the communication(s) (i.e., telephone, in-person, email, DM, etc.).

**Interrogatory No. 2.**

Explain what you intended to convey to readers when you published the December 17, 2023 X Post.

**Interrogatory No. 3.**

If you contend that it would be a violation of any law or regulation for Holbrook's mutual funds to hold non-investment grade securities, state that factual and legal basis for that contention.

**Interrogatory No. 4.**

Explain what you intended to convey to readers when you published the February 29, 2024 X Post.

5

Case 2:24-cv-00175-DLC     Document 53-2     Filed 05/13/26     Page 7 of 10

**Interrogatory No. 5.**

If you contend that Holbrook or any of its principals has engaged in fraud, state the factual basis for that contention.

**Interrogatory No. 6.**

Explain what you intended to convey to readers when you published the August 13, 2024 X Post.

**Interrogatory No. 7.**

State the factual basis for the statement in your August 13, 2024 X Post that you were "sure there is a kickback from $RILY to him."

**Interrogatory No. 8.**

Describe any steps you took to investigate or fact check the claims and statements that you made in the December 17, 2023 X Post, the February 29, 2024 X Post, and the August 13, 2024 X Post prior to publishing them, including the nature of the steps taken, the identities of source(s) consulted, and the dates on which each step occurred.

**Interrogatory No. 9.**

Describe each instance, since January 1, 2021, in which you borrowed, loaned, purchased, sold, or engaged in any transaction related to B. Riley securities or derivatives, including:

  a.  The nature of each transaction (including whether you took a short position on B. Riley securities);

  b.  The terms of each transaction;

6

   c.   The date of each transaction;

   d.   All parties to each transaction;

   e.   The trading platform(s) or exchange(s) used for each transaction; and

   f.   Your profits and losses from each transaction.

**Interrogatory No. 10.**

Excluding public social media posts, identify each person with whom you communicated about your investment activities or transactions related to B. Riley since January 1, 2021, and state the date, substance, and medium of each such communication.

**Interrogatory No. 11.**

Describe all legal proceedings since January 1, 2015 (including those initiated in court or arbitration), in which you have been named as a party, including the parties, the date of commencement, the court and docket number, and the outcome of the proceeding.

**Interrogatory No. 12.**

If any documents or communications responsive to Plaintiff's discovery requests previously were, but no longer are, in your possession, custody, or control (i.e., have been lost, deleted, discarded, or destroyed), describe the materials and explain why they are no longer in your possession, custody, or control.

**Interrogatory No. 13.**

Identify all witnesses you expect to call at trial.

**Interrogatory No. 14.**

Describe the factual bases for all affirmative defenses asserted in your Answer, including all evidence and witnesses who support or have knowledge of your claims.

Dated: December 24, 2025

*/s/ Andrew C. Phillips*
Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street NW, Suite 550
Washington, DC 20036
(202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

Matthew J. Kelly
TARLOW STONECIPHER WEAMER
& KELLY, PLLC
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
mkelly@lawmt.com

*Counsel for Plaintiff Holbrook Holdings, Inc.*

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant Marc Cohodes in the above-captioned matter was served on counsel of record for the Defendant on December 24, 2025 in accordance with the Rules of Civil Procedure.

Dated: December 24, 2025                         By: */s/ Andrew C. Phillips*_____
                                                         Andrew C. Phillips

9