# Exhibit 2

Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street NW, Suite 550
Washington, DC 20036
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., | Civil Action No. CV-24-175-BU-JTJ |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MARC COHODES** |
| MARC COHODES, | |
| Defendant. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3,

Plaintiff hereby submits its First Set of Requests for Production to Defendant Marc Cohodes.

1

Cohodes shall provide responses to these Requests for Production within thirty (30) days of service. These Requests for Production shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.

### DEFINITIONS

1.      "You," your," and "yours" refers to Defendant Marc Cohodes.

2.      "Plaintiff" or "Holbrook" refers to Holbrook Holdings, Inc.

3.      The "December 17, 2023 X Post" means the December 17, 2023 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit A to the Complaint in the above-captioned action.

4.      The "February 29, 2024 X Post" means the February 29, 2024 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit B to the Complaint in the above-captioned action.

5.      The "August 13, 2024 X Post" means the August 13, 2024 post you published about Holbrook on X.com (formerly Twitter), a copy of which is attached as Exhibit C to the Complaint in the above-captioned action.

6.      "Document" means any document or electronically stored information described in Federal Rule of Civil Procedure 34, and any writing, recording, photograph, original, or duplicate defined in Federal Rule of Evidence 1001.

7.      "Thing" means any physical object other than a document.

8.      "Communication" means the transmittal of information in any form, including, without limitation, emails, attachments, text messages (SMS messages and MMS messages), instant messages (such as Signal, Kik, BBM, Gchat, Slack, and similar types of messages,

2

including on social media platforms), social media posts, social media comments, voice mails, and letters.

9.    "Social media" means any website, platform, or service that enables users to create, post, share, comment on, or react to content, including, without limitation, X (formerly Twitter), Facebook, Instagram, YouTube, TikTok, Reddit, Discord, Telegram, Substack, etc.

10.    "Concerning" means relating to, referring to, reflecting, in connection with, describing, evidencing, indicating, supporting, refuting, constituting, or relating to in whole or in part.

11.    The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

12.    "Person" means any natural person, any sole proprietorship, partnership, limited partnership, firm, joint venture, corporation, company, limited liability company, limited liability partnership, trust, or association, or any business, legal, or governmental entity or association.

13.    When referring to a person, to "identify" means to state, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and, if a natural person, the present or last known place of employment.

14.    When referring to a document, to "identify" means to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) date you received the document; and (v) author(s), addressee(s), and recipient(s).

## **INSTRUCTIONS**

1.    To bring within the scope of these Requests for production all information that might otherwise be construed to be outside their scope, the following rules of construction apply:

3

(a) the singular shall include the plural and vice versa; (b) the masculine, feminine, or neuter pronoun shall not exclude other genders; (c) the connectives "and" and "or" shall be read either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside their scope; (d) the terms "any," "all," or "each" shall be read to mean including without limitation; (f) the present tense shall be construed to include the past tense and vice versa; and (g) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

2.      These Requests for Production call for the production of documents that are in your actual or constructive possession, custody, or control, regardless of location, including in the possession, custody, or control of any current or former attorneys, consultants, interns, volunteers, investigators, editors, researchers, financial advisors, and accountants, and anyone else acting on your behalf or for your benefit, whether or not employed by you.  In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf.  When searching for responsive material, you should search all personal and business ESI and hard-copy document repositories.

3.      Plaintiff requests that Defendant produce the documents electronically via FTP site (or comparable technology) accessible to andy.phillips@mwpp.com, shannon.timmann@mwpp.com, mark.thomson@mwpp.com, hannah.menchel@mwpp.com, paralegals@mwpp.com, and mkelly@lawmt.com, or in another manner agreed upon in advance.

4.      Each request contemplates the production of all documents in their entirety.  If a portion of a document is responsive to one or more requests, produce the document in its entirety.

5.      If a copy of a requested document is not identical to any other copy of the same

document, by reason of alterations, marginal notes, comments, etc., all non-identical copies shall be produced.

6.      All documents that are attached to each other when located for production shall be left so attached.

7.      Documents stored electronically in the ordinary course of business must be collected in a manner that preserves all characteristics of the documents, including metadata and parent/child relationships, to the maximum possible extent.  ESI should be produced in single page .TIFF or multi-page .PDF formats with .DAT and Opticon (.OPT) load files, with the exception of those file types for which content would be lost or access impaired by conversion to TIFF or PDF format (e.g., audio, video, csv, PowerPoint, Excel, or Microsoft Access files), which should be produced in native format.  All documents must be produced in fully text-searchable format, when technologically feasible.  To the maximum extent possible, the metadata load file should include the following:

   a.  Bates Start

   b.  Bates Stop

   c.  Beg Attach

   d.  End Attach

   e.  Beg Family

   f.  End Family

   g.  Parent ID

   h.  Custodian or Custodians

   i.  File Name

   j.  File Extension

5

k.  Email Subject

l.  To

m.  From

n.  CC

o.  BCC

p.  Date and Time Sent

q.  Date and Time Received

r.  File Created Date and Time

s.  File Author

t.  File Last Modified Date and Time

u.  MD5 Hash

v.  OCRPATH

w.  Link

8.      Pursuant to Federal Rule of Civil Procedure 34(b), all documents must be produced in a manner that preserves contextual information.

a.  Hard Copies: Pursuant to Rule 34(b), all hard-copy documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.  All documents, other than electronically stored information, shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

b.  ESI: Pursuant to Rule 34(b), all ESI must be produced in a manner that allows

Plaintiff to identify each distinct document and where it was filed in your systems. All emails must be produced with their attachments, and the relationship between the email and attachment must be clear.

9.      If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement: (a) identifying the document; (b) describing where the document is now; (c) identifying who has control of the document; (d) describing how the document became lost or destroyed or was transferred; and (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

10.     If you object to any part of a Request, you must set forth your basis for the objection and respond to all parts of the Request to which you do not object.

11.     If you encounter any ambiguity in the Requests, definitions, or instructions, explain what you find to be ambiguous and what construction you used in providing your answer.

12.     If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the undue burden.

13.     If any information called for by any Request herein is withheld because you claim that such information is protected from discovery by the attorney work-product doctrine or by any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection and all information necessary for the Court and Plaintiff to assess the claim of privilege in accordance with applicable federal and local rules, including: (a) the author of such document; (b) to whom such document is addressed; (c) the date upon which the document was prepared; (d) the title or heading of such document; (e) the type of document (e.g. hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.); (f) any other

information which might be necessary to describe such document sufficiently for a designation thereof; (g) its present location and custodian; and (h) the basis for the claim of privilege.

14.    These Requests for Production are continuing in nature, up to and during the course of trial.  In the event that you obtain additional documents that are responsive to these Requests for Production, you shall supplement your response to each such Request for Production and produce the additional documents promptly.

## **REQUESTS FOR PRODUCTION**

**Request No. 1.**

All documents and communications that you contend provide a factual basis for, or support the truth of, the statements you made in the December 17, 2023 X Post, the February 29, 2024 X Post, and the August 13, 2024 X Post.

**Request No. 2.**

All documents and communications referencing or relating to Holbrook or its principals Scott Carmack, Michal Burns, and Brian Zeck.

**Request No. 3.**

All social media posts, comments, and direct messages sent by or received by you referencing or relating to Holbrook or its principals Scott Carmack, Michal Burns, and Brian Zeck.

**Request No. 4.**

All communications with Keith McCullough, or any other representative of Hedgeye, relating to or referencing Holbrook or its principals Scott Carmack, Michal Burns, and Brian Zeck.

**Request No. 5.**

All documents concerning your investment activities (including borrowing, lending, purchasing, or selling securities or derivatives) related to B. Riley, including documents sufficient to identify:

a. The nature of such investment activities;

b. The terms of all transactions related to such investment activities;

c. The dates of such investment activities;

d. The amounts you paid or received in connection with such investment activities; and

e. Your profits or losses in connection with such investment activities.

**Request No. 6.**

All communications referencing or relating to B. Riley, including but not limited to your investment activities concerning B. Riley.

**Request No. 7.**

All documents related to the alleged securities fraud and an unlawful "kickback" scheme mentioned in the February 29, 2024 X Post and the August 13, 2024 X Post.

**Request No. 8.**

Documents sufficient to show each instance, between January 1, 2022 and present date, in which you publicly attacked a company you had shorted.

**Request No. 9.**

All documents and communications related to the veracity of your claims about companies that you shorted between January 1, 2022 and present date.

**Request No. 10.**

All nonprivileged communications related to this lawsuit, including communications with State Farm Fire and Casualty Company or other insurance carriers with any purported or claimed interest in this lawsuit.

**Request No. 11.**

All communications with the United States Securities and Exchange Commission relating to B. Riley and/or Holbrook.

**Request No. 12.**

All documents and communications you referenced, reviewed, or relied upon in drafting your responsive pleadings, responses to Plaintiff's interrogatories, or responses to Plaintiff's requests for admission.

**Request No. 13.**

All documents and communications that support, undermine, or relate to the denials and affirmative defenses raised in your Answer.

**Request No. 14.**

All documents and communications you obtain pursuant to any public records request, subpoena, or investigation in connection with this action.

**Request No. 15.**

All documents you intend to introduce as exhibits or otherwise rely on in this matter.

Dated: December 24, 2025

/s/ Andrew C. Phillips
Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
(202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

Matthew J. Kelly
TARLOW STONECIPHER WEAMER
& KELLY, PLLC
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
mkelly@lawmt.com

*Counsel for Plaintiff Holbrook Holdings, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Plaintiff's First Set of Requests for Production to Defendant Marc Cohodes in the above-captioned matter was served on counsel of record for the Defendant on December 24, 2025 in accordance with the Rules of Civil Procedure.

Dated: December 24, 2025                                    By: */s/ Andrew C. Phillips*
                                                                                    Andrew C. Phillips

12