# Exhibit 3

Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406)259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | | |
|---|---|---|
| HOLBROOK HOLDINGS, INC. | ) | CAUSE NO.: CV-24-175-BU-JTJ |
| | ) | |
| Plaintiff, | ) | Judge John Johnston |
| | ) | |
| v. | ) | **DEFENDANT'S ANSWERS** |
| | ) | **TO PLAINTIFF'S FIRST** |
| MARC COHODES, | ) | **SET OF INTERROGATORIES** |
| | ) | |
| Defendant. | ) | |

TO:   Plaintiff Holbrook Holdings, Inc., and its counsel of record, Matt J. Kelly, Tarlow
Stonecipher Weamer & Kelly, 1705 West College St., Bozeman, MT  59715-4913;
and Andrew C. Phillips, Mark Thomson, Shannon B. Timmann, Hannah Menchel,
Meier Watkins Phillips, Pusch, LLP, 1120 20th Street N.W., Suite 550, Washington,
DC  20036:

Defendant Marc Cohodes answers Plaintiff Holbrook Holdings, LLC's First Set of

Interrogatories as follows:

1

## INTERROGATORIES

**Interrogatory No. 1.**

Describe each instance in which you communicated about Holbrook or any of its principals (Scott Carmack Michal Burns, and Brian Zeck) since January 1, 2022, including:

 a. The parties to the communication(s);

 b. The substance of the communication(s);

 c. The date(s) of the communication(s); and

 d. The manner of the communication(s) (i.e., telephone, in-person, email, DM, etc.).

**Answer:** Objection – Plaintiff filed its Complaint on November 8, 2024 alleging that defendant's three separate X-posts were libelous per se. Defendant denies those allegations. The X-posts at issue in this litigation are dated December 17, 2023, February 29, 2024 and August 13, 2024. Defendant objects on the grounds of relevancy in respect to information requested in this Interrogatory to information requested after the date of the last X-post, August 13, 2024. Additionally, defendant objects to this request as it is overly burdensome and requires defendant to provide information not readily available and perhaps impossible to do so especially in response to the requests found in paragraph (a)-(d). Additionally, any communications with counsel are privileged pursuant to the attorney-client privilege, as well as any and all communications with representatives of the SEC due to state and federal protections afforded defendant (i.e., whistleblower protections). With these objections noted, the following is provided:

2

a.      Other than those identified in X-posts, defendant does not recall anyone else that he would have communicated with about plaintiff, other than perhaps those individuals identified in Defendant's Preliminary Pretrial Statement (Doc. 47) and Defendant's Initial Disclosures identifying Nathan Koppikar, James Gibson, Prem Nalnani, Fred Norton (attorney-client privilege communications), Leah Judge (attorney-client privilege communications) and Jennifer Calabrese, an attorney for the SEC for which all communications would be privileged and not discoverable due to any and all state and federal protections afforded defendant under the facts and circumstances of this case.

b.      The substance of the communications would be disclosed in the X-posts identified in plaintiff's Complaint as well as other X-posts that may be disclosed in discovery. Defendant cannot recall with any accuracy the substance of any communications with those individuals identified in (a) above, again some of whom are subject to the attorney-client privilege thus the substance of these communications are not discoverable as well as any and all discussions with representatives of the SEC.

c.      The X-posts will identify the dates of the communications, however, defendant does not know and cannot identify with specificity the date of any other communications with any of the other individuals identified in (a) above.

d.      X-posts, possibly telephone conversations, as well as e-mail correspondence.

3

**Interrogatory No. 2.**

Explain what you intended to convey to readers when you published the December 17, 2023 X Post.

**Answer:** Defendant objects that the "December 17, 2023 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning. Without waiving that objection defendant responds that on the evening of December 16, 2023, plaintiff, as alleged in its Complaint (¶55), was "frustrated" by defendant and apparently, plaintiff's CEO Scott Carmack, elected to post what plaintiff has described in his Complaint as a "tweet on Holbrook's X account that was mildly critical of Cohodes' conduct." Plaintiff, by way of his Complaint, alleges that the tweet was taken down within 48 hours and apparently plaintiff elected not to keep a copy of the tweet. Defendant responded to the tweet. He provided his opinion that he might write a letter to the SEC about plaintiff's large concentration in B. Riley. Defendant was of the opinion that investing in B. Riley and its related securities was generally a bad idea.

**Interrogatory No. 3.**

If you contend that it would be a violation of any law or regulation for Holbrook's mutual funds to hold non-investment grade securities, state that factual and legal basis for that contention.

**Answer:** Defendant objects that the "December 17, 2023 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and

4

context relevant to its meaning. Defendant further objects that the interrogatory seeks irrelevant information inasmuch as the December 17, 2023, X Post does not accuse defendant of violating a law or regulation but rather states plaintiff's intention to write to the Securities and Exchange Commission (tagged in the post) to inform that regulator of Holbrook's mutual funds' high concentration in a specific non-investment grade security (B. Riley) that was the subject of fraudulent manipulation. Whether Holbrook's mutual funds did violate any law or regulation exist under the facts and applicable law with respect to plaintiff's investments, including B. Riley, is an issue to be decided by courts and regulators, which is why plaintiff intended to bring the matter to their attention.

**Interrogatory No. 4.**

Explain what you intended to convey to readers when you published the February 29, 2024 X Post.

**Answer:** Defendant objects that the "February 29, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning. Without waiving that objection, defendant was expressing an opinion that B. Riley, in which plaintiff's fund was heavily invested, was engaged in fraudulent activity as indicated by publicly reported activity by DOJ and the SEC related to B. Riley and Brian Kahn. Defendant was further expressing an opinion that plaintiff, who had heavily invested in fraudulent B. Riley securities and had aggressively attacked those who pointed out B. Riley's fraudulent activity,(including defendant) was aware of

5

and benefitting from the fraud. Defendant also expressed an opinion that a possible explanation for plaintiff's behavior-one that was that Riley Asset Management was an investor in plaintiff's fund, while expressing that he did not know this as a fact – it would be a "bet" by him.

**Interrogatory No. 5.**

If you contend that Holbrook or any of its principals has engaged in fraud, state the factual basis for that contention.

**Answer:** To the extent that plaintiff contends that any statement by defendant, which plaintiff contends to be defamatory, was an assertion or implication that Holbrook or any of its principals has engaged in fraud (see complaint ¶¶ 67-70), defendant is entitled to and intends to seek discovery as to the truth of that alleged assertion or implication. As plaintiff has not yet obtained complete discovery on that subject, he is unable to answer this interrogatory at this time as to his contentions in the litigation

**Interrogatory No. 6.**

Explain what you intended to convey to readers when you published the August 13, 2024 X Post.

**Answer:** Defendant objects that the "August 13, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning. Without waiving that objection, defendant states that he intended to convey his opinion in response to the "Lord Weary" tweet, part of Exhibit C to

6

Plaintiff's Complaint.   In response to Lord Weary's observation that defendant's portfolio was one of "someone completely unqualified to manage money.   He is either a moron or deliberating [sic] to lose money.   Nobody could deliberately buy this portfolio thinking it will be profitable.   It is a toxic waste site," defendant expressed the opinion that, rather than Lord Weary's explanation that plaintiff is a "moron" or deliberately trying "to lose money" defendant's opinion was that B. Riley was rewarding plaintiff for holding B. Riley bonds in plaintiff's portfolio.

**Interrogatory No. 7.**

State the factual basis for the statement in your August 13, 2024 X Post that you were "sure there is a kickback from $RILY to him."

**Answer:**   Defendant objects that the "August 13, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning.   Without waiving that objection, defendant states that he reached that opinion based on, among other observations, (a) the unprovoked attack on defendant by plaintiff's CEO, Scott Carmack, to attempt to silence defendant's criticism of B. Riley and defend B. Riley; (b) Carmack's prompt decision to delete that post when challenged, (c) defendant's conclusion that B. Riley was tainted by fraud and its association with Brian Kahn; (d) plaintiff's holding of B. Riley's bonds; (e) the size of plaintiff's holdings in B. Riley bonds; (f) the absence of any plausible or defensible investment strategy that would explain why plaintiff was holding B. Riley bonds or holding such a

large amount of them; and (g) defendant's opinion that other proffered explanations, such as that plaintiff was a "moron" or plaintiff was deliberately trying "to lose money" were less plausible than some form of financial incentive from B. Riley to plaintiff.

**Interrogatory No. 8.**

Describe any steps you took to investigate or fact check the claims and statements that you made in the December 17, 2023 X Post, the February 29, 2024 X Post, and the August 13, 2024 X Post prior to publishing them, including the nature of the steps taken, the identities of source(s) consulted, and the dates on which each step occurred.

**Answer:**   Defendant relied upon his more than four decades of experience and expertise in identifying and exposing fraudulent, deceptive, and imprudent behavior in the financial market.   Defendant also relied on his assessment of public information related to B. Riley, its financial condition, and its questionable practices, some of which were discussed on X, and in particular transactions involving B. Riley since at least November of 2023 and thereafter.   Defendant also took into consideration plaintiff's actions to defend B. Riley, a company that was widely and correctly believed to be engaged in fraud, from public criticism and scrutiny.   Defendant also investigated and assessed the size and nature of plaintiff's concentrated position in B. Riley, including holding a large percentage of B. Riley's outstanding baby bonds.   Defendant also observed and evaluated other commentary about B. Riley and plaintiff on X, where other investors and commentatores offered competing explanations for plaintiff's ill-advised investment decisions, including

8

its decision to hold B. Riley bonds and to attack B. Riley's critics.  Defendant also noted the failure of plaintiff to come forward with verifiable evidence of a plausible investment thesis for holding B. Riley bonds.  Based on that experience, expertise, and information, defendant formed the opinions he expressed on X in the ongoing dialogues that the three cited X posts incompletely reflect.

**Interrogatory No. 9.**

Describe each instance, since January 1, 2021,  in which you borrowed, loaned, purchased, sold, or engaged in any transaction related to B. Riley securities or derivatives, including:

    a. The nature of each transaction (including whether you took a short position on B. Riley  securities);

    b. The terms of each transaction;

    c. The date of each transaction;

    d. All parties to each transaction;

    e. The trading platform(s) or exchange(s) used for each transaction; and

    f. Your profits and losses from each transaction.

**Answer:**   Objection – relevancy and financial privacy.  Plaintiff's Complaint alleges that defendant has defamed it through three separate X-posts.  It is irrelevant as to whether or not defendant has borrowed, loaned, purchased, sold or engaged in any transaction related to B. Riley's securities or derivatives, especially in respect to any and all transactions that

9

may have occurred.   Defendant objects on the grounds that information related to any transactions with B. Riley, as well as results from any and all transactions, is not relevant and not discoverable in this matter as plaintiff asserts damage claims against defendant for alleged libelous X-posts, three in total which have nothing to do whatsoever with any transaction defendant may or may not have concerning B. Riley. Defendant further objects that discovery into his personal financial investments, profits, and losses would be an unwarranted and harassing invasion into his personal financial privacy.

**Interrogatory No. 10.**

Excluding public social media posts, identify each person with whom you communicated about your investment activities or transactions related to B. Riley since January 1, 2021, and state the date, substance, and medium of each such communication.

**Answer:**   Objection – unduly burdensome and irrelevant.   Please see Answers to Interrogatory Nos. 1 and 9.

**Interrogatory No. 11.**

Describe all legal proceedings since January 1, 2015 (including those initiated in court or arbitration), in which you have been named as a party, including the parties, the date of commencement, the court and docket number, and the outcome of the proceeding.

**Answer:**   Objection – relevancy.   Defendant contends that any and all legal proceedings that he may have been involved in since January 1, 2015, eight years before the X-post of

10

December 17, 2023 at issue in this matter are not only irrelevant but would not lead to the discovery of any admissible relevant evidence in this case.

**Interrogatory No. 12.**

If any documents or communications responsive to Plaintiff's discovery requests previously were, but no longer are, in your possession, custody, or control (i.e., have been lost, deleted, discarded, or destroyed), describe the materials and explain why they are no longer in your possession, custody, or control.

**Answer:**   Defendant has not destroyed any documents responsive to plaintiff's discovery requests.

**Interrogatory No. 13.**

Identify all witnesses you expect to call at trial.

**Answer:**   Unknown at this time, however, those identified in Defendant's Preliminary Pretrial Statement (Doc. 47) and Defendant's Initial Disclosures may be called at the time of trial.

**Interrogatory No. 14.**

Describe the factual bases for all affirmative defenses asserted in your Answer, including all evidence and witnesses who support or have knowledge of your claims.

**Answer:**   Defendant's Preliminary Pretrial Statement (Doc. 47) discussed each of the affirmative defenses raised in Defendant's Answer.  Evidence and witnesses supporting

11

these affirmative defenses will be developed during the course of discovery.

DATED this 27ᵗʰ day of February, 2026.

STACEY & FUNYAK

By: _____

Calvin J. Stacey
*Counsel for Defendant Marc Cohodes*

As to Objections:              By: _____

Calvin J. Stacey
*Counsel for Defendant Marc Cohodes*

12

## VERIFICATION

STATE OF MT          )
                     :ss
County of Gallatin   )

I, Marc Cohodes, being first duly sworn, deposes and states:

I am the Defendant in the action entitled *Holbrook Holdings, Inc. v. Marc, Cohodes,* Cause No. CV-24-175-BU-JTJ, in the United States District Court for the District of Montana, Butte Division and I have supplied the answers/responses to Defendant's Answers to Plaintiff's First Set of Discovery Requests and Defendant's Responses to Plaintiff's First Set of Requests for Production and state that the answers/responses are true and correct to my own knowledge, except as to those matters stated on information and belief, and as to them I believe them to be true.

DATED this 27 day of February , 2026.

MARC COHODES

STATE OF MT          )
                     :ss
County of Gallatin   )

Subscribed and sworn to before me this 27 day of February , 2026.

Notary Public for the State of Montana
Residing at Belgrade MT
My Commission Expires: 12-8-2029

(Notarial Seal) KELLI ABEE
NOTARY PUBLIC for the
State of Montana
Residing at Belgrade, MT
My Commission Expires
December 8, 2029.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27ᵗʰ day of February, 2026, a copy of the foregoing *Defendant's Answers to Plaintiff's First Set of Interrogatories* was served upon the following counsel of record via U.S. Mail/Email:


Matthew J. Kelly
Tarlow Stonecipher Weamer & Kelly, PLLC
1705 West College Street
Bozeman, MT   59715
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com
Email: hannah.menchel@mwpp.com

By: _____

13