# Exhibit 5

![MWPP - MEIER WATKINS PHILLIPS PUSCH]

**Andy Phillips**
andy.phillips@mwpp.com
847-951-7093

March 5, 2025

Via Email

Calvin J. Stacey
STACEY & FUNYAK
100 N. 27th Street, Suite 700
Billings, MT 59101
cstacey@staceyfunyak.com

> Re:    *Holbrook Holdings, Inc. v. Cohodes*, Case No. CV-24-175-BU-JTJ

Dear Cal:

I am writing to address multiple deficiencies in Defendant Marc Cohodes's February 27, 2026 responses to Plaintiff's first sets of interrogatories (IROGs) and requests for production (RFPs).  This letter is an effort to resolve these issues without motion practice.  To that end, please confirm by March 12 that Mr. Cohodes will cure the deficiencies identified below.  I am, of course, willing to meet and confer by telephone to discuss ways to avoid or limit court intervention.

> I.    **Mr. Cohodes's Interrogatory Responses**.

Several of Mr. Cohodes's responses and objections to Plaintiff's interrogatories are facially deficient, either because Mr. Cohodes asserted improper objections to the request, or failed to meaningfully respond to the substance of the request, or both.

**IROG 1: Describe each instance in which you communicated about Holbrook or any of its principals (Scott Carmack Michal Burns, and Brian Zeck) since January 1, 2022, including:**

> a.    The parties to the communication(s);
>
> b.    The substance of the communication(s);
>
> c.    The date(s) of the communication(s); and
>
> d.    The manner of the communication(s) (i.e., telephone, in-person, email, DM, etc.).

Mr. Cohodes's response to this interrogatory is problematic in several respects.

---

1120 20th Street, NW, Suite 550, Washington, DC 20006    Tel: (202) 318-3655    www.mwpp.com

First, Mr. Cohodes invoked a privilege as to "any and all communications with representatives of the SEC due to state and federal protections afforded defendant (i.e., whistleblower protections)." Mr. Cohodes has not yet provided a privilege log or described the withheld materials in sufficient detail for Holbrook to assess the privilege claim. *See* Fed. R. Civ. P. 26(b)(5)(A). Still, based on the limited information Mr. Cohodes did provide, the privilege claim appears baseless, because the SEC is the holder of the privilege in question, and Mr. Cohodes has no ability to assert it in response to requests directed to him. *See* 15 U.S.C. § 78u-6 (requiring the SEC, not whistleblowers, to maintain confidentiality of whistleblower-related information); *BofI Fed. Bank v. Erhart*, No. 15CV2353 BAS (NLS), 2016 WL 4150983, at *3 (S.D. Cal. Aug. 5, 2016) ("[T]he SEC specifically provides a privilege from disclosure by the SEC, and not by individuals.").[1] Thus, any purported protection by the SEC rules do not apply . . . ."). Given that Mr. Cohodes's privilege objection to this interrogatory is baseless, I ask that it be promptly withdrawn, and that Mr. Cohodes promptly produce any documents and communications withheld on the basis of it.

Second, Cohodes's response alludes to "***telephone conversations***, as well as e-mail correspondence." (Emphasis added.) The response, however, includes none of the requested details about any telephone conversations (i.e., parties, substance, dates) which, again, are not privileged. Please also confirm that Mr. Cohodes will promptly supplement his response to include information about responsive telephone or verbal conversations.

**IROG 5: If you contend that Holbrook or any of its principals has engaged in fraud, state the factual basis for that contention.**

Mr. Cohodes declined to answer this interrogatory because he "has not yet obtained complete discovery" on whether Holbrook or its principals have engaged in fraud. But that puts the cart before the horse. Mr. Cohodes has already accused Holbrook of fraud, (Compl. ¶¶ 95-105), and this interrogatory requires that he either disclaim that belief or identify a factual basis for it. This information is squarely relevant to the falsity and fault elements of Holbrook's defamation claim. *See Rapp v. Hampton Mgmt. LLC*, No. CV 18-16-BU-BMM-JCL, 2018 WL 3570236, at *2 (D. Mont. July 24, 2018) (discussing falsity element); *Madison v. Yunker*, 180 Mont. 54, 589 P.2d 126, 132–33 (Mont. 1978) (discussing fault element).

Further, because Mr. Cohodes has raised several truth-based affirmative defenses, (*see* First, Second, and Third Affirmative Defenses), any prematurity argument

---

[1] Even if the discovery in question was sought from the SEC, Mr. Cohodes would have waived the purported privilege by publicly bragging about his communications with the SEC. *See BofI Fed. Bank*, 2016 WL 4150983, at *3 ("[W]hen Erhart filed his complaint, he revealed his identity as a whistleblower.")

is doomed to fail. *See Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2009 WL 73671, at *2 (D. Ariz. Jan. 9, 2009) ("Defendants, who asserted affirmative defenses in their Answer, must have contemplated a Rule 11 basis in law or fact when they asserted these defenses and should be required to reveal this Rule 11 basis, as well as other presently-known facts on the matter, when responding to Plaintiffs' contention interrogatory, regardless of how much discovery has transpired."). Mr. Cohodes is certainly entitled to supplement his response to this interrogatory as discovery progresses, but the stage of the case is not a valid basis to refuse to substantively respond to this request. *See Livingston v. Berger*, No. CV 2019-0012, 2022 WL 613277, at *4 (D.V.I. Mar. 1, 2022) ("[A]ll that is required is that a party state the facts in its possession. . . . And, there should be some such facts from the outset of the litigation because Rule 11 requires that counsel have a good faith basis for the assertions in pleadings.").

Please confirm that Cohodes will promptly supplement his response to this interrogatory.

IROG 9: Describe each instance, since January 1, 2021, in which you borrowed, loaned, purchased, sold, or engaged in any transaction related to B. Riley securities or derivatives, including:

    a.     The nature of each transaction (including whether you took a short position on B. Riley securities);

    b.     The terms of each transaction;

    c.     The date of each transaction;

    d.     All parties to each transaction;

    e.     The trading platform(s) or exchange(s) used for each transaction; and

    f.     Your profits and losses from each transaction.

Mr. Cohodes refused to answer this interrogatory, objecting on relevance and financial privacy grounds. Both objections are misplaced.

Mr. Cohodes's short position in B. Riley is relevant to actual malice (or a lesser standard of fault) because it shows financial motive to defame Holbrook. As the Complaint alleges, Mr. Cohodes took a short position in B. Riley and then, hoping to profit from that bet, tried to drive down the company's stock price by publicly accusing it of corruption and fraud. (Compl. ¶ 51.) Once Holbrook questioned Mr. Cohodes's conduct, Mr. Cohodes had similar reason to try and discredit Holbrook. (*Id.* ¶¶ 55-58.) These circumstances are squarely relevant to the fault element of Plaintiff's claims, both

with respect to liability and punitive damages. *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) ("[I]t cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry."); *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1136 (9th Cir. 2003) (noting that "financial motive" is a "relevant factor bearing on the actual malice inquiry"); *Coomer v. Make Your Life Epic LLC*, No. 21-CV-03440-WJM-KAS, 2023 WL 12134507, at *4 (D. Colo. Dec. 7, 2023) (partially granting plaintiff's motion to compel financial information in defamation case because it was relevant to actual malice).

This is also the sort of background evidence that courts routinely admit to help jurors place events in context. *See* Fed. R. Evid. 401 advisory committee's note to 1972 proposed rules ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding."). That is especially important in defamation cases because defamatory statements must be assessed in context, not isolation. *Jonas v. Lake Cnty. Leader*, 953 F. Supp. 2d 1117, 1123 (D. Mont. 2013).

Mr. Cohodes's financial privacy objection is likewise improper. In *Coomer*, the U.S. District Court for the District of Colorado overruled a similar objection in analogous circumstances. Applying a test that considers (1) the plaintiff's compelling need for the information, (2) whether a less intrusive alternative exists, and (3) the relevance of the information, the court found that each factor favored the plaintiff:

> *Here, as already discussed, Defendants' financial information is relevant to Plaintiff's defamation claim, and Plaintiff has a compelling need for this information to marshal evidence to support the actual malice element of the defamation claim. Though this is circumstantial evidence, Plaintiff is unlikely to prove awareness of falsehood from the mouth of Defendants.*

*Coomer*, 2023 WL 12134507, at *6 (cleaned up). There is no reason to think the Court would rule differently here.

Finally, to the extent there is a need to safeguard a party's legitimate confidentiality and privacy interests, the solution is not a refusal to produce, but an agreed protective order limiting disclosure of the information claimed to be confidential. *Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (partially granting motion to compel over privacy objection because "concern about protecting privacy interests and confidential/proprietary information could be addressed through a protective order."). To that end, as we have already discussed, I am happy to collaborate on presenting an appropriate protective order for the Court's approval.

Please confirm that Mr. Cohodes will promptly supplement his response to this interrogatory.

**IROG 10: Excluding public social media posts, identify each person with whom you communicated about your investment activities or transactions related to B. Riley since January 1, 2021, and state the date, substance, and medium of each such communication.**

Mr. Cohodes responded to this interrogatory by objecting on burden and relevance grounds and referencing his responses to IROGs 1 and 9. But those responses are deficient for the reasons explained above. And even if they were complete, Mr. Cohodes's burden and relevancy objections to IROG 10 give no indication whether he is withholding additional responsive information on those grounds. These generic, unexplained objections are plainly insufficient under the federal and local rules. *See* Fed. R. Civ. P. 33(b)(4) (objections "must be stated with specificity"); Local Rule 26.3(a)(2) ("Each objection must be followed by a statement of reasons.").

Please confirm that Mr. Cohodes will promptly supplement his response to this interrogatory.

**IROG 11: Describe all legal proceedings since January 1, 2015 (including those initiated in court or arbitration), in which you have been named as a party, including the parties, the date of commencement, the court and docket number, and the outcome of the proceeding.**

Mr. Cohodes objected on relevance grounds and refused to answer, but this is yet another misguided objection. Courts routinely allow discovery into prior litigation history for any number of purposes. For example, a defendant's litigation history can demonstrate willfulness or culpability. *See Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 504–05 (N.D. Ill. 2009) (partially granting motion to compel litigation history). It can also be relevant to credibility. *See Burgholzer v. Costco Wholesale Corp.*, No. 3:10-CV-931-J-20JRK, 2011 WL 13141504, at *2 (M.D. Fla. Dec. 8, 2011) (partially granting motion to compel litigation history).

Mr. Cohodes's willfulness and credibility are both at issue in this case. As the complaint alleges, this is not the first time that Mr. Cohodes has tried to improperly manipulate stock prices. (Compl. ¶¶ 30-31), nor is it the first time that he has maliciously attacked those who dared to question him. Mr. Cohodes's history of similar misconduct is relevant to liability and could well inform a punitive damages award in this case. *See* 27–1–221(8)(b), MCA (factors judge may consider when awarding punitive damages includes "intent of the defendant" and "previous awards of punitive or exemplary damages against the defendant based on the same wrongful act"); *cf. Parrick v. FedEx Ground Package Sys., Inc.*, No. CV 09-95-M-DWM-JCL, 2010 WL 2178570, at *2 (D. Mont. May 26, 2010) (noting that, in car accidence case, evidence of driver's past citations would go to the issue of punitive damages). And Mr. Cohodes has put his

credibility and investment history at issue by invoking his "experience and expertise in identifying and exposing fraudulent, deceptive, and imprudent behavior in the financial market" in explaining how he supposedly fact-checked his claims about Holbrook. (*See, e.g.*, Cohodes's Resp. to IROG 8.)

In the interests of avoiding motion practice, Holbrook is willing to narrow the information it would accept as a complete response to IROG 11. Please confirm that Mr. Cohodes will promptly supplement his response to provide the requested information for any case in which he was accused of fraud, deception, perjury, untruthfulness, defamation, securities law violations, or market manipulation of any kind.

**IROG 14: Describe the factual bases for all affirmative defenses asserted in your Answer, including all evidence and witnesses who support or have knowledge of your claims.**

Mr. Cohodes responded to this interrogatory by referencing his pretrial statement (Doc. 47), but that document does not identify facts supporting each of Holbrook's affirmative defenses. It merely recites legal elements of the claims and defenses in this case. Those formulaic statements are not sufficient. As explained above in connection with IROG 5, Mr. Cohodes must identify facts in his possession supporting his affirmative defenses, regardless of how much discovery has transpired. If he can't do that, then he needs to withdraw his affirmative defenses. *See Firetrace USA, LLC*, 2009 WL 73671, at *2; *Livingston*, 2022 WL 613277, at *4.

Please confirm that Mr. Cohodes will promptly supplement his response to this interrogatory with a full description of all facts supporting his affirmative defenses.

II.    **Mr. Cohodes's Responses to Plaintiff's Requests for Production.**

Several of Mr. Cohodes's responses and objections to Plaintiff's document requests are also deficient.

**RFP 5: All documents concerning your investment activities (including borrowing, lending, purchasing, or selling securities or derivatives) related to B. Riley, including documents sufficient to identify:**

a.    The nature of such investment activities;

b.    The terms of all transactions related to such investment activities;

c.    The dates of such investment activities;

d.    The amounts you paid or received in connection with such investment activities; and

e.    Your profits or losses in connection with such investment activities.

Mr. Cohodes objected to this RFP on relevance, burden, and privacy grounds, citing his response to IROG 9.  That response is deficient for the reasons explained above, and the documents requested by RFP 5 are relevant and discoverable for the same reasons that information responsive to IROG 9 is relevant and discoverable. Mr. Cohodes's investment activities related to B. Riley go directly to actual malice and provide basic background information about the dispute between Holbrook and Mr. Cohodes.  As for Cohodes's financial privacy claim, again, that claim fails on the merits, *see Coomer*, 2023 WL 12134507, at *6, and a protective order would adequately address any legitimate privacy concerns.

Please confirm that Mr. Cohodes will promptly produce documents responsive to RFP 5.

### RFP 6: All communications referencing or relating to B. Riley, including but not limited to your investment activities concerning B. Riley.

Mr. Cohodes objected to this RFP on burden, relevancy, and privilege grounds, however, none of these objections are proper.  First, Mr. Cohodes failed to object with the specificity required by federal and local rules.  *See* Fed. R. Civ. P. 33(b)(4); Local Rule 26.3(a)(2).  Second, the requested documents are relevant and discoverable for the same reasons as RFP 5, the only difference being that RFP 6 seeks communications relating to Mr. Cohodes's investments concerning B. Riley.  And third, as explained above, Mr. Cohodes's privilege claim as to communications with SEC has no basis in law.

Please confirm that Mr. Cohodes will promptly produce documents responsive to RFP 6.

### RFP 8: Documents sufficient to show each instance, between January 1, 2022 and present date, in which you publicly attacked a company you had shorted.

Mr. Cohodes objected to this RFP on relevance and burden grounds.  Again, though, he failed to state either objection with the required specificity.  *See* Fed. R. Civ. P. 33(b)(4); Local Rule 26.3(a)(2).  The requested documents, moreover, are relevant and discoverable.  As the Complaint alleges, Mr. Cohodes's modus operandi is to short companies and then publicly attack them in efforts to drive down their stock prices. (Compl. ¶¶ 1-3.)  That is what Holbrook alleged Mr. Cohodes did here.  (*Id.* ¶¶ 5-13.) Evidence that Mr. Cohodes has done the same thing in the past is obviously probative. And while evidence need not be admissible to be discoverable, admissibility is no problem here.  Evidence of Mr. Cohodes's prior attacks on companies he shorted could be used for several non-propensity purposes (such as intent, plan, or knowledge) or to prove that Mr. Cohodes acted consistent with his routine investment practice when he defamed Holbrook in hopes that B. Riley's stock would drop.  *See* Fed. R. Civ. P. 404(b)(2) (evidence of crimes, wrongs, or other acts can be admissible to prove intent, plan, or

knowledge, among other things); Fed. R. Civ. P. 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."). And as explained above, this kind of evidence is also relevant to punitive damages. *See* 27–1–221(8)(b), MCA.

Please confirm that that Mr. Cohodes will promptly produce documents responsive to RFP 8.

**RFP 9: All documents and communications related to the veracity of your claims about companies that you shorted between January 1, 2022 and present date.**

Mr. Cohodes objected to this RFP on relevance and burden grounds. Both objections, however, are deficient for the same reasons Mr. Cohodes's objections to RFP 8 are deficient. Mr. Cohodes failed to articulate his objections with specificity. Further, evidence that Mr. Cohodes's playbook involves lying about companies to drive their values down is relevant and admissible, including under federal rules 404(b)(2) and 406.

Please confirm that Mr. Cohodes will promptly produce documents responsive to RFP 9.

**RFP 11: All communications with the United States Securities and Exchange Commission relating to B. Riley and/or Holbrook.**

Mr. Cohodes refused to produce documents responsive to this RFP, citing an unspecified privilege applicable to communications with the SEC. As explained above, this privilege claim is groundless. Even if it weren't, Mr. Cohodes waived any privilege by referencing his communications with the SEC in public X posts. Further, Mr. Cohodes failed to provide the information required by Federal Rule of Civil Procedure 26(b)(5)(A).

Please confirm that Mr. Cohodes will produce documents responsive to RFP 11.

**RFP 14: All documents and communications you obtain pursuant to any public records request, subpoena, or investigation in connection with this action.**

Mr. Cohodes responded to this RFP by stating, "[n]one. Any documentation obtained by counsel is protected by the attorney work product." There are several problems with this response. For one, the response is unclear as to whether Mr. Cohodes has any responsive documents and is withholding them on privilege grounds. Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 34(b)(2)(C). To the extent that he is, documents that Mr. Cohodes obtains from third parties in connection with public records requests, subpoenas, or investigations are presumptively non-privileged. If Mr. Cohodes does have responsive materials but is withholding them on privilege grounds, then he needs to provide the information necessary for Holbrook to assess the privilege claim.

Please confirm that Mr. Cohodes will produce documents responsive to RFP 14.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Please confirm by March 12 that Mr. Cohodes will cure the above deficiencies, including by producing responsive information and documents, for IROGs 1, 5, 9, 10, 11, and 14; and RFPs 5, 6, 8, 9, 11, and 14. Please also advise whether you'd like to collaborate on a protective order to address your client's claimed privacy concerns. As stated, I am happy to meet and confer on the phone about the issues raised in this letter.

Kind regards,

Andy Phillips

cc: Matt Kelly