# Exhibit 7

# STACEY & FUNYAK
### ATTORNEYS AT LAW
### THE GRAND BUILDING, SUITE 700
### 100 NORTH 27TH STREET
### P.O. BOX 1139
### BILLINGS, MONTANA 59103-1139

CALVIN J. STACEY

KEVIN M. FUNYAK                                                    PHONE:  406-259-4545

MORGAN M. SORENA*                                                  FAX:  406-259-4540

 *Also Licensed in California & New York

April 3, 2026

***Via Email Only***
***andy.phillips@mwpp.com***

Andrew C. Phillips
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC    20006

**RE:   *Holbrook Holdings, Inc. v. Marc Cohodes***
         **Case No.      CV-24-175-BU-DLC**

Dear Andy:

First of all, thanks for the additional time in which to respond to your March 5, 2025 letter raising a number of issues in respect to Mr. Cohodes' discovery responses. Although you graciously granted additional time to work through these issues, we continue to do so and as reflected in this letter, I will be advising as to what discovery responses will continue to be examined for future supplementation. I will formally supplement the discovery responses but thought it best to provide you with our initial response by way of this letter.

We would be more than happy to visit concerning the discovery issues that remain once you have had a chance to review everything. Again, we continue to examine what additional information, responsive to the discovery requests, can and will be provided.

For purposes of this letter, I will start with the discovery requests, in the order found in your March 5, 2025 letter and provide our responses.

## 1.    INTERROGATORY NO. 1

As you know, this interrogatory asked Mr. Cohodes to describe each instance in which he may have communicated about Holbrook or any of its principals since January 1, 2022 and in doing so, identify the parties to the communications, the substance of the communication, the dates of the communications and the manner of the communications. You contend that Mr. Cohodes cannot invoke a privilege in respect to communications with the SEC, thus you asked that this privilege objection be withdrawn and that Mr. Cohodes produce any documents and communications withheld on that basis.

Mr. Andrew Phillips
April 3, 2026
Page 2

We will withdraw the objection to the SEC filings concerning Holbrook based upon the privilege contention with the SEC. In that regard, I am enclosing a copy of the Declaration of Defendant Marc Cohodes filed in the declaratory judgment action initiated by State Farm and Casualty Company which of course also includes Holbrook Holdings, Inc. as a defendant. Mr. Cohodes' Declaration is also responsive to a number of other discovery requests at issue in this matter but more specifically, in regard to the SEC communications, attached to Mr. Cohodes' Declaration, you will find TCR's concerning Holbrook Holdings, Inc. sent to the SEC on November 12, 2024 and May 19, 2025. I believe that these documents are responsive to Interrogatory No. 1 identifying the parties to the communications, the substance of the communications, the dates of the communications and the manner of the communications.

Additionally, I am continuing to investigate as to whether or not there are any additional TCR's responsive to this discovery request and will provide those if appropriate. Therefore, we have responded fully to the privilege issue raised by way of your March 5, 2025 letter.

Also, in regard to Interrogatory No. 1, you requested additional information about telephone or verbal conversations that Mr. Cohodes may have had in respect to Holbrook Holdings, Inc. As we indicated in the Answer to Interrogatory No. 1, Mr. Cohodes has had telephone conversations with Jennifer Calabrese, dates unknown at this time, but the substance of those conversations would obviously revolve around the statements found in the two TCR's. As for other telephone conversations with other individuals, Mr. Cohodes cannot recall, at this time, with any specificity, who he may have talked to other than those identified in response to Interrogatory No. 1 (a) and has no definite recollection of the substance of the communications other than presumably to discuss the matters contained in the TCR's as well as the information revealed in his Declaration.

## 2.    INTERROGATORY NO. 5

In respect to Interrogatory No. 5 which as drafted asked Mr. Cohodes if he contends that Holbrook or any of its principals "has engaged in fraud," and if so, state the factual basis for that contention. Mr. Cohodes responded by stating that to the extent Holbrook Holdings, Inc. contends that any statement made by Mr. Cohodes is defamatory and that Holbrook Holdings, Inc. "has engaged in fraud," Mr. Cohodes is entitled to seek discovery as to the truth of that alleged assertion or implication. You contend that Mr. Cohodes has accused Holbrook of fraud and he either has to disclaim that belief or identify a factual basis for it. You refer us to paragraphs 95-105 of the Complaint which focuses on the February 29, 2024 X post.

Mr. Andrew Phillips
April 3, 2026
Page 3

This post states that "he is in on the fraud." It does not state that someone has "engaged in fraud." We rely upon the Declaration of Mr. Cohodes which outlines the basis for his opinions as well as the detailed letter of Fred Norton dated October 4, 2024 and the TCRs discussing the facts and information relied upon by Mr. Cohodes in regard to his opinions and his X posts, especially in respect to any reference to "fraud."

## 3.    INTERROGATORY NO. 9

Interrogatory No. 9 requested detailed information from Mr. Cohodes concerning any financial transactions that he may have made related to B. Riley securities or derivatives has been objected to on several different grounds. We continue to stand on those grounds but are willing to discuss with you whether or not there is some common ground upon which discovery, on a limited basis, can be conducted in regard to Mr. Cohodes' transactional history. As everyone knows and as reflected in Mr. Cohodes' Declaration and the documents produced (TCRs) Mr. Cohodes held short positions in B. Riley's stock. I understand your contention that this information may be relevant to a "malice" claim by Holbrook Holdings, Inc. and certainly Holbrook Holdings, Inc. can contend that Mr. Cohodes was motivated by financial reasons when making his X post, but other than the admission that Mr. Cohodes has taken a short position on B. Riley Securities, the terms of each transaction, the date of each transaction, the parties to each transaction, the trading platforms for each transaction and finally Mr. Cohodes' "profits and losses from each transaction" are not relevant. As an alternative, we are willing to discuss with you whether or not there is a compromise that can be reached so that in general, some of this information can be provided, perhaps pursuant to a Protective Order but we must stand by our objections at this point in time in regard to responding to each of those items found in Interrogatory No. 9(b)-(f).

## 4.    INTERROGATORY NO. 10

In response to Interrogatory No. 10, beyond the objections for unduly burdensome and irrelevant grounds, we referred to the Answers to Interrogatory Nos. 1 and 9. Now, with the production of Mr. Cohodes' Declaration and the attachments, I believe that we have identified each person with whom Mr. Cohodes may have communicated with about investment activities or transactions related to B. Riley since January 1, 2021 as well as as much information available concerning when that may have occurred, the substance and the medium of each communication. This would of course include the TCRs which provide detailed information responsive to this Interrogatory. I would once again refer back to the information now being provided to Interrogatory No. 1.

Mr. Andrew Phillips
April 3, 2026
Page 4

**5.      INTERROGATORY NO. 11**

We will supplement this Interrogatory Answer by providing you, to the best of our ability, a description of legal proceedings Mr. Cohodes has been involved in as a party since January 1, 2015. I am in the process of obtaining that information from counsel handling those cases on behalf of Mr. Cohodes. I was hopeful that I would have that list for you by now but hopefully next week I will be able to provide you with the list of litigation and hopefully identification of the parties and a court or docket number so that your office can readily obtain any and all documents from those litigated matters.

**6.      INTERROGATORY NO. 14**

This Interrogatory asked for a description of the factual basis for all affirmative defenses asserted in the Answer including all evidence and witnesses who support or have knowledge of these defenses. The Answer provided referred to Defendant's Preliminary Pretrial Statement (Doc. 47) which discussed in part each of the affirmative defenses and further indicated that evidence and witnesses supporting these affirmative defenses will be developed during the course of discovery. It is your contention that the Pretrial Statement does not identify facts supporting each of the affirmative defenses raised in this matter.

As you know, the Answer in respect to each affirmative defense indicates that the affirmative defense is subject to amendment and is being raised at this point in the proceedings in order not to have it waived. To claim that at this point in the proceedings Mr. Cohodes must set forth all evidence and witnesses who support each affirmative defense is not realistic and it is our contention not consistent with Montana law. I do not believe that there is a requirement for a party to provide detailed facts in response to a discovery request of this type thus we will continue to stand by our Answer. This request also seeks attorney work product information, however, for supplementation purposes, the witnesses identified in response to Interrogatory No. 1 are those who, at least in this point in time, we believe have knowledge concerning the affirmative defenses. The facts will be developed through depositions of these individuals. Evidence that is being produced in discovery by not only Mr. Cohodes but Holbrook Holdings, Inc. as well as documents responsive to subpoenas served upon other parties by Holbrook Holdings, Inc. may be relied upon as evidence in support of some or all of the affirmative defenses. In regard to the subpoenas, has Holbrook Holdings, Inc. received any responses and documentation from those served with the subpoenas? If so, I would greatly appreciate receiving copies of the responses to each of the subpoenas.

In order to avoid any significant discovery dispute in regard to Interrogatory No. 14, we will continue to review and identify any and all witnesses that may have information in regard to the affirmative defenses, some of which I anticipate will be voluntarily dismissed

Mr. Andrew Phillips
April 3, 2026
Page 5

as the case progresses forward. We also rely upon the documentation supplied in conjunction with Mr. Cohodes' Declaration.

## 7.    REQUEST FOR PRODUCTION NO. 5

This Request for Production seeks documents related to Interrogatory No. 9 which is discussed above. Once we are able to resolve Interrogatory No. 9, documentation, pursuant to a Protective Order, may be produced.

## 8.    REQUEST FOR PRODUCTION NO. 6

You seek communications referencing or relating to B. Riley including but not limited to Mr. Cohodes' investment activities concerning B. Riley. With the Declaration of Mr. Cohodes and the TCRs, we have supplemented this Response and we have provided all available X posts that relate to B. Riley and continued to determine if there is some way, through IT, to retrieve any other X posts that may have been generated by Mr. Cohodes referencing B. Riley. We will supplement if that is achievable but in the meantime, we believe that we have produced everything within our power to do so responsive to this Request for Production.

## 9.    REQUEST FOR PRODUCTON NO. 8

We will provide you with a list, to the best of Mr. Cohodes' knowledge, of companies which he has "shorted" however the manner in which this Request for Production was drafted, we take issue with the allegation that he "publicly attacked a company." As reflected in Mr. Cohodes' Declaration, he has "shorted" a number of publicly traded companies. (See ¶ 4 of Declaration). Responsive to this discovery request, again we will put together a more complete list but I anticipate that it will include Silvergate Bank, Signature Bank, Carvana and others.

## 10.    REQUEST FOR PRODUCTION NO. 9

This discovery request seeks all documents and communications related to the "veracity" of companies which he may have shorted in the past between January 1, 2022 and the present date. We believe that this is not relevant evidence in this case and certainly is burdensome. It is not relevant because it has nothing to do with the three X posts which Holbrook Holdings, Inc. contends are defamatory causing it damages. Holbrook Holdings, Inc. apparently contends that "Mr. Cohodes' playbook involves lying about companies to drive their values down," thus is relevant. This is a serious allegation as against Mr. Cohodes and if false, would be defamatory. However, to seek in this litigation all documents and communications which Holbrook Holdings, Inc. wants Mr. Cohodes to

Mr. Andrew Phillips
April 3, 2026
Page 6

produce, related to the veracity of his claims about companies which he shorted is not only irrelevant but burdensome. I would anticipate that Holbrook Holdings, Inc., if it believes that this significant allegation is true, would be in a position to independently establish those facts to support that allegation.

## 11.     REQUEST FOR PRODUCTION NO. 11

We have produced the communications with the SEC in regard to Holbrook Holdings, Inc. and will continue to assemble any and all other SEC correspondence that may relate to B. Riley.

## 12.     REQUEST FOR PRODUCTION NO. 14

This Request sought documents and communications Mr. Cohodes has obtained pursuant to any public records request, subpoena or investigation in connection with this lawsuit. The Answer was "none." We stand by that Answer. Mr. Cohodes has not received any documents responsive to this Request related to this action. Any documents, assuming that there are any, obtained by counsel would obviously be protected by the attorney work product doctrine. I apologize if there was any confusion in regard to what I believed was a simple response to this Request which is that we have nothing to produce in connection with this action.

Let's visit. Perhaps we can work on making sure that if we have to go to the Court we do so on discovery issues which need to be resolved by the Court.

Happy Easter.

Sincerely yours,

*Calvin J. Stacey*

Calvin J. Stacey
CJS:bls/trl

Enclosure
cc:     Matt Kelly
bcc:     Marc Cohodes
         Fred Norton

*Via electronic signature for emailing purposes only.*