# Exhibit 8

**MWPP** | MEIER
WATKINS
PHILLIPS
PUSCH

**Andy Phillips**
andy.phillips@mwpp.com
847-951-7093

April 13, 2026

**Via Email**

Calvin J. Stacey
STACEY & FUNYAK
100 N. 27th Street, Suite 700
Billings, MT 59101
cstacey@staceyfunyak.com

   Re: *Holbrook Holdings, Inc. v. Cohodes*, Case No. CV-24-175-BU-JTJ

Dear Cal:

  I write in reply to your April 3, 2026 letter regarding deficiencies in Defendant Marc Cohodes's February 27, 2026 responses to Plaintiff's first sets of interrogatories (IROGs) and requests for production (RFPs).  While I appreciate your and Mr. Cohodes's efforts to address some of those deficiencies, many of the responses proposed in your April 3 letter are insufficient, and Mr. Cohodes's bare-bones document production to date is plainly deficient.

  I. **Mr. Cohodes's Interrogatory Responses**.

  Several of Mr. Cohodes's responses to Plaintiff's interrogatories remain facially deficient.

**IROG 1: Describe each instance in which you communicated about Holbrook or any of its principals (Scott Carmack, Michael Burns, or Brian Zeck) since January 1, 2022, including: (a) The parties to the communication(s); (b) The substance of the communication(s); (c) The date(s) of the communication(s); and (d) The manner of the communication(s) (i.e., telephone, in-person, email, DM, etc.).**

  Mr. Cohodes has not fairly responded to this request by identifying individuals with whom he has communicated about Plaintiff. Indeed, in response to Interrogatory No. 1, your letter included a May 19, 2025 supplemental TCR concerning Plaintiff, which you say is responsive as far as Mr. Cohodes's communications with the SEC. But the Interrogatory does not ask only about communications with the SEC. That supplemental TCR cross-references "three additional TCRs submitted jointly by Mr. Cohodes and [another person]," whose name is redacted in the version attached to your letter.  That

person is obviously someone that Mr. Cohodes has communicated with about Plaintiff, but he or she is not identified in response to Interrogatory No. 1. We also know from third-party discovery that your client communicated with Hedgeye about our client. Those communications were not identified in response to Interrogatory No. 1 (nor have they been produced by Mr. Cohodes).

In sum, it is evident that your client has communicated with third parties about my client, but your client has refused to identify those persons. We are entitled to this information. Please confirm that Mr. Cohodes will promptly provide a sufficient response to Interrogatory No. 1. If Mr. Cohodes does not commit to doing so, we will have no choice but to move to compel the information.

**IROG 5: If you contend that Holbrook or any of its principals has engaged in fraud, state the factual basis for that contention.**

In response to Interrogatory No. 5, your letter states that you "rely upon the Declaration of Mr. Cohodes which outlines the basis for his opinions as well as the detailed letter of Fred Norton dated October 4, 2024 and the TCRs discussing the facts and information relied upon by Mr. Cohodes in regard to his opinions and his X posts, especially in respect to any reference to 'fraud.'"

That won't do. Plaintiff is entitled to an under-oath response to the interrogatory as propounded. Mr. Cohodes's assemblage of documents—some sworn, others not; some from Mr. Cohodes himself, others not; none directly addressing the interrogatory in question—falls short of what's required under Rule 33(b)(3) of the Federal Rules of Civil Procedure.

Again, then, please confirm that Mr. Cohodes will promptly supplement his response to this interrogatory.

**IROG 9: Describe each instance, since January 1, 2021, in which you borrowed, loaned, purchased, sold, or engaged in any transaction related to B. Riley securities or derivatives, including: (a) The nature of each transaction (including whether you took a short position on B. Riley securities); (b) The terms of each transaction; (c) The date of each transaction; (d) All parties to each transaction; (e) The trading platform(s) or exchange(s) used for each transaction; and (f) Your profits and losses from each transaction.**

Your letter states that Mr. Cohodes will not provide information about his involvement in transactions regarding B. Riley securities or derivatives. According to your letter, it is sufficient that Plaintiff knows Mr. Cohodes has taken a short position on B. Riley Securities; you argue that "the terms of each transaction, the date of each

transaction, the parties to each transaction, the trading platforms for each transaction and finally Mr. Cohodes' 'profits and losses from each transaction' are not relevant."

That's not so. Consider, for example, just the first item: "the terms of each transaction." In ascertaining Mr. Cohodes's motives to push a false narrative about Plaintiff and B. Riley, the amount he stood to lose or gain from that narrative is plainly relevant and, thus, properly discoverable.

To the extent Mr. Cohodes's objections are privacy-related, they can be addressed by a protective order, which Plaintiff and the Court have both indicated a willingness to enter. Having addressed that potential objection, please confirm that Mr. Cohodes will promptly provide Plaintiff with all the information it has requested via this interrogatory.

**IROG 14: Describe the factual bases for all affirmative defenses asserted in your Answer, including all evidence and witnesses who support or have knowledge of your claims.**

Your letter indicates that Mr. Cohodes has not yet settled on the affirmative defenses he will raise in this litigation, but that he "will continue to review and identify any and all witnesses that may have information in regard to the affirmative defenses" as discovery progresses. Consistent with that representation, please confirm that Mr. Cohodes will regularly and promptly supplement his response to this interrogatory as discovery progresses.

II.     Mr. Cohodes's Responses to Plaintiff's Requests for Production.

It is apparent that Mr. Cohodes has not produced documents requested by Plaintiff, and indeed he appears to have made little effort to do so.

**RFP 2: All documents and communications referencing or relating to Holbrook or its principals Scott Carmack, Michael Burns, and Brian Zeck.**

In response to this RFP, Defendant directed Plaintiff to copies of correspondence between Defendant's and Plaintiff's counsel, as well as public social media posts by Defendant. But this request is far broader, and Defendant has not fairly responded to it, let alone produced responsive materials. As noted above, the redacted SEC submissions submitted in the insurance action confirm that Mr. Cohodes was working with an unidentified individual to target Plaintiff, but no correspondence with that person has been produced. As set forth below, we know from third party discovery that Plaintiff communicated with individuals at Hedgeye about Plaintiff, but those communications were not produced. Again, Defendant has produced no communications concerning Plaintiff other than those between counsel and those already publicly available. Please confirm promptly that Defendant will produce all materials sought by RFP 1, and that

this will include conducting reasonably diligent searches of Defendant's text messages, emails, and direct messages.

**RFP 4: All communications with Keith McCullough, or any other representatibve of Hedgeye, relating to or referencing Holbrook or its principals Scott Carmack, Michael Burns, and Brian Zeck.**

Defendant's February 27, 2026 response to this RFP states that there are "[n]one known in the possession of Defendant," though Defendant noted that Plaintiff had served a subpoena for documents on Hedgeye. That response was untruthful; the subpoena ultimately resulted in Hedgeye producing numerous communications between its agents and Mr. Cohodes. Either Mr. Cohodes was lying when he said none existed, or he made no real effort to search for them, or he has deleted them. Please promptly let us know which one is correct. And again, more broadly, we ask that you commit to promptly conducting a diligent search of electronic records for all responsive documents and communications—as it is clear that to date that has not happened.

**RFP 5: All documents concerning your investment activities (including borrowing, lending, purchasing, or selling securities or derivatives) related to B. Riley, including documents sufficient to identify: (a) The nature of such investment activities; (b) The terms of all transactions related to such investment activities; (c) The dates of such investment activities; (d) The amounts you paid or received in connection with such investment activities; and (e) Your profits or losses in connection with such investment activities.**

Your letter ties Mr. Cohodes's response to this request to his response to Interrogatory No. 9. For the reasons articulated above, Mr. Cohodes's response to Interrogatory No. 9 is due to be supplemented. Crafting a protective order to cover this portion of Mr. Cohodes's response also should not be an issue. In light of that, please confirm that, upon entry of an appropriate protective order, Mr. Cohodes will promptly supplement his response to this request.

**RFP 6: All communications referencing or relating to B. Riley, including but not limited to your investment activities concerning B. Riley.**

Your letter states that Mr. Cohodes has "produced everything within [his] power to do so responsive to this Request for Production." But Mr. Cohodes's production does not include any emails or text messages. Please confirm that you and Mr. Cohodes have searched his emails, text messages, and other electronic and written correspondence. If such a search has not been undertaken, please conduct it at once and produce all responsive documents it uncovers.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Please confirm by April 17 that Mr. Cohodes will cure the above deficiencies, including by producing responsive information and documents, for IROGs 1, 5, 9, and 14; and RFPs 5 and 6.  Please also advise whether you'd like to collaborate on a protective order to address your client's stated privacy concerns. I am, of course, happy to meet and confer on the phone about the issues raised in this letter, but it is important that Defendant put his positions in writing in the event that Plaintiff needs to seek relief from the Court.

Kind regards,

Andy Phillips

cc: Matt Kelly