# Exhibit 9

### STACEY & FUNYAK

**ATTORNEYS AT LAW**
**THE GRAND BUILDING, SUITE 700**
**100 NORTH 27TH STREET**
**P.O. BOX 1139**
**BILLINGS, MONTANA 59103-1139**

**CALVIN J. STACEY**
**KEVIN M. FUNYAK**
**MORGAN M. SORENA\***
 *\*Also Licensed in California & New York*

**PHONE:  406-259-4545**
**FAX:  406-259-4540**

April 17, 2026

*<u>Via Email Only</u>*
*<u>andy.phillips@mwpp.com</u>*

Andrew C. Phillips
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC   20006

**RE:   *Holbrook Holdings, Inc. v. Marc Cohodes***
      ***Case No.     CV-24-175-BU-DLC***

Dear Andy:

As things go, I have not been able to devote sufficient attention to this file this week in order to fully and completely respond to the issues raised most recently by way of your April 13, 2026 letter as well as the accompanying email. In regard to some of the issues, as you might guess, Mr. Cohodes' longtime attorney, Mr. Fred Norton from California is assisting me in trying to obtain documents and other information responsive to the written discovery requests. Unfortunately between both my and Mr. Norton's recent schedule, we have been unable to discuss fully the issues. As I write you this letter I am awaiting certain documentation from Mr. Norton's office that I understand is being sent which we will be producing in response to some of the discovery requests.

It is my hope that early next week I will have more information to share with you but did not want to ignore today's deadline. With all of that in mind, here is what I can tell you:

1. I have requested from Mr. Norton copies of all TCRs that have been referenced not only by way of Mr. Cohodes' Declaration in the declaratory judgment action but anything to do with your client or B. Riley. Specifically, the following TCRs, both original and any supplemental submissions, will be produced:

   **TCR 17013-051-624-477**
   **TCR 17253-741-928-245**
   **TCR 17314-902-577-371**
   **TCR 17358-507-891-255**

Mr. Andrew Phillips
April 17, 2026
Page 2

These documents will be additional information responding to Interrogatory No. 1

As for the redacted name in the TCR previously disclosed, you are incorrect, this individual was identified in response to Interrogatory No. 1. I have no problem specifically identifying this individual for you, since we have identified him previously in Response to Interrogatory No. 1 but I am awaiting word from Mr. Norton that he does not have any issue with doing so since this individual is his client.

Thank you for sending me the Hedgeye documents received in response to the subpoena duces tecum. I have reviewed them and must take issue with the allegation that Mr. Cohodes' previous response that none existed was not truthful. Obviously he did have some communications with Hedgeye but other than trying to work on scheduling his meeting with Hedgeye and producing Mr. Norton's letter sent to counsel for Holbrook Holdings, Inc., there was nothing else within those documents that would suggest that Mr. Cohodes' response was not truthful. Instead, it was his belief that he had not communicated with Hedgeye about either Holbrook Holdings or B. Riley and I do not find anything in those documents that are much in the way of assistance to your client. however, we will be adding as witnesses those individuals identified in the documents including Keith R. McCullough, Howard Penny, Eric Gendron, Kyle Kazon, Graham Farrar and Dan Holland. These individuals are identified in the Hedgeye documents, some of which were Bates stamped Hedgeye00001-00036. The other documents which you kindly furnished me were not Bates stamped so if you could explain whether or not they came from Hedgeye or some other source, that would be greatly appreciated.

In regard to communications with third parties, Mr. Cohodes has checked his emails and text messages and continues to do so knowing the importance of making sure that we fully and completely attempt, through all reasonable means, to obtain any documentation which has been requested by Holbrook Holdings, Inc. I am discussing with Mr. Cohodes the means in which we may secure the services of a third-party to complete this investigation even further so that there is no doubt in anyone's mind that a full and complete search was conducted. In summary, I believe when I am able to send you the TCRs as well as conducting an additional search of correspondence, we will have complied with this interrogatory to the fullest extent possible as well as other discovery requests. We have asked whether or not Mr. Cohodes commits to doing so and the answer is "yes."

2. Interrogatory No. 14 asks for the factual bases for all of the affirmative defenses raised in this matter. Consistent with your request, I will confirm that Mr. Cohodes will regularly and promptly supplement his response to this interrogatory as

Mr. Andrew Phillips
April 17, 2026
Page 3

discovery progresses.

3. In regard to the discovery request seeking information concerning Mr. Cohodes' transactions involving B. Riley securities or derivatives, I am discussing this very issue with Mr. Cohodes and Mr. Norton to see if there is a proposal that we can make that would be satisfactory to all parties subject to a Protective Order. Again, my inability to visit with Mr. Norton has stalled out a definite response to this discovery issue, one which we are not ignoring but needs to be fully discussed and agreed upon by all involved.

These as well as other discovery issues will be further addressed early next week once I have had an opportunity to visit with Mr. Norton and Mr. Cohodes. I truly hoped that I would have a full and final response to you by today but due to a number of different circumstances, some of which have been outlined in this letter and some which have not, this is the best I can do as of Friday, April 17, 2026.

I hope you have a great weekend and I'll look forward to getting back in touch with you on this matter next week.

Sincerely yours,

*Calvin J. Stacey*

Calvin J. Stacey
CJS:bls

cc:    Matt Kelly
bcc:   Marc Cohodes
       Fred Norton

*Via electronic signature for emailing purposes only.*