Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406)259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

_____

|   |   |   |
|---|---|---|
| | ) | |
| HOLBROOK HOLDINGS, INC. | ) | CAUSE NO.: CV-24-175-BU-JTJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S RESPONSE/** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| MARC COHODES, | ) | **MOTION TO COMPEL** |
| | ) | **DISCOVERY RESPONSES** |
| Defendant. | ) | |

_____

Defendant Marc Cohodes ("Cohodes"), by and through his counsel of record,

respectfully submits the following Response/Opposition to Plaintiff Holbrook

Holdings, Inc.'s ("Holbrook") Motion to Compel Discovery Responses (Doc. 52):

**NATURE OF CASE**

Holbrook describes itself as a financial advisory firm that it contends has been

defamed by three X-posts ("posts") authored by Cohodes.    (Complaint; ¶1).

1

Holbrook has two mutual funds, one of which holds corporate bonds and securities of an investment bank known as B. Riley.  (Complaint; ¶¶5-6).  According to Holbrook, in the fall of 2023, Cohodes "announced on X (formally Twitter) that he had taken a short position in B. Riley which is publicly traded on the NASDAQ." Holbrook alleges that Cohodes then began "publicly accusing B. Riley and its management of corruption and fraud."  (Complaint; ¶¶5-6).

Until December of 2023, Holbrook and Cohodes had no contact whatsoever. That changed.   As Holbrook alleges in its Complaint, apparently one of Holbrook's principals, Scott Carmack ("Carmack") "took umbrage at what looked to be a very transparent effort by Cohodes to gin up negative publicity about B. Riley, drive down its stock price, and monetize his short position."  (Complaint; ¶7).   After taking "umbrage," Carmack, on the Holbrook X account "published a short, factual tweet that was mildly critical of Cohodes' conduct and track record."   (Complaint; ¶7).   This "mildly critical" tweet by Holbrook appears to be the first interaction between Holbrook and Cohodes.  Holbrook's "mildly critical" tweet was sent by Carmack at 6:29 p.m. on Saturday evening, December 16, 2023 and reads in part as follows (see Exhibit 1 attached).

> And what is @AlderLaneEggs anyways – a hypocrite who got wealthy off the backs of shareholders then shut down his hedge fund with massive shareholder losses…only to then create the narrative that he is cleaning up the world from greedy execs (laughing emojis).

The reference by Carmack in his "mildly critical tweet to AlderLaneEggs is Cohodes.  As a result of Carmack's taking umbrage on a Saturday evening in December of 2023 against Cohodes this which led to his calling Cohodes a "hypocrite who got wealthy off the backs of shareholders", "shut down his hedge fund with massive shareholder losses" and then attacked Cohodes based upon his belief that Cohodes is misleading the world by attempting to clean up the world from "greedy execs".  Defendant is not exactly sure what motivated Carmack to attack and defame him on a Saturday evening in December except for the fact Holbrook did hold B. Riley corporate bonds in its mutual fund and perhaps had some financial interest in the fate of B. Riley, not a party to this case.  (Complaint; ¶6).  Carmack on the evening of December 16, 2023 elected to not stop there.  At 6:22 p.m. he posted a reference to Cohodes where he referred to Cohodes running his mouth presumably concerning "evidence of fraud in FRG-which is what RILY owns". (See Exhibit 2 attached).  One minute later, Carmack says Cohodes "has a playbook" and again one minute later at 6:24 p.m. he states that he believes that Warren Buffett "gave him a spanking".  (See Exhibits 3 and 4).

The Carmack posts were deleted.  (Complaint; ¶8).  Despite the fact that Holbrook started the dialogue and communications between it and Cohodes, it is Holbrook that claims it was defamed by the December 17, 2023 post as well by two

3

separate posts, one on February 29, 2024 and one on August 13, 2024.   Attached to Holbrook's Complaint, identified as Exhibits A, B and C, are the three specific posts at issue in this case.   Copies are attached for the Court's convenience and review.

## HISTORY OF DISCOVERY DISPUTES

Holbrook served upon Cohodes its First Set of Interrogatories and First Set of Requests for Production.   Extensions were graciously granted by Holbrook and consistent with those extensions Cohodes served his responses to Holbrook's interrogatories and requests for production of documents on February 27, 2025.   By letter dated March 5, 2025, Holbrook identified what Holbrook considered to be "multiple deficiencies" in the discovery responses.   (Phillips' Decl., Exhibit 5).   In his letter, counsel for Holbrook asked Cohodes to confirm that by March 12, 2026 the deficiencies alleged by Holbrook would be cured.   Two days before the March 12th deadline, counsel for Cohodes requested an extension of one week, to April 3, 2026 to address the numerous issues raised by Holbrook.   The requested extension was due to the fact that counsel was out of the state of Montana at that time. (Phillips' Decl., Exhibit 6).   On April 3, 2026, counsel for Cohodes by way of a six page letter discussed the alleged deficiencies in regard to Interrogatory Nos. 1, 5, 9, 10, 11, 14 and Request for Production Nos. 5, 6, 8, 9, 11 and 14, all of which had been referred to in Holbrook's March 5, 2025 letter.   (Phillips Decl., Exhibit 7).

4

Cohodes' April 3, 2026 letter, in an attempt to not only respond to the discovery issues also provided Holbrook with a copy of the Declaration filed by Cohodes in Cause No. 2:25-cv-00041-BU-JTJ with attachments. (Declaratory Judgment action). The Cohodes' Declaration included information directly from Cohodes responsive to a number of the discovery requests and issues and provided communications (letters) sent to the SEC, including TCRs directly related to concerning Holbrook. The Cohodes letter went on further to state that additional TCRs although perhaps privileged pursuant to "whistleblower" regulations, would be produced, even though they were authored after the date of the last post at issue in this case. Detailed information was provided by way of Cohodes' April 3, 2026 letter with the further statement that formal supplementation of the discovery responses, consistent with the documents and information provided at that time would be made.

Cohodes further provided informal supplemental information/documents to Holbrook on April 17, 2026. (Phillips Decl., Exhibit 9). In that letter, counsel was advised that a number of TCRs had been requested and would be produced upon receipt, responsive to a number of discovery requests including Interrogatory No. 1. At that time, it was noted that Holbrook had received and upon request by Cohodes provided documents received in response to Holbrook's subpoena duces tecum

served upon Hedgeye Risk Management and specifically documents related to Cohodes and Holbrook. It was noted in this letter that those documents, Bates stamped Hedgeye000001-000036 provided very little, if any, additional documents or information that had not already been produced. The letter further stated that Cohodes had checked his emails and text messages regarding communications with third parties about Holbrook or its principals acknowledging the importance of making sure that Cohodes fully and completely attempted, through all reasonable means, to obtain any documentation relevant to the discovery requests of Holbrook including the possibility of having a third-party complete an investigation so that a full and complete search can be conducted. It was specifically stated at that time that Cohodes was willing to comply with Interrogatory No. 1 to the fullest extent possible.

On April 23, 2026 Cohodes sent a letter to Holbrook's counsel following up on the previous promise to produce a number of TCRs submitted to the SEC on behalf of Cohodes. These documents, Bates stamped MC0032-MC0212, were produced in response to written discovery requests including Interrogatory No. 1 and it was specifically stated that a formal supplemental discovery response would be provided at the appropriate time. This production was given to Holbrook, without any redactions and not subject to a Protective Order. It was done in order to prevent

any delay in their production.   (Phillips Decl., Exhibit 10).   Despite the production of these documents and responses to the various discovery issues, on May 13, 2026, Holbrook filed its Motion to Compel incorrectly alleging that Cohodes had not agreed to supplement his discovery responses.   Attached to this Response/Opposition is a copy of Cohodes' First Supplemental Discovery Responses to Interrogatory Nos. 1, 5 and 9 and Requests for Production Nos. 2, 4 and 6 identified as Exhibit 5 and 6.   As will be discussed, the First Supplemental Answers/Responses incorporates much of the information and documentation submitted to Holbrook in letters dated April 3, 2026, April 17, 2026 and April 23, 2026 all of which preceded the date of filing of Holbrook's Motion to Compel.

## DISCOVERY REQUESTS

Cohodes has attached to his Response/Opposition copies of Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories and First Supplemental Responses to Plaintiff's First Set of Requests for Production which address specifically the three interrogatories and three requests for production of documents identified in Holbrook's Motion to Compel.   (Exhibit 5 and 6). Cohodes respectfully contends that the First Supplemental Answers/Responses, at this point in the proceedings, fully and completely respond to the discovery requests and very importantly, include information and documentation produced by Cohodes

to Holbrook prior to Holbrook's filing of its Motion to Compel.   The Interrogatories and Request for Production of Documents at issue will be briefly discussed individually, however, the full discovery responses should be reviewed.

### 1.      Interrogatory No. 1

This interrogatory is limited to seeking information solely about Cohodes' communications regarding Holbrook and three individuals identified as "principals" of Holbrook, no one else.   In his initial discovery answer, Cohodes identified a number of individuals that he would have communicated about plaintiff with including an attorney for SEC, communications considered to be privileged and not discoverable.   X-posts were produced as well as other information responsive to the interrogatory.   By way of the First Supplemental Answer, information and documents including SEC TCRs that were produced prior to the filing of Holbrook's Motion to Compel were formally produced as well as reference to documents received in response to Holbrook's Subpoena Duces Tecum to Hedgeye.   In addition to acknowledging that these documents and information had been previously shared with Holbrook and now were a part of the formal supplemental discovery answer, Cohodes further indicated that yet another search of his text messages, emails or posts is being conducted in respect to Holbrook Holdings and any of its principals.

In summary, Cohodes believes that at this point in the discovery stage, Cohodes has provided more than sufficient information and documentation responsive to the interrogatory as well as to continue to search for any additional information limited to the scope of the interrogatory which only sought communications about Holbrook or any of its principals and no one else.   Cohodes will supplement if additional information is obtained.

## 2.   Interrogatory No. 5

This interrogatory, according to Holbrook's Motion to Compel, seeks any factual bases for Cohodes' contention that Holbrook or its principals engaged in fraud.   (Doc. 53; p. 8).   The problem with this interrogatory is that Holbrook seeks facts to support what Holbrook believes is Cohodes' contention that Holbrook or its principals "engaged in fraud" when that is no reflected in any of the three posts. The three separate posts at issue in this case and claimed to be defamatory by Holbrook do not include the words "has engaged in fraud".   In Cohodes' First Supplemental Answer, Cohodes has fully and completely responded to this interrogatory by once again pointing out, as he did in his initial discovery response, the phrase "has engaged in fraud" does not appear in his posts.   Instead, this appears to be an attempt by Holbrook to seek information based upon Holbrook's "contention" that Holbrook or its principals "engaged in fraud," not Cohodes.

Cohodes stands by his initial and first supplemental discovery response in regard to this inappropriate and improper interrogatory.

### 3.      Interrogatory No. 9

Interrogatory No. 9 seeks details concerning each instance since 2021 in which Cohodes engaged in any transaction related to B. Riley securities or derivatives.  Cohodes initially objected to this discovery request on a number of grounds including relevancy and financial privacy rights as it appears that Holbrook is requesting that Cohodes identify each time where he borrowed, loaned, purchased, sold or engaged in any transaction related to B. Riley securities or derivatives, although B. Riley is not a party to this action and of course is not alleging that it was defamed by Cohodes at any time.  Instead, Holbrook which holds a substantial amount of B. Riley security or derivatives in one of its mutuals funds believes it is relevant, to some degree, as to when Cohodes shorted B. Riley or was engaged in any transaction related to B. Riley, a security that during over the course of time became a financial disaster.  Despite this valid objection, in Cohodes' first supplemental answer he has now provided a narrative as to when he started shorting B. Riley, the approximate value of B. Riley at that time and a summary of the events that took place from the fall of 2023 until late summer of 2024.  None of the transactions that Cohodes had with respect to B. Riley have anything to do

whatsoever with the three separate posts which Holbrook contends are defamatory causing Holbrook damages.   Cohodes relies upon his initial and first supplemental answer to this discovery request which focuses not upon Holbrook but nonparty B. Riley.   The Court is also directed to the Declaration of Marc Cohodes and the attachments including correspondence between counsel and numerous TCRs produced prior to the filing of Holbrook's Motion to Compel that detail factually why B. Riley was a financial disaster and the relationship between Holbrook and B. Riley and other associated companies, all of which are held in Holbrook's mutual fund.

### 3.    Request for Production No. 2

This request for production seeks documents and communications regarding Holbrook or its principals related to Interrogatory No. 1.   Once again, these documents and communications have been produced to Holbrook prior to the filing of their Motion to Compel and are attached to Cohodes' First Supplemental Discovery Responses.

### 4.    Request for Production No. 4

This request for production seeks communications with a company known as Hedgeye Risk Management and its representatives.   Initially, Cohodes believed that he had no communications with Hedgeye but pursuant to a subpoena duces tecum

11

served upon Hedgeye Risk Management by Holbrook seeking a video recording of Keith McCullough's interview of Cohodes on or about October 8, 2024, all communications between or among any Hedgeye members, principals or employees concerning Holbrook or B. Riley Financial, Inc. and all communications with Cohodes concerning Holbrook or B. Riley Financial since January 1, 2021, all documents responsive to this request for production have been produced and are marked as Hedgeye000001-Hedgeye000036. These documents have been in the possession of Holbrook and only upon request by Cohodes were produced and provided Cohodes prior to the filing of Holbrook's Motion to Compel. Therefore, Cohodes believes that this request for production has been fully responded to as there are no other communications between he and Hedgeye.

### 5.     Request for Production No. 6

In this request for production, Holbrook seeks all communications referencing or related to B. Riley, a nonparty to this litigation. B. Riley is not alleging that it has been defamed by Cohodes. It is undisputed that Cohodes shorted B. Riley but it is irrelevant as to what communications, if any, he had with anyone concerning B. Riley as the issues in this case revolve around three separate posts involving Holbrook, not B. Riley. In Cohodes' First Supplemental Answer, Cohodes contends that he has previously produced, prior to the filing of Holbrook's Motion

to Compel, his declaration filed in Case No. 2:25-cv-00041-BU-JTJ which included TCRs related to B. Riley financial, Inc.    Additionally, Cohodes has produced additional TCRs, some of which related to B. Riley Financial, Inc. which have been Bates stamped MC0032-MC0212.    Therefore, even communications with the SEC and counsel for the SEC which typically could be considered privileged as "whistleblower" reports have been produced prior to Holbrook's filing of its Motion to Compel which detail matters of significance involving B. Riley.    Undoubtedly, Cohodes may have communicated third parties from time to time concerning B. Riley since he was heavily invested in researching and investigating this company but those communications are not relevant in any way to whether or not Holbrook was defamed by three separate posts authored by Cohodes.    B. Riley is not alleging it was defamed because as it has turned out, B. Riley was a financial disaster. Holbrook was heavily invested in B. Riley as well as other B. Riley connected companies.

## CONCLUSION

Cohodes has attempted from the outset to fully and completely respond to legitimate and nonobjectionable discovery requests served upon him by Holbrook. After initially responding, counsel for the parties discussed discovery disputes. During this time, Cohodes, would provide additional information and documentation

13

in hopes of avoiding a motion to compel.   At each point in time, Cohodes indicated a willingness to cooperate as required and in fact, on several occasions produced documents (i.e., TCRs) that may be considered privileged communications with the federal government.   Holbrook elected to file its Motion to Compel resulting in the formal supplementation of discovery responses by Cohodes, for the most part providing once again the same documentation and information provided on an informal basis.

Cohodes respectfully requests that the Court deny Holbrook's Motion to Compel.   Cohodes stands ready to supplement discovery responses in the event additional information is obtained.   It should be also noted that Holbrook has the ability to obtain information from third parties as easily as Cohodes might be able to do so evidenced by Holbrook's issuance of three subpoenas duces tecum to non-parties including B. Riley Financial, Inc., Hedgeye and Orso Partners.   Holbrook has access to X-posts of Cohodes as well as those posted by Holbrook except perhaps for the numerous Holbrook X-posts which it elected to delete and destroy.

**DATED** this 28th day of May, 2026.

14

STACEY & FUNYAK

By:   /s/Calvin J. Stacey
      Calvin J. Stacey
      *Counsel for Defendant Marc Cohodes*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E) of Montana Federal Local Rules of Procedure, I certify that the foregoing document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word 2016 is 2,907 excluding caption, certificate of compliance and certificate of service.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2026, a copy of the foregoing

15

***Defendant's Response/Opposition to Plaintiff's Motion to Compel Discovery Responses*** was served upon the following counsel of record by the following means:

| 1,2,3 | CM/ECF |
|---|---|
| | Hand Delivery |
| | U.S. Mail |

1.    Clerk of Court

2.    Matthew J. Kelly
      Tarlow Stonecipher Weamer & Kelly, PLLC
      1705 West College Street
      Bozeman, MT   59715
      mkelly@lawmt.com


3.    Andrew C. Phillips (*Pro Hac Vice*)
      Shannon B. Timmann (*Pro Hac Vice*)
      Hannah Menchel (*Pro Hac Vice*)
      MEIER WATKINS PHILLIPS PUSCH LLP
      919 18th Street NW, Suite 650
      Washington, DC 20006
      Email: andy.phillips@mwpp.com
      Email: shannon.timmann@mwpp.com
      Email: hannah.menchel@mwpp.com


                         By:    /s/Calvin J. Stacey