# EXHIBIT 1

12/16/23 @ 6:29 PM

11:39                                    .ıl 🛜 📶

←                    **Post**



**Holbrook Holdings**          ( Follow )
@HolbrookHldgs

And what is @AlderLaneEggs anyways – a
hypocrite who got wealthy off the backs of
shareholders then shut down his hedge fund
with massive shareholder losses...only to then
create the narrative that he is cleaning up the
world from greedy execs 😂😂😂😂😂

6:29 PM · 12/16/23 · **53** Views

        ♡        �thn        ♡        🔖        ⬆️

**This post has been deleted.**

🏠        🔍        👥        🔔        ✉️

# EXHIBIT 2

12/16/23 @ 6:22 pm



11:39

←         Post

**Holbrook Holdings**     ( Follow )
@HolbrookHldgs

Sure did.  Also read the third party former SEC
lawyer investigation saying no evidence of fraud
in FRG – which is what RILY owns.  Also listened
to the entire RILY presentation.  Also listened to
@AlderLaneEggs run his mouth.

6:22 PM · 12/16/23 · **48** Views

**1** Like



**This post has been deleted.**

EXHIBIT D

# EXHIBIT 3

12/16/23 @ 6:23 PM



11:39

← **Post**

**Holbrook Holdings**
@HolbrookHldgs

Follow

@AlderLaneEggs has a playbook – undermine depository institutions by shaking confidence – only RILY isn't a depository institution. So he will fail here.

6:23 PM · 12/16/23 · **43** Views

**1** Like

**This post has been deleted.**



# EXHIBIT 4

12/16/23 @ 6:24 PM

11:39



←           **Post**

**Holbrook Holdings**   ( Follow )
@HolbrookHldgs

He even failed with $HOME – please read about
how non other than Warren Buffett gave him a
spanking

6:24 PM · 12/16/23 · **64** Views

**1** Like

        ♡    🔖    ⬆

**This post has been deleted.**

     

# Exhibit A

screenshot-x_com-2024_11_06-11_19_31
https://x.com/AlderLaneEggs/status/1736489333024071942
06.11.2024



**Marc Cohodes** 
@AlderLaneEggs

Subscribe · · ·

He also has a problem with $BW I think I will write a letter about @HolbrookHldgs to the @SECGov about hold non Investment Grade Securities.. I also wonder if the $RILY clients own his Shit Ass Mutual Fund.. Friends dont Let Friends own SHOBIX .. Good to see another $RILY **victim on TILT on a Sunday** @FriendlyBearSA @AureliusValue @joe_bananas9 .. I wonder if this guy is one of Parker Petite's illegit kids?

**The Friendly Bear** @FriendlyBearSA · Dec 17, 2023
Replying to @ACapitalLP @AlderLaneEggs and 3 others
Hes got at least 2.6mm at 17 average. So 44mm of a 1b fund. That's a lot for a cash equivalency fund.

## Ownership                    ## Ownership

794 @EXCH Pfd                   050 @EXCH Pfd

| Out | N.A. | % Float | | Out | N.A. | % Float |
| | 38.98 | SI % Out | | | 29.40 | SI % Out |

| 100 | Buyers | Sell | 100 | Buyers | Sell |

| | | % Out | Positio | | | % Out | Positio |
| OK HOLDING ··· | 23.36 | 1.40 | OK HOLDING ··· | 10.11 | 1.21 |

4:31 PM · Dec 17, 2023 · **28.9K** Views

# Exhibit B

screenshot-x_com-2024_11_06-11_21_16
https://x.com/AlderLaneEggs/status/17634181879980444442
06.11.2024

 **Marc Cohodes** 🌀
@AlderLaneEggs

Subscribe    ...

He is in on the Fraud. betcha riley asset management owns his shit ass fund

11:17 PM · Feb 29, 2024 · **815** views

# Exhibit C

https://x.com/AlderLaneEggs/status/18234481760000006036



**Marc Cohodes**
@AlderLaneEggs

Subscribe  ...

I am sure there is a kickback from SRILY to him

**Lord Weary** @6768599190 · 17m

Replying to @AlderLaneEggs and @scottycarm

This is the portfolio of someone totally unqualified to manage money. He is either a moron or deliberating to lose money. Nobody could deliberately buy this portfolio thinking it will be profitable. It is a toxic waste site.

12:54 PM · Aug 13, 2024 · **3,069** Views

JS 44 (Rev. 03/24)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Holbrook Holdings, Inc.

**DEFENDANTS**

Marc Cohodes

**(b)** County of Residence of First Listed Plaintiff    Multnomah County, OR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Gallatin County, MT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tarlow Stonecipher Weamer & Kelly, PLLC
1705 West College Street, Bozeman, MT 59715
406-586-9714

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [x] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332

Brief description of cause:
Libel

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
November 8, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew J. Kelly

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT 5

Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406)259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |  |
|---|---|---|
| HOLBROOK HOLDINGS, INC. | ) | CAUSE NO.: CV-24-175-BU-JTJ |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **DEFENDANT'S FIRST** |
|  | ) | **SUPPLEMENTAL ANSWERS** |
| MARC COHODES, | ) | **TO PLAINTIFF'S FIRST** |
|  | ) | **SET OF INTERROGATORIES** |
| Defendant. | ) |  |

TO:    Plaintiff Holbrook Holdings, Inc., and its counsel of record, Matt J. Kelly, Tarlow Stonecipher Weamer & Kelly, 1705 West College St., Bozeman, MT 59715-4913; and Andrew C. Phillips, Mark Thomson, Shannon B. Timmann, Hannah Menchel, Meier Watkins Phillips, Pusch, LLP, 1120 20th Street N.W., Suite 550, Washington, DC 20036:

Defendant Marc Cohodes provides his first supplemental answers to Plaintiff Holbrook Holdings, LLC's First Set of Interrogatories as follows:

1

## INTERROGATORIES

**Interrogatory No. 1.**

Describe each instance in which you communicated about Holbrook or any of its principals (Scott Carmack Michal Burns, and Brian Zeck) since January 1, 2022, including:

    a.  The parties to the communication(s);

    b.  The substance of the communication(s);

    c.  The date(s) of the communication(s); and

    d.  The manner of the communication(s) (i.e., telephone, in-person, email, DM, etc.).

**Answer:** Objection – Plaintiff filed its Complaint on November 8, 2024 alleging that defendant's three separate X-posts were libelous per se. Defendant denies those allegations. The X-posts at issue in this litigation are dated December 17, 2023, February 29, 2024 and August 13, 2024. Defendant objects on the grounds of relevancy in respect to information requested in this Interrogatory to information requested after the date of the last X-post, August 13, 2024. Additionally, defendant objects to this request as it is overly burdensome and requires defendant to provide information not readily available and perhaps impossible to do so especially in response to the requests found in paragraph (a)-(d). Additionally, any communications with counsel are privileged pursuant to the attorney-client privilege, as well as any and all communications with representatives of the SEC due to state and federal protections afforded defendant (i.e., whistleblower protections). With these objections noted, the following is provided:

2

a.      Other than those identified in X-posts, defendant does not recall anyone else that he would have communicated with about plaintiff, other than perhaps those individuals identified in Defendant's Preliminary Pretrial Statement (Doc. 47) and Defendant's Initial Disclosures identifying Nathan Koppikar, James Gibson, Prem Nalnani, Fred Norton (attorney-client privilege communications), Leah Judge (attorney-client privilege communications) and Jennifer Calabrese, an attorney for the SEC for which all communications would be privileged and not discoverable due to any and all state and federal protections afforded defendant under the facts and circumstances of this case.

b.      The substance of the communications would be disclosed in the X-posts identified in plaintiff's Complaint as well as other X-posts that may be disclosed in discovery. Defendant cannot recall with any accuracy the substance of any communications with those individuals identified in (a) above, again some of whom are subject to the attorney-client privilege thus the substance of these communications are not discoverable as well as any and all discussions with representatives of the SEC.

c.      The X-posts will identify the dates of the communications, however, defendant does not know and cannot identify with specificity the date of any other communications with any of the other individuals identified in (a) above.

d.      X-posts, possibly telephone conversations, as well as e-mail correspondence.

**First Supplemental Answer 5/27/26:**   Defendant has previously objected to this

3

interrogatory on the grounds that plaintiff's Complaint filed on November 8, 2024 alleges that only on three separate occasions it was defamed by defendant. The three separate occasions correspond with three X-posts dated December 17, 2023, February 29, 2024 and August 13, 2024. Defendant denies these allegations but continues to object to the production of any communications between defendant and plaintiff or any of its principals Scott Carmack, Michael Burns and Brian Zeck subsequent to the last X-post of August 13, 2024 as being irrelevant to the claims and defenses involved in this litigation. Defendant continues to object on the grounds that the information requested is overly burdensome as well as being too broad as there is no claim of defamation being made by plaintiff after the August 13, 2024 X-post. Despite these objections and without waiving these objections, defendant has produced previously those X-posts responsive to this interrogatory request. Those documents, produced on or about February 27, 2026 have been Bates stamped MC0001-MC0031. Defendant does not believe that prior to December 16, 2023 he had any communication whatsoever in respect to Holbrook Holdings or any of its principals. Any and all communications involving Holbrook Holdings and its principals would have occurred after Holbrook Holdings, presumably Scott Carmack, attacked defendant on Saturday evening, December 16, 2023 at approximately 6:22 p.m. calling defendant "a hypocrite who got wealthy off the backs of shareholders then shut down his hedge fund with massive shareholder losses…only to then create the narrative that he is cleaning up the world from greedy execs…". To the best of defendant's knowledge, he had no contact

4

or communications concerning plaintiff or its principals prior to plaintiff's posts that took place on the evening of December 16, 2023.  Plaintiff's Complaint admits that one of Holbrook's principals "took umbrage at what looked to be a very transparent effort by Cohodes to jin up negative publicity about B. Riley, drive down its stock price, and monetize his short position".  (Complaint; ¶7). Plaintiff's Complaint admits that it "deleted the tweet fairly quickly" thus destroying evidence in this case.  (Complaint; ¶8). Despite the fact that any and all X-posts between plaintiff and defendant are readily available to plaintiff, defendant has not only conducted his own review of posts, emails and text messages but is also having a third-party exam defendant's cell phone and computer to collect any text messages, emails or posts of any type that in any way references Holbrook Holdings, Inc., Holbrook Holdings, Holbrook, Scott Carmack, Scott, Carmack, Michael Burns, Michael, Burns, Brian Zeck, Brian and Zeck, the scope of this interrogatory.  If any documents are obtained, they will be produced by way of a second supplemental discovery response and specifically a supplemental response to Request for Production No. 2 in response to Plaintiff's First Set of Request for Production.  Defendant is at this time providing a supplemental response to Request for Production No. 2 of Plaintiff's First Set of Request for Production by producing additional documentation that identifies the parties to any communications, the substance of communications, the date of the communications and the manner of the communications (subparts a-d to this interrogatory) which includes TCRs identified as MC0032-MC0212 previously produced

5

to plaintiff on April 23, 2026, approximately three weeks prior to the filing of Plaintiff's Motion to Compel. This production includes communications after August 13, 2024 but is being done without waiving the objection to communications after August 13, 2024. These documents were previously provided by way of a letter to plaintiff's counsel indicating that they were being produced to supplement previous discovery responses and would be formally supplemented at the appropriate time. Additionally, the Declaration of Defendant Marc Cohodes and attachments filed as Doc. 34 in Case No. 2:25-cv-00041-BU-JTJ, was also provided to plaintiff on April 3, 2026. The Declaration included communications between defendant's and plaintiff's counsel including an October 4, 2024 letter authored by Fred Norton of The Norton Law Firm, P.C. sent to Steven M. Wilker, counsel for plaintiff, a November 12, 2024 letter authored by Leah Judge to the Securities and Exchange Commission (TCR concerning Holbrook Holdings, Inc.) and a May 19, 2025 letter from Leah Judge to the Securities and Exchange Commission referencing a Supplemental TCR concerning Holbrook. A number of X-posts from Holbrook, all of which apparently were deleted by plaintiff, were also produced with the Declaration. Also, pursuant to a subpoena duces tecum served on Hedgeye Risk Management, by plaintiff, documents have been produced identifying individuals like Keith McCullough, Dan Holland and Eric Gendron who were in contact with defendant. (Hedgeye000001-000036). Additionally, plaintiff has served subpoenas duces tecum upon Nathan Koppikar and Koppikar, Orso Partners, LP, BRC Group Holdings, Inc. f/k/a B. Riley

6

Financial, Inc. seeking copies of any and all communications with defendant concerning Holbrook or its principals.

**Interrogatory No. 2.**

Explain what you intended to convey to readers when you published the December 17, 2023 X Post.

**Answer:** Defendant objects that the "December 17, 2023 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning. Without waiving that objection defendant responds that on the evening of December 16, 2023, plaintiff, as alleged in its Complaint (¶55), was "frustrated" by defendant and apparently, plaintiff's CEO Scott Carmack, elected to post what plaintiff has described in his Complaint as a "tweet on Holbrook's X account that was mildly critical of Cohodes' conduct." Plaintiff, by way of his Complaint, alleges that the tweet was taken down within 48 hours and apparently plaintiff elected not to keep a copy of the tweet. Defendant responded to the tweet. He provided his opinion that he might write a letter to the SEC about plaintiff's large concentration in B. Riley. Defendant was of the opinion that investing in B. Riley and its related securities was generally a bad idea.

**Interrogatory No. 3.**

If you contend that it would be a violation of any law or regulation for Holbrook's mutual funds to hold non-investment grade securities, state that factual and legal basis for that contention.

7

**Answer:**   Defendant objects that the "December 17, 2023 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning.   Defendant further objects that the interrogatory seeks irrelevant information inasmuch as the December 17, 2023, X Post does not accuse defendant of violating a law or regulation but rather states plaintiff's intention to write to the Securities and Exchange Commission (tagged in the post) to inform that regulator of Holbrook's mutual funds' high concentration in a specific non-investment grade security (B. Riley) that was the subject of fraudulent manipulation.   Whether Holbrook's mutual funds did violate any law or regulation exist under the facts and applicable law with respect to plaintiff's investments, including B. Riley, is an issue to be decided by courts and regulators, which is why plaintiff intended to bring the matter to their attention.

**Interrogatory No. 4.**

Explain what you intended to convey to readers when you published the February 29, 2024 X Post.

**Answer:**   Defendant objects that the "February 29, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning.   Without waiving that objection, defendant was expressing an opinion that B. Riley, in which plaintiff's fund was heavily invested, was engaged in fraudulent activity as indicated by publicly reported activity by DOJ and the SEC related to B. Riley and Brian Kahn.   Defendant was further expressing an opinion that plaintiff,

8

who had heavily invested in fraudulent B. Riley securities and had aggressively attacked those who pointed out B. Riley's fraudulent activity,(including defendant) was aware of and benefitting from the fraud. Defendant also expressed an opinion that a possible explanation for plaintiff's behavior-one that was that Riley Asset Management was an investor in plaintiff's fund, while expressing that he did not know this as a fact – it would be a "bet" by him.

**Interrogatory No. 5.**

If you contend that Holbrook or any of its principals has engaged in fraud, state the factual basis for that contention.

**Answer:** To the extent that plaintiff contends that any statement by defendant, which plaintiff contends to be defamatory, was an assertion or implication that Holbrook or any of its principals has engaged in fraud (see complaint ¶¶ 67-70), defendant is entitled to and intends to seek discovery as to the truth of that alleged assertion or implication. As plaintiff has not yet obtained complete discovery on that subject, he is unable to answer this interrogatory at this time as to his contentions in the litigation

**First Supplemental Answer 5/27/26:** Plaintiff's Complaint alleges that defendant has defamed it through three separate posts, December 17, 2023, February 29, 2024 and August 13, 2024. These posts were attached as Exhibits A, B and C to plaintiff's Complaint. A statement that plaintiff "has engaged in fraud" is not found in any one of the three posts. The only reference to "fraud" is found in the February 29, 2024 post which reads as

9

follows:

He is in on the Fraud.   betcha riley asset management owns his shit ass fund

This interrogatory unfairly asks defendant to state the factual basis for a contention that is not found in any of the three posts at issue in this case.   Plaintiff's Complaint does not allege that any of the three posts of defendant contend that plaintiff or its principals "has engaged in fraud".   It is inappropriate and improper for plaintiff to attempt to add to this litigation an allegation that plaintiff has been defamed by a nonexistent post by defendant alleging that plaintiff or its principals "has engaged in fraud."   Defendant has responded to Interrogatory No. 5 appropriately.   Any attempt by plaintiff to assert claims outside the allegations of the Complaint including the three X-posts at issue in this case which are alleged by plaintiff to be the defamatory posts at issue in this case by way of this interrogatory is improper and objectionable.   Whether plaintiff has engaged in fraud may be an issue to be decided by the courts, regulators or others, not by way of an interrogatory.

**Interrogatory No. 6.**

Explain what you intended to convey to readers when you published the August 13, 2024 X Post.

**Answer:**   Defendant objects that the "August 13, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning.   Without waiving that objection, defendant states that he intended to convey his opinion in response to the "Lord Weary" tweet, part of Exhibit C to

10

Plaintiff's Complaint.   In response to Lord Weary's observation that defendant's portfolio was one of "someone completely unqualified to manage money.   He is either a moron or deliberating [sic] to lose money.   Nobody could deliberately buy this portfolio thinking it will be profitable.   It is a toxic waste site," defendant expressed the opinion that, rather than Lord Weary's explanation that plaintiff is a "moron" or deliberately trying "to lose money" defendant's opinion was that B. Riley was rewarding plaintiff for holding B. Riley bonds in plaintiff's portfolio.

**Interrogatory No. 7.**

State the factual basis for the statement in your August 13, 2024 X Post that you were "sure there is a kickback from $RILY to him."

**Answer:**   Defendant objects that the "August 13, 2024 X Post" as defined by plaintiff fails to include the tweets that defendant was responding to and consequently omits facts and context relevant to its meaning.   Without waiving that objection, defendant states that he reached that opinion based on, among other observations, (a) the unprovoked attack on defendant by plaintiff's CEO, Scott Carmack, to attempt to silence defendant's criticism of B. Riley and defend B. Riley; (b) Carmack's prompt decision to delete that post when challenged, (c) defendant's conclusion that B. Riley was tainted by fraud and its association with Brian Kahn; (d) plaintiff's holding of B. Riley's bonds; (e) the size of plaintiff's holdings in B. Riley bonds; (f) the absence of any plausible or defensible investment strategy that would explain why plaintiff was holding B. Riley bonds or holding such a

11

large amount of them; and (g) defendant's opinion that other proffered explanations, such as that plaintiff was a "moron" or plaintiff was deliberately trying "to lose money" were less plausible than some form of financial incentive from B. Riley to plaintiff.

**Interrogatory No. 8.**

Describe any steps you took to investigate or fact check the claims and statements that you made in the December 17, 2023 X Post, the February 29, 2024 X Post, and the August 13, 2024 X Post prior to publishing them, including the nature of the steps taken, the identities of source(s) consulted, and the dates on which each step occurred.

**Answer:** Defendant relied upon his more than four decades of experience and expertise in identifying and exposing fraudulent, deceptive, and imprudent behavior in the financial market. Defendant also relied on his assessment of public information related to B. Riley, its financial condition, and its questionable practices, some of which were discussed on X, and in particular transactions involving B. Riley since at least November of 2023 and thereafter. Defendant also took into consideration plaintiff's actions to defend B. Riley, a company that was widely and correctly believed to be engaged in fraud, from public criticism and scrutiny. Defendant also investigated and assessed the size and nature of plaintiff's concentrated position in B. Riley, including holding a large percentage of B. Riley's outstanding baby bonds. Defendant also observed and evaluated other commentary about B. Riley and plaintiff on X, where other investors and commentatores

12

offered competing explanations for plaintiff's ill-advised investment decisions, including its decision to hold B. Riley bonds and to attack B. Riley's critics. Defendant also noted the failure of plaintiff to come forward with verifiable evidence of a plausible investment thesis for holding B. Riley bonds. Based on that experience, expertise, and information, defendant formed the opinions he expressed on X in the ongoing dialogues that the three cited X posts incompletely reflect.

**Interrogatory No. 9.**

Describe each instance, since January 1, 2021, in which you borrowed, loaned, purchased, sold, or engaged in any transaction related to B. Riley securities or derivatives, including:

    a. The nature of each transaction (including whether you took a short position on B. Riley securities);

    b. The terms of each transaction;

    c. The date of each transaction;

    d. All parties to each transaction;

    e. The trading platform(s) or exchange(s) used for each transaction; and

    f. Your profits and losses from each transaction.

**Answer:** Objection – relevancy and financial privacy. Plaintiff's Complaint alleges that defendant has defamed it through three separate X-posts. It is irrelevant as to whether or not defendant has borrowed, loaned, purchased, sold or engaged in any transaction related

13

to B. Riley's securities or derivatives, especially in respect to any and all transactions that may have occurred. Defendant objects on the grounds that information related to any transactions with B. Riley, as well as results from any and all transactions, is not relevant and not discoverable in this matter as plaintiff asserts damage claims against defendant for alleged libelous X-posts, three in total which have nothing to do whatsoever with any transaction defendant may or may not have concerning B. Riley. Defendant further objects that discovery into his personal financial investments, profits, and losses would be an unwarranted and harassing invasion into his personal financial privacy.

**First Supplemental Answer 5/27/26:** Without waiving previous objections, defendant started shorting B. Riley in the fall of 2023 at approximately $40 and kept shorting the stock into the spring of 2024. A short squeeze and margin increase caused defendant to cover 95% of his position in the late spring of 2024, at a loss. Defendant then established a new short position in B. Riley a few weeks later after his margin requirement and borrow fees decreased. The stock subsequentially collapsed in the late summer of 2024, allowing defendant to make back some or most of my losses in the stock. Defendant also entered put option trades at that time and made money on B. Riley's collapse. Throughout the time Defendant held the position he was paying as much as $1,000,000 a month in stock loan fees (cost to borrow B. Riley shares in a short position). Given the high costs to borrow B. Riley shares, defendant ended up losing money in the position overall and made back most of those losses through put option trades in the late summer of 2024.

14

Defendant's three Holbrook tweets at issue had nothing to do with the size, timing, or any other aspect of defendant's transactions in B. Riley.   There was no reason to expect that defendant's tweets about Holbrook would have any influence on market perceptions about the true value price of B. Riley.

**Interrogatory No. 10.5**

Excluding public social media posts, identify each person with whom you communicated about your investment activities or transactions related to B. Riley since January 1, 2021, and state the date, substance, and medium of each such communication.

**Answer:**   Objection – unduly burdensome and irrelevant.   Please see Answers to Interrogatory Nos. 1 and 9.

**Interrogatory No. 11.**

Describe all legal proceedings since January 1, 2015 (including those initiated in court or arbitration), in which you have been named as a party, including the parties, the date of commencement, the court and docket number, and the outcome of the proceeding.

**Answer:**   Objection – relevancy.   Defendant contends that any and all legal proceedings that he may have been involved in since January 1, 2015, eight years before the X-post of December 17, 2023 at issue in this matter are not only irrelevant but would not lead to the discovery of any admissible relevant evidence in this case.

15

**Interrogatory No. 12.**

If any documents or communications responsive to Plaintiff's discovery requests previously were, but no longer are, in your possession, custody, or control (i.e., have been lost, deleted, discarded, or destroyed), describe the materials and explain why they are no longer in your possession, custody, or control.

**Answer:**   Defendant has not destroyed any documents responsive to plaintiff's discovery requests.

**Interrogatory No. 13.**

Identify all witnesses you expect to call at trial.

**Answer:**   Unknown at this time, however, those identified in Defendant's Preliminary Pretrial Statement (Doc. 47) and Defendant's Initial Disclosures may be called at the time of trial.

**Interrogatory No. 14.**

Describe the factual bases for all affirmative defenses asserted in your Answer, including all evidence and witnesses who support or have knowledge of your claims.

**Answer:**   Defendant's Preliminary Pretrial Statement (Doc. 47) discussed each of the affirmative defenses raised in Defendant's Answer.   Evidence and witnesses supporting these affirmative defenses will be developed during the course of discovery.

16

DATED this 27th day of May, 2026.

STACEY & FUNYAK

By: _____
Calvin J. Stacey
*Counsel for Defendant Marc Cohodes*

As to Objections:          By: _____
Calvin J. Stacey
*Counsel for Defendant Marc Cohodes*

17

## CERTIFICATE OF SERVICE

I hereby certify that on the ___21st___ day of May, 2026, a copy of the foregoing *Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories* was served upon the following counsel of record via U.S. Mail/Email:

Matthew J. Kelly
Tarlow Stonecipher Weamer & Kelly, PLLC
1705 West College Street
Bozeman, MT   59715
mkelly@lawmt.com

Andrew C. Phillips (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com
Email: shannon.timmann@mwpp.com
Email: hannah.menchel@mwpp.com

By: _____

18