IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., | CV 24–175–BU–DLC |
| Plaintiff, | |
| v. | ORDER |
| MARC COHODES, | |
| Defendant. | |

In November 2024, Plaintiff Holbrook Holdings, Inc. ("Holbrook") filed this diversity action alleging that Defendant Marc Cohodes committed libel through a series of posts on X. (Doc. 1 ¶¶ 84–116.) Holbrook now seeks an order compelling Cohodes to fully answer three interrogatories and fully respond to four requests for production. (Doc. 52.) For the reasons stated herein, that motion is granted.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If a party fails to disclose requested information, the requesting party may move to compel the opposing party to produce the requested discovery materials. Fed. R. Civ. P. 37(a)(1). Specifically, a party's failure to answer an interrogatory or to respond to a request for production is grounds for obtaining an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B). The party seeking production bears the initial burden

of showing that the information and documents sought are relevant. *Brewer v. BNSF Ry. Co.*, 2018 WL 1756432, at *1 (D. Mont. Jan. 11, 2018). In civil discovery, this burden is very light and can be met by "describ[ing] with a reasonable degree of specificity the information [requested] . . . and its importance to the[] case." *Alacraz v. Marten Transp. Ltd.*, 2025 WL 73060, *2 (E.D. Cal. Jan. 10, 2025). Once this initial burden is met, the party opposing discovery carries the "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In ruling on a motion to compel, "[b]road discretion is vested in the trial court to permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## DISCUSSION

On December 24, 2025, Holbrook provided Cohodes with its first set of interrogatories, (Doc. 53-2), and first set of requests for production, (Doc. 53-3). Holbrook asked about, *inter alia*,

- documents and communication regarding Holbrook and its principals, (Interog. No. 1; RFP Nos. 2, 4);

- the bases for Cohodes' accusations against Holbrook (Interog. No. 5);

- documents and communication regarding B. Riley, (RFP No. 6); and

- Cohodes' financial interests relating to B. Riley, (Interog. No. 9; RFP No. 5).

(*See* Docs. 53-2, 53-3.)

2

On February 27, 2025, after several collegial extensions, Cohodes served his answers to the interrogatories, (Doc. 53-4), and his responses to the requests for production, (Doc. 53-5). Cohodes declined to respond to some of the discovery requests and, for others, his response was inadequate. For example, in "one instance [Cohodes] flatly denied having responsive communications with a third party that then produced such communications in response to a subpoena from Holbrook." (Doc. 53 at 3.) As a result, on March 5, 2025, Holbrook sent a letter to Cohodes outlining the deficiencies in his responses. (Doc. 53-6.) Cohodes responded on March 10, stating that he needed more time to review the matter. (Doc. 53-7.) He then provided an additional response on April 3, agreeing only to produce a publicly filed declaration Cohodes submitted in a related case, 2:25-cv-41-JTJ, which included two documents that Cohodes had submitted to the Securities and Exchange Commission ("SEC") that Cohodes identified as responsive to Holbrook's request. (Doc. 53-8.)

On April 13, 2026, Holbrook sent another letter to Cohodes, reiterating its concerns. (Doc. 53-9.) Cohodes responded on April 17, stating that counsel had been too busy to fully respond and would produce additional tips, complaints, and referral ("TCRs") that Cohodes had submitted to the SEC. (Doc. 53-10.) On April 23, Cohodes produced the TCRs but no additional documents. (Doc. 53-11.) On May 6, Holbrook again wrote to Cohodes, noting that it would seek a motion to

compel if the remaining deficiencies were not addressed. (Doc. 53-13.) Cohodes

did not cure or otherwise meaningfully respond. On May 13, Holbrook filed the

present motion to compel. (Docs. 52, 53, 57.) On May 27, Cohodes provided

Holbrook with its "First Supplemental Responses" to both Holbrook's requests for

production and interrogatories. (Docs. 55-1, 55-2.) Cohodes then filed an untimely

response to Holbrook's motion to compel on May 28, maintaining that he has

cooperated in discovery and "stands ready to supplement discovery responses in

the event additional information is obtained." (Doc. 55 at 14.)

Holbrook's discovery requests and Cohodes' responses are discussed

individually below. Consistent with that analysis, Holbrook's motion is granted.

Cohodes must make full and complete disclosures of the requested information,

communications, and documents as required by Rules 33 and 34 of the Federal

Rules of Civil Procedure. He must do so without imposing unilateral limitations on

the issues in the case or ceding his obligations to a third party or a later time.

## I.     Holbrook and its Principals

### A.     Interrogatory No. 1

In its Interrogatory No. 1, Holbrook requests information about

communications Cohodes had regarding Holbrook and its principals. (Doc. 53-2 at

6.) In response to that interrogatory, Cohodes objected on relevancy and privilege

grounds, identified six individuals he may have had communication with but stated

4

that he "could not recall with any accuracy the substance" or date of any such communication, and stated that "[o]ther than those identified in X-posts, [Cohodes] does not recall anyone else that he would have communicated with about [Holbrook]." (Doc. 53-4 at 3–4.) In his supplemental response, Cohodes elaborated on his objections, reiterated what he has already been disclosed (i.e., his February 27, 2026 disclosure of Bates stamp MC0001–MC0031, his April 3, 2026 disclosure of his declaration and attachments in Case No. 2:25-cv-41-JTJ, and his April 23, 2026 disclosure of Bates stamp MC0032–MC0212), and opined that further communications may come to light based on Holbrook's third-party subpoenas. (Doc. 55-1 at 20–24.) Cohodes' responses are inadequate under Rule 33. Consistent with Holbrook's request, Cohodes must specifically identify the parties, substance, date(s), and manner of each communication he had regarding Holbrook or its principals. He has failed to do so. General objections and references to what he "believes" may have occurred is insufficient. (*See id.* at 21.)

   **B.    RFP Nos. 2 and 4**

   In requests for Production Nos. 2 and 4, Holbrook requests the actual documents or communications regarding Holbrook and its principals. (Doc. 53-3 at 9.) Consistent with the position taken above, Cohodes maintains that he has produced all such materials. (*See* Doc. 53-5 at 3-4; Doc. 55-2 at 3-5.) However, as pointed out by Holbrook, Cohodes has not produced any private communication

with any third party other than the SEC. That is despite the fact that other discovery shows such communications exist. For example, the TCRs produced by Cohodes show that they were filed in collaboration with another man, James Gibson. (*See* Doc. 55-2 at 99.) Yet no communications with Gibson have been produced. Likewise, Cohodes said that he did not have responsive materials to Holbrook's request for Cohodes' communications with individuals at Hedgeye regarding Holbrook, (Doc. 53-3 at 9; Doc. 53-5 at 4), but a third-party subpoena to Hedgeye revealed numerous communications between its agents and Cohodes about Holbrook, (*see* Doc. 53-1 ¶ 12). The fact that Holbrook may seek discovery from third parties does not diminish Cohodes' obligations under Rule 34. *See Tradebank Int'l Franchising Corp. v. Fl. Barter Exch., LLC*, 2014 WL 12861202, at *16 (N.D. Ga. May 29, 2014) ("[T]hird party discovery is not a substitute for complete responses from Defendants."). Nor can Cohodes use his continuing obligation to supplement discovery to avoid compliance in the present. (*See* Doc. 55-2 at 3 (stating that his responses "will be further supplemented" if additional "documents or communications or obtained" following a third-party forensic review).) Cohodes must produce the documents and communications as requested and by the deadline set below.

## II.    Fraud Allegations: Interrogatory No. 5

Holbrook's fifth interrogatory asks Cohodes to state whether he contends

that Holbrook or any of its principal engaged in fraud and, if so, to state the factual basis for that contention. (Doc. 53-2 at 7.) In response, Cohodes stated:

> To the extent that [Holbrook] contends that any statement by [Cohodes], which [Holbrook] contends to be defamatory, was an assertion or implication Holbrook or any of its principals engaged in fraud (see complaint ¶¶ 67–70), [Cohodes] is entitled to and intends to seek discovery as to the truth of that alleged assertion or implication. As [Cohodes] has not yet obtained complete discovery on that subject, he is unable to answer this interrogatory at this this time as to his contention in this litigation.

(Doc. 53-4 at 7.) In his supplemental response, Cohodes emphasized that the case is limited to the three X posts contained in the Complaint, stating that "[i]t is inappropriate and improper for [Holbrook] to attempt to add to this litigation an allegation that [Holbrook] has been defamed by a nonexistent post" alleging fraud. (Doc. 55-1 at 27.) Cohodes has failed to fully or substantively respond to this interrogatory. As argued by Holbrook, Cohodes cannot "unilaterally construe or respond to discovery requests" based on his own interpretation of the pleadings. (Doc. 57 at 5–6 (collecting cases).) To comply with Rule 33, Cohodes must respond fully, truthfully, and under oath to the question as it has been posed. *See* Fed. R. Civ. P. 33(b)(3). Here, that means affirmatively stating whether he contends that Holbrook or any of its principal engaged in fraud and, if so, the factual basis for that contention.

## III.    B. Riley Documents and Communication

### A.      Interrogatory No. 9

7

Holbrook's ninth interrogatory asks for specific details about each instance since 2021 in which Cohodes engaged in transactions related to B. Riley securities or derivatives, including the nature, terms, date, parties, trading platform, and profits/losses associated with each transaction. (Doc. 53-2 at 7–8.) Cohodes initially refused to answer, objecting on the grounds of "relevancy and financial privacy." (Doc. 53-4 at 10–11.) In his supplemental response, Cohodes maintained his relevancy objection and disclosed the following:

> Without waiving previous objections, [Cohodes] started shorting B. Riley in the fall of 2023 as approximately $40 and kept shorting the stock into the spring of 2024. A short squeeze and margin increase caused [him] to cover 95% of his position in the late spring of 2024, at a loss. [Cohodes] then established a new short position for B. Riley a few weeks later after his margin requirement and borrow fees decreased. The stock subsequentially collapsed in the late summer of 2024, allowing [Cohodes] to make back some or most of the [his] losses in the stock. [Cohodes] also entered put option trades at the time and made money on B. Riley's collapse. Throughout the time [Cohodes] held the position he was paying as much as $1,000,000 a month in stock loan fees (cost to borrow B. Riley shares in a short position). Given the high costs to borrow B. Riley shares, [Cohodes] ended up losing money in the position overall and made back most of those losses through put option trades in the late summer of 2024.

(Doc. 55-1 at 31.) In so responding, Cohodes once again failed to engage with the question posed. Holbrook asked for the specific details of each transaction, not Cohodes' general description or assessment of his investments with B. Riley. As with the prior to interrogatories, Rule 33 requires that Cohodes respond to the question as it has been posed; i.e., he must identify each instance since 2021 in

8

which he engaged in transactions related to B. Riley securities or derivatives, including the nature, terms, date, parties, trading platform, and profits/losses associated *with each transaction.*

## B.   RFP No. 6

Request for Production No. 6 asks for all communications referencing or relating to B. Riley, particularly those concerning Cohodes' investment activities involving B. Riley. (Doc. 53-3 at 10.) In response, Cohodes initially stated:

> Objection—the request is unduly burdensome in that it seeks information irrelevant to the issue raised by Plaintiff in its Complaint. Additionally, this request is so broad that it also could be seeking documentation, if any, submitted to the SEC and others, all of which would be privileged and not subject to disclosure pursuant to protections afforded [Cohodes] pursuant to any and all applicable rules or regulations. As for X posts, [Holbrook] should have access to any communications of that type referencing or relating to B. Riley. [Cohodes] is investigating as to whether or not these X posts are retrievable.

(Doc. 53-5 at 5–6.) He subsequently reaffirmed this objection but produced Cohodes' declaration from Case No. 2:25-cv-41-JTJ, "which includes TCRs related to B. Riley Financial." (Doc. 55-2 at 6.) Cohodes also produced additional TCRs, stamped at Bates MC0032–MC0212. (*Id.*) In so limiting his disclosure, Cohodes once again improperly limited discovery based on his unilateral view of the case. Holbrook has shown that B. Riley is central to this litigation: "Cohodes spent months publicly attacking B. Riley as a fraud in an effort to drive its stock price down, and when Holbrook came to B. Riley's defense, Cohodes then began

publicly accusing Holbrook of fraud." (Doc. 53 at 15–16.) Cohodes must therefore produce documents or communications regarding B. Riley as requested. As made clear in his briefing, such documents indubitably exist. (*See* Doc. 55 at 13 ("Undoubtedly, Cohodes may have communicated [with] third parties from time to time concerning B. Riley since he was heavily invested in researching and investigating this company . . ..").)

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Holbrook's motion to compel (Doc. 52) is GRANTED. Cohodes must supplement his answers and responses as outlined above within twenty-one (21) days of the date of this Order.

IT IS FURTHER ORDERED that fees and costs associated with the motion are awarded to Holbrook. Fed. R. Civ. P. 37(a)(5)(A). Although counsel has filed an affidavit outlining the total hours spent and counsels' hourly rates, (Doc. 58), supplementation is necessary. Counsel must provide the time sheets supporting the request. Counsel must also reevaluate the rates requested, considering the prevailing hourly rates within the District of Montana. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). Holbrook's supplemental materials must be filed within fourteen (14) days of the date of this Order. Cohodes will then have fourteen (14) days from the date of that

10

filing to submit any objections to the amount requested.

DATED this 25th day of June, 2026.

Dana L. Christensen, District Judge
United States District Court