Matt J. Kelly
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College St.
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
mkelly@lawmt.com
Andrew C. Phillips (*Pro Hac Vice*)
Mark Thomson (*Pro Hac Vice*)
Shannon B. Timmann (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street NW, Suite 550
Washington, DC 20036
Telephone: (202) 318-3655
andy.phillips@mwpp.com
mark.thomson@mwpp.com
shannon.timmann@mwpp.com
hannah.menchel@mwpp.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARC COHODES, <br><br> Defendant. | Civil Action No. CV-24-175-BU-JTJ <br><br> **SUPPLEMENTAL AFFIDAVIT OF ANDREW C. PHILLIPS REGARDING ATTORNEY FEES AND COSTS** |

I, Andrew C. Phillips, being duly sworn, depose and say as follows:

1.     My name is Andrew C. Phillips. I am over 18 years of age and competent to provide the information in this Affidavit.

2.     I am the Managing Partner of the Washington, D.C. law firm Meier Watkins Phillips Pusch LLP, counsel for Plaintiff Holbrook Holdings, Inc. in the above-captioned case.

3.     Pursuant to Paragraph 9a of the Court's Scheduling Order, on June 18, 2026, I filed an Affidavit Regarding Attorneys' Fees and Costs [Dkt. 58] ("Prior Affidavit") detailing Plaintiff Holbrook Holdings, Inc.'s costs and fees associated with the filing of Plaintiff's Motion to Compel Discovery Responses [Dkt. 52] ("Motion"), the Brief in support thereof [Dkt. 53] ("Brief"), the Declaration of Andrew C. Phillips in support thereof [Dkt. 53-1] ("Declaration") and the Reply in support thereof [Dkt. 57] ("Reply").

4.     On June 25, 2026, the Court entered an Order [Dkt. 59] granting in full Holbrook's Motion to Compel. The Order stated that "fees and costs associated with the motion are awarded to Holbrook," but directed that counsel's Prior Affidavit be supplemented to provide the time sheets reflecting the relevant billing entries. (June 25, 2026 Order [Dkt. 59] at 10.) The Court further directed counsel to "reevaluate the rates requested, considering the prevailing hourly rates within the District of Montana." (*Id.* at 10.)

5.     This Supplemental Affidavit is being filed pursuant to the Court's June 25 Order.

## Time Sheets

6.     Attached hereto as **Exhibits 1, 2, and 3** are my firm's invoices May, June, and July invoices to Holbrook, respectively, reflecting billed time entries for April, May, and June for the work on the Motion, Brief, Declaration, and Reply by Meier Watkins Phillips Pusch LLP attorneys; namely, myself, Partner Mark Thomson, and Senior Associate Archith Ramkumar. Non-relevant

time entries have been redacted to preserve privilege, as has bank account information. I attest to the accuracy of these time sheets and that they reflect the amounts billed to Holbrook for my firm's services.

7.      Attached hereto as **Exhibit 4** is a Declaration of co- and local counsel Matt J. Kelly of Tarlow Stonecipher Weamer & Kelly PLLC. Mr. Kelly's Declaration attaches as Exhibit A his firm's time entries relevant to the Motion to Compel, and attests to the accuracy of same. Mr. Kelly's Declaration also provides information on prevailing fees in the District of Montana legal community.

## Rates Requested

8.      As set forth in my Prior Affidavit, and Exhibits 1, 2, and 3 hereto, Holbrook was billed for the below fees for work on the Motion, Brief, Declaration, and Reply by attorneys Phillips, Thomson, and Ramkumar at Meier Watkins Phillips Pusch LLP, and attorney Kelly at Tarlow Stonecipher Weamer & Kelly PLLC.

| Attorney | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Andrew Phillips | Partner | 12.5 | $1,250 | $15,625 |
| Mark Thomson | Partner | 28.75 | $925 | $26,593.75 |
| Archith Ramkumar | Sr. Associate | 2.25 | $775 | $1,743.75 |
| Matt Kelly | Partner | 2.4 | $400 | $960 |
| | | | | **$44,922.50** |

9.      I recognize, as noted in the Court's June 25 Order, that the hourly rates for myself and the other senior attorneys at my firm are higher than the prevailing rates in the District of Montana. I would note for the Court, however, that as recognized recently by Judge Watters, "Courts may [] apply out-of-forum rates when retaining out-of-forum counsel was reasonable." *Exxon Mobil Corp. v. AECOM Energy & Const., Inc.*, No. CV 19-107-BLG-SPW, 2026 WL 658907, *6 (D. Mont. Mar. 9. 2026) (citing *Ihler v. Chisholm*, 995 P.2d 439, 445 (Mont. 2000).) If the Court so finds, the relevant "community" for determining a reasonable rate is the national

bar for a given practice area. *Id.*

10.     Having focused my practice exclusively on plaintiff's-side defamation litigation for well over a decade, I know that there are very few firms of national scope that are dedicated to this complex area of law.[1] I know of none in Montana. In fact, I know of only two premier, national firms in this sphere: my firm, and Clare Locke LLP, where I worked previously.

11.     Only three U.S. law firms are ranked by Chambers and Partner for High-Net-Worth Defamation/Reputation Management: Meier Watkins Phillips Pusch, Clare Locke, and Sheppard, Mullin, Richter & Hampton LLP.[2] I understand Sheppard Mullin to be primarily defense side. Of the ten individual attorneys recognized as preeminent in this practice area, four are at my firm (myself and the other three named partners), three are at Clare Locke, and two are at Sheppard Mullin.

12.     Only two U.S. firms are ranked in "Band 1" by Chambers for "First Amendment Litigation: Mainly Plaintiff": my firm and Clare Locke.[3] Of the seven individual attorneys recognized as preeminent by Chambers in this practice area, four are at my firm, and two are at Clare Locke.

13.     In short, there are very limited options in terms of law firms with a nationwide scope and a particular focus on plaintiff's-side defamation litigation. In terms of the prevailing rates for that community, the rates that I, Mr. Thomson, and Mr. Ramkumar are charging for this case are far below our current rack rates, and below what I understand Clare Locke's hourly rates

---

[1] I began my practice in 2009 at Kirkland & Ellis LLP, before joining a boutique firm focused solely on defamation litigation in 2014, and starting my own firm focused on that practice area in 2023.
[2] https://chambers.com/legal-rankings/defamation-reputation-management-high-net-worth-usa-nationwide-21:2751:12788:1?l=en-GB.
[3] https://chambers.com/legal-rankings/first-amendment-litigation-mainly-plaintiff-usa-nationwide-5:3027:12788:1?l=en-GB.

to be, based on having worked there, as well as publicly available information.[4]

14.    Thus, if the Court finds that it was reasonable for Holbrook to retain out-of-forum counsel specializing in defamation litigation, then I believe the Court could also determine that the rates charged for this matter are reasonable and award Holbrook its full fees for the Motion, Brief, Declaration, and Reply.

15.    Mindful of the Court's guidance, however, Holbrook alternatively requests reimbursement at a rate of $400 per hour for my hourly fees—which is only 32% of the rate Holbrook is actually incurring.  Holbrook requests a rate of $350 for Partner Mark Thomson, and $300 per hour for Senior Associate Archith Ramkumar.

16.    I believe these rates are reasonable in the District of Montana based on a survey of recent fee awards in this Court.  *See, e.g., Vondra v. City of Billings*, No. CV 22-30-BLG-KLD, 2025 WL 754507, *5-6 (D. Mont. Mar. 10, 2025) (awarding fees at a rate of $400 for a senior attorney experienced in constitutional law, and $350 per hour for two attorneys with experience levels comparable to Mr. Thomson and Mr. Ramkumar);[5] *Swan View Coalition v. Burgum*, No. CV 22-96-M-DLC, 2026 WL 673113, *3 n.3 (D. Mont. Mar. 10, 2026) (awarding a senior attorney in a specialized field $410 per hour); *see also id.* at *3 ("Courts routinely rely on decisions of other district courts to determine rates for comparable attorneys in the same geographic area."); *Vondra*, 2025 WL 754507, at *4 (noting that rate determinations in other cases can serve as evidence of a reasonable hourly rate); Kelly Affidavit ¶¶ 9-11 (attesting to these rates' reasonableness in the community, as well as the reasonableness of his own rate).

---

[4] Reporting from over two years ago in the New York Times indicates that one of the named partners of Clare Locke was then charging about $1,800 per hour.  https://www.nytimes.com/2024/04/10/business/media/clare-locke-dominion-voting-fox-defamation.html.

[5] Mr. Thomson, who clerked on the Sixth and Eleventh Circuits, has been practicing since 2013, and has focused his practice on defamation litigation since 2021.  Mr. Ramkumar, who clerked on the Second Circuit, has been practicing since 2013, and joined Meier Watkins Phillips Pusch in 2025.

17.    Should the Court award attorneys' fees based on these significantly reduced rates, the total amount of fees for work on the Motion, Brief, Declaration, and Reply would be as set forth below:

| Attorney | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Andrew Phillips | Partner | 12.5 | $400 | $5,000 |
| Mark Thomson | Partner | 28.75 | $350 | $10,062.50 |
| Archith Ramkumar | Sr. Associate | 2.25 | $300 | $675 |
| Matt Kelly | Partner | 2.4 | $400 | $960 |
| | | | | **$16,697.50** |

18.    Of course, the Court may also rely on "its own knowledge and experience in determining a reasonable hourly rate." *Vondra*, 2025 WL 754507, at *4.

19.    As stated in my Prior Affidavit, Holbrook did not incur any significant costs associated with the Motion, Brief, Declaration, or Reply.  Holbrook is also not including paralegal time in its fee request.

20.    I understand that I am swearing or affirming, under oath, to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making false statements under oath may include fines or imprisonment, or both.

FURTHER SAYETH THE AFFIANT NAUGHT

Andrew C. Phillips

District of Columbia.

Signed and sworn before me on this ___ day of _____, 2026.

Dated:        July 9, 2026.

_____

Notary Public          (Commission Expires)

State of: District of Columbia
County of: _____
The foregoing instrument was acknowledged
before me 9 day of July , 2026
_____
Your Name Here, Notary Public
My Commission Expires 4/30/2031



7