IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| HOLBROOK HOLDINGS, INC., | CV 24–175–BU–DLC |
| Plaintiff, | |
| v. | ORDER |
| MARC COHODES, | |
| Defendant. | |

On June 25, 2026, this Court granted Plaintiff Holbrook Holdings, Inc.'s

("Holbrook") motion to compel discovery, (Doc. 52), and awarded the fees and

costs associated with the motion to Holbrook, Fed. R. Civ. P. 37(a)(5)(A). (Doc.

59.) Holbrook requests an award of $44,922.50 in fees as follows:

| Attorney | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Andrew Phillips (DC) | Partner | 12.5 | $1,250 | $15,625 |
| Mark Thomson (DC) | Partner | 28.75 | $925 | $26,593.75 |
| Archith Ramkumar (DC) | Sr. Assoc. | 2.25 | $775 | $1,743.75 |
| Matt Kelly (MT) | Partner | 2.4 | $400 | $960 |
| TOTAL | | | | $44,922.50 |

In support of its request, Holbrook has submitted an affidavit of Phillips, lead

counsel, (Doc. 60), time sheets for Phillips, Thomson, and Ramkumar, (Docs. 60-

1, 60-2, 60-3); and an affidavit and time sheet of Kelly, local counsel, (Doc. 60-4).

Phillips, Thomson, and Ramkumar are out-of-state attorneys from Meier Watkins

Phillips Pusch LLP in Washington, D.C., and Kelly is a Montana attorney with

Tarlow Stonecipher Weamer & Kelly, PLLC in Bozeman, MT. For the reasons stated below, Holbrook is awarded $17,322.50 in fees.

When calculating a reasonable award of attorney fees, the first step is to calculate the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. This lodestar figure is then reviewed against twelve criteria known as the "*Kerr* factors," which include, *inter alia*, considerations regarding the complexity of the case, the experience of the attorneys, and awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *as modified by City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (deeming irrelevant the sixth factor of whether the fee is fixed or contingent). However, the *Kerr* factors only warrant a departure from the lodestar figure in "rare and exceptional circumstances." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Here, while the hours expended on the underlying motion were reasonable, counsel's requested rates are adjusted to reflect the prevailing rates in the District of Montana, considering counsel's experience and specialized practice.

In determining a reasonable rate, courts should consider both the "experience, skill[,] and reputation of the attorney requesting fees," *Trevino v.*

2

*Gates*, 99 F.3d 911, 924 (9th Cir. 1996), and "the prevailing market rates in the relevant community," *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). The relevant community is typically the community in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Recent attorney fee awards in this District indicate prevailing rates between $300 and $400 for experienced counsel. *See Site 2020 Inc. v. Superior Traffic Servs., LLC*, 2024 WL 5399254, at *12 (D. Mont. Oct. 25, 2024) (approving $375/hour in 2022 and $390/hour in 2023 for an attorney with twenty 20 years of experience and an expertise in patent law); *Victory Processing, LLC v. Knudsen*, 2021 WL 587905, at *4 (D. Mont. Feb. 16, 2021) (approving $300/hour for an attorney with 25 years of experience and $250/hour for an attorney with 15 years of experience); *see also Crow Indian Tribe v. United States*, 2021 WL 3142155, at * 11 (D. Mont. July 26, 2021) (awarding environmental attorney with over 20 years of experience $330/hour, with annual increases); *see Staton v. City & Cnty. of Butte-Silver Bow*, 2024 WL 2819335, at *7 (D. Mont. June 3, 2024) (discussing several recent awards and finding an average rate of $300/hour reasonable in a civil rights case based on varied experience of counsel).

Here, however, counsel seeks hourly rates ranging from $400 to $1,250. Counsel argues that such rates are appropriate because of the specialized nature of their practice and rates outside the forum may be used "if local counsel [is]

3

unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."[1] *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see Site 2020*, 2025 WL 1260994, at *3 (D. Mont. May 1, 2025) (approving above-market rates because court was "not aware of any Montana law firm . . . currently representing parties in patent litigation matters of comparable complexity and scope without the specialized assistance of out-of-district counsel"); *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1108 (D. Mont. 2019) (same in the context of the Federal Railroad Safety Act). There are two problems with counsel's position. First, Holbrook fails to show the unavailability of local counsel. Phillips, Meier Watkins Phillips Pusch LLP is a "premier, national firm" in the exclusive practice area of "plaintiff's-side defamation litigation." (Doc. 60 at ¶ 10.) As such, it is one of only three national firms in this practice area. (*Id.* ¶¶ 11–12.) But while plaintiff's-side defamation work is arguably a niche market, First Amendment, anti-SLAPP, and defamation cases are regularly litigated in this District by local practitioners. *See, e.g.*, *Molnar v. Welborn*, CV 26-41-H-DWM (First Amendment retaliation challenge); *Ailes v. Klemann*, CV 26-14-M-DWM (raising anti-SLAPP

---

[1] Holbrook relies on *Exxon Mobil Corp. v. AECOM Energy & Construction, Inc.*, 2026 WL 658907, at *6 (D. Mont. Mar. 9, 2026), to argue for an out-of-forum rate. However, the fee award in that case was governed by Montana law, and the court specifically noted that the Ninth Circuit's "unavailability standard" is stricter.

issues); *Storey Hereford Ranch P'ship*, CV 24-61-BU-JTJ (defamation case regarding cattle pedigree). Local counsel Kelly, for example, has participated in such litigation for the last eight years. (*See* Doc. 60-4 at ¶ 5.) Holbrook has therefore failed to show that local counsel is unavailable as that term is contemplated by the Ninth Circuit.

Second, while Phillips avers that the rates requested above are "far below [their] current rack rates" and those of similar practitioners, (Doc. 60 at ¶ 13), the only comparable rate presented is a citation to a news article estimating an $1,800 hourly rate charged by a partner at a different firm in the Fox-Dominion voting case. (*Id.* ¶ 13 n.4.) Holbrook identifies no cases where attorneys at Meier Watkins Phillips Pusch LLP or a similar firm have been awarded the requested hourly rates, or similar rates, by a court in any forum. While such evidence is not required, it would lend credence to the rates requested. As it stands now, the relevant authority is, as recognized by Phillips, comparable cases in the District of Montana, where awards have not exceeded $450, even for senior attorneys. (*See id.* ¶ 16) (citing *Vondra v. City of Billings*, 2025 WL 754507, at *5 (D. Mont. Mar. 10, 2025) (awarding attorneys experienced in constitutional law from $350 to $400 per hour); *Swan View Coal. v. Burgum*, 2026 WL 673113, *3 n.3 (D. Mont. Mar. 10, 2026) (awarding a senior attorney in the specialized field of environmental litigation $410 an hour)). While these cases are not defamation cases, the inquiry into the

5

appropriate prevailing market rate is not constrained to the specific type of case at issue; rather, courts may consider "customary fees in cases of like difficulty." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). Constitutional law and complex environmental litigation fit the bill. A rate in the ballpark of $300 to $450 is also reflective of what local counsel, Kelly, recognizes as reasonable within this community. (*See* Doc. 60-4 at ¶¶ 9–11.) Based on the foregoing, counsel are awarded the rates identified below.

Phillips is a managing partner at his firm, (Doc. 60 at ¶ 2), and began practicing in 2009 at Kirkland & Ellis LLP, before joining a boutique defamation firm in 2014, and starting the present firm in 2023, (*id.* ¶ 10 n.1). The prevailing market rate for an attorney with similar experience, skill, and reputation as Phillips is $450 per hour.

According to Phillips, Thomson clerked on the Sixth and Eleventh Circuits and has been practicing since 2013, with a defamation focus since 2021. (*Id.* ¶ 16 n.5.) The prevailing market rate for an attorney with similar experience, skill, and reputation as Thomson is $350 per hour.

According to Phillips, Ramkumar, who clerked at the Second Circuit, has been practicing since 2013 and joined the present firm in 2025. (*Id.* ¶ 16 n.5.) The prevailing market rate for an attorney with similar experience, skill, and reputation as Ramkumar is $300 per hour.

Finally, Kelly clerked for a district judge in the District of Wyoming before beginning his practice in 2008 at Holland & Hart LLP. (Doc. 60-4 at ¶ 4.) He joined his current firm in 2011 and subsequently became a partner. (*Id.*) He has worked on defamation cases for the last 8 years. (*Id.* ¶ 5.) The prevailing market rate for an attorney with similar experience, skill, and reputation as Kelly is $400 per hour.

Counsel's rates are therefore adjusted as follows:

| Attorney | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Andrew Phillips (DC) | Partner | 12.5 | $450 | $5,625 |
| Mark Thomson (DC) | Partner | 28.75 | $350 | $10,062.50 |
| Archith Ramkumar (DC) | Sr. Assoc. | 2.25 | $300 | $675.00 |
| Matt Kelly (MT) | Partner | 2.4 | $400 | $960 |
| | | | | $17,322.50 |

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Holbrook is awarded fees in the amount of $17,322.50.

DATED this 28th day of June, 2026.

Dana L. Christensen, District Judge
United States District Court